B1 (Official Form 1) (4/10)

| UNITED STATES BANKRUPTCY COURT<br>District of Delaware | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Appleseed's Intermediate Holdings LLC | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br><br>Appleseed's Intermediate Holdings, Inc.; Orchard Brands | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>20-8876322 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>30 Tozer Road<br>Beverly, MA<br>ZIP CODE 01915 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Essex, MA | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br> | ZIP CODE |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other<br>Retail | ☐ Chapter 7   ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☑ Chapter 11<br>☐ Chapter 12   ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 13 |
|  | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ☑ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☑ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): Appleseed's Intermediate Holdings LLC |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: See attached Schedule 1 | Case Number: Multiple | Date Filed: |
| District: District of Delaware | Relationship: Affiliate | Judge: N/A |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)  ☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)  I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).  X _____ Signature of Attorney for Debtor(s)     (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐    Yes, and Exhibit C is attached and made a part of this petition.

☑    No. See attached.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐    Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐    Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form) 1 (4/10)

| **Voluntary Petition** | **Name of Debtor(s):** |
| *(This page must be completed and filed in every case.)* | Appleseed's Intermediate Holdings LLC |

<strong>Signatures</strong>

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Debtor

X _____
    Signature of Joint Debtor

    _____
    Telephone Number (if not represented by attorney)

    _____
    Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
    (Signature of Foreign Representative)

    _____
    (Printed Name of Foreign Representative)

    _____
    Date

**Signature of Attorney\***

X   */s/ Domenic E. Pacitti*
    Signature of Attorney for Debtor(s)
    Domenic E. Pacitti (DE Bar No. 3989)
    Printed Name of Attorney for Debtor(s)
    Klehr Harrison Harvey Branzburg LLP
    Firm Name
    919 N. Market Street Suite 1000
    Wilmington, Delaware 19801

    Address
    (302) 426-1189
    Telephone Number
    1/9/11
    Date

\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X   *Neale Attenborough*
    Signature of Authorized Individual
    T. Neale Attenborough
    Printed Name of Authorized Individual
    Chief Executive Officer
    Title of Authorized Individual
    1/9/11
    Date

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

APPLESEED'S INTERMEDIATE
HOLDINGS LLC,

                              Debtor.

) Chapter 11
)
) Case No. 11-_____ ( )
)
)
)
)

## EXHIBIT C TO VOLUNTARY PETITION

1.      Identify and briefly describe all real or personal property owned by, or in possession of, the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

- None.

2.      With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

- The Debtor is not aware of any definition of "imminent and identifiable harm" as used in this form. The Debtor does not believe it owns or possesses property that poses or is alleged to pose a threat of such harm.

**Schedule 1**

<u>Pending Bankruptcy Cases Filed by Affiliates of the Debtor</u>

On January **19**, 2011, each of the entities listed below (collectively, the "***Debtors***") filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the number assigned to the chapter 11 case of Appleseed's Intermediate Holdings LLC.

- Appleseed's Acquisition, Inc.
- Appleseed's Holdings, Inc.
- Arizona Mail Order Company, Inc.
- Bedford Fair Apparel, Inc.
- Blair Credit Services Corporation
- Blair Factoring Company
- Blair Holdings, Inc.
- Blair International Holdings, Inc.
- Blair LLC
- Blair Payroll, LLC
- Draper's & Damon's Acquisition LLC
- Draper's & Damon's LLC
- Fairview Advertising, LLC
- Gold Violin LLC
- Haband Acquisition LLC
- Haband Company LLC
- Haband Oaks, LP
- Haband Online, LLC
- Haband Operations, LLC
- Johnny Appleseed's, Inc.
- Linen Source Acquisition LLC
- LM&B Catalog, Inc.

- Monterey Bay Clothing Company, Inc.
- Norm Thompson Outfitters, Inc.
- NTO Acquisition Corporation
- Orchard Brands Insurance Agency LLC
- Wintersilks, LLC

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| APPLESEED'S INTERMEDIATE HOLDINGS LLC, | Case No. 11-_____ ( ) |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1, the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the debtor's equity interests:

| Corporate Entity | Approximate Percentage of Shares Held |
|---|---|
| Orchard Brands Corporation | 100% |

I, T. Neale Attenborough, the undersigned signatory of Appleseed's Intermediate Holdings LLC, named as a debtor in this case, declare under penalty of perjury that I have read the foregoing corporate ownership statement and that it is true and correct to the best of my information and belief.

Dated: January 19, 2011

T. Neale Attenborough
Chief Executive Officer

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| APPLESEED'S INTERMEDIATE | ) Case No. 11-_____ ( ) |
| HOLDINGS LLC, | ) |
|  | ) |
| Debtor. | ) |
|  | ) |

## LIST OF EQUITY SECURITY HOLDERS

| DEBTOR | EQUITY HOLDER | ADDRESS OF EQUITY HOLDER | NUMBER OF SHARES OR UNITS HELD / PERCENTAGE OF EQUITY HELD |
|---|---|---|---|
| Appleseed's Intermediate Holdings LLC | Orchard Brands Corporation | 138 Conant Street Beverly, MA 01915 | 100% |

    I, T. Neale Attenborough, the undersigned signatory of Appleseed's Intermediate Holdings LLC, named as a debtor in this case, declare under penalty of perjury that I have read the foregoing list of equity security holders and that it is true and correct to the best of my information and belief.

Dated: January 19, 2011

_T. Neale Attenborough_
T. Neale Attenborough
Chief Executive Officer

## RESOLUTIONS OF THE BOARDS OF DIRECTORS, BOARDS OF MANAGERS AND SOLE MEMBERS OF APPLESEED'S INTERMEDIATE HOLDINGS LLC AND CERTAIN OF ITS DIRECT AND INDIRECT SUBSIDIARIES

At a telephonic meeting on January 18, 2011 of the board of directors, the board of managers and sole member, as applicable (the "*Authorizing Body*") of each of the following:

> Appleseed's Intermediate Holdings LLC, Appleseed's Acquisition, Inc.; Appleseed's Holdings, Inc.; Arizona Mail Order Company, Inc.; Bedford Fair Apparel, Inc.; Blair Credit Services Corporation; Blair Factoring Company; Blair Holdings, Inc.; Blair International Holdings, Inc.; Blair LLC; Blair Payroll, LLC; Draper's & Damon's Acquisition LLC; Draper's & Damon's LLC; Fairview Advertising, LLC; Gold Violin LLC; Haband Acquisition LLC; Haband Company LLC; Haband Online, LLC; Haband Operations, LLC; Johnny Appleseed's, Inc.; Linen Source Acquisition LLC; LM&B Catalog, Inc.; Monterey Bay Clothing Company, Inc.; Norm Thompson Outfitters, Inc.; NTO Acquisition Corporation; Orchard Brands Insurance Agency LLC; and Wintersilks, LLC.

(each, a "*Company*" and, collectively, the "*Companies*"), each of the Companies' respective Authorizing Body took the following actions and adopted the following resolutions:

> WHEREAS, the Authorizing Body reviewed and considered the materials presented by each Company's management team and the financial and legal advisors of each Company, including the presentations to the Authorizing Body made by Kirkland & Ellis LLP and Moelis & Company LLC (copies of which will be attached to the minutes of the telephonic meeting), regarding the liabilities and liquidity of each Company, the strategic alternatives available to it, and the impact of the foregoing on each Company's businesses; and

> WHEREAS, the Authorizing Body has had the opportunity to consult with each Company's management team and the financial and legal advisors to the Companies and fully consider each of the strategic alternatives available to the Companies.

I.  **Voluntary Petition Under the Provisions of Chapter 11 of Title 11 of the United States Code**

> NOW, THEREFORE, BE IT RESOLVED, that in the judgment of each Authorizing Body, it is desirable and in the best interests of each Company, its creditors and other parties in

interest, that each Company file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and it is

RESOLVED FURTHER, that the officers of each Company (collectively, the "**Authorized Officers**"), acting alone or with one or more other Authorized Officers, with power of delegation, be, and they hereby are, authorized to execute and file on behalf of each Company all petitions, schedules, lists and other motions, papers or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's businesses.

## II.    Restructuring Support Agreement

NOW THEREFORE BE IT RESOLVED, that the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to enter on behalf of each Company into that certain Restructuring Support Agreement by and among each Company, certain of its affiliates and certain secured lenders substantially in the form presented to each Company's Authorizing Body on the date hereof.

## III.    Chapter 11 Plan and Related Disclosure Statement

NOW THEREFORE BE IT RESOLVED, that the Boards of Directors, hereby authorize management of each Company, upon advice from each of the Company's advisors, to file the *Joint Plan of Reorganization of Appleseed's Intermediate Holdings LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "**Plan**") and the related disclosure statement (the "**Disclosure Statement**"), substantially in the form of the Plan and Disclosure Statement presented to the Boards of Directors on the date hereof; and it is

RESOLVED FURTHER that in the event there are any material changes made to the Plan as a result of ongoing negotiations with the various constituencies in the chapter 11 cases, such changes shall require the further approval of the Boards of Directors.

## IV.    Retention of Professionals

NOW THEREFORE BE IT RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP as

bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any pleadings and petitions for relief; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP; and it is

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Klehr Harrison Harvey Branzburg LLP as bankruptcy co-counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any pleadings and petitions for relief; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Klehr Harrison Harvey Branzburg LLP; and it is

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Moelis & Company LLC, as investment banker and financial advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed appropriate applications for authority to retain the services of Moelis & Company LLC; and it is

RESOLVED FURTHER, that the Authorized Officers, and they hereby are, authorized and directed to employ the firm of Alvarez & Marsal North America, LLC as restructuring advisors to represent and assist each Company in carrying out its duties under Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed appropriate applications for authority to retain the services of Alvarez & Marsal North America, LLC; and it is

3

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of PricewaterhouseCoopers LLP as independent auditors and tax advisors; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case and cause to be filed an appropriate application for authority to retain the services of PricewaterhouseCoopers LLP; and it is

RESOLVED FURTHER, that the Authorized Officers, and they hereby are, authorized and directed to employ the firm of Kurtzman Carson Consultants LLC as notice and claims agent to represent and assist each Company in carrying out its duties under Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed appropriate applications for authority to retain the services of Kurtzman Carson Consultants LLC; and it is

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

## V.  Debtor in Possession Financing

NOW, THEREFORE, BE IT RESOLVED, that the forms, terms and provisions of (i) the Senior Secured Superpriority Debtor in Possession Credit Agreement dated as of January 19, 2011 the ("*DIP Facility Credit Agreement*"), by and among Johnny Appleseed's, Inc. ("*JAI*") and the other Borrowers signatory thereto, the Guarantors signatory thereto, UBS AG, Stamford Branch and Ableco Finance LLC, as administrative agents (the "*DIP Facility Agents*") and each of the other financial institutions from time to time party to the DIP Facility Credit Agreement (together with the DIP Facility Agents, the "*DIP Facility Lenders*"), (ii) the Security Agreement and (iii) each other document, instrument or agreement executed in connection therewith (together with the DIP Facility Credit Agreement and the

4

Security Agreement, the *"DIP Facility Credit Documents"*), which DIP Facility Credit Documents (a) provide JAI and the Borrowers with a credit facility in the amount of up to $140 million on a secured super priority basis, (b) require all of JAI's and the Borrowers' obligations thereunder to be guaranteed by the Guarantors and (c) provide for the proceeds therefrom to be used for purposes not materially inconsistent with any budget provided to the DIP Facility Agents and the DIP Facility Lenders, including postpetition operating expenses of administration of the Debtors' chapter 11 cases, in substantially the form submitted to each of the Authorizing Body, be, and the same hereby are in all respects approved, and any Authorized Officer or other officer of the Companies is hereby authorized and empowered, in the name of and on behalf of the Companies, to execute and deliver each of the DIP Facility Credit Documents to which the Company is a party, each in the form or substantially in the form thereof submitted to the Authorizing Body, with such changes, additions and modifications thereto as the officer of the Company executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof; and it is

RESOLVED FURTHER, that the Companies, as debtors and debtors in possession under the Bankruptcy Code shall be, and hereby are, authorized to incur all obligations incurred under the DIP Facility Credit Agreement (the *"DIP Obligations"*) and undertake any and all related transactions contemplated thereby (collectively, the *"Financing Transactions"*); and it is

RESOLVED FURTHER, that each and every officer, including the Authorized Officers, of the Companies be, and each of them, acting alone, hereby is authorized, directed and empowered from time to time in the name and on behalf of the Companies to take any and all such actions, and to execute and deliver or cause to be executed and delivered under seal of the Companies or otherwise, any and all such other documents, agreements, certificates, writings and instruments to be delivered in connection with the DIP Facility Credit Documents (including, without limitation, any amendments, supplements or modifications to the DIP Facility Credit Documents and such other documents, agreements, certificates, writings and instruments to be delivered in connection therewith), and to grant the security interests in or liens on any real or personal property of the Companies now or hereafter acquired as contemplated by the DIP Facility Credit Documents, with full authority to indorse, assign or guarantee any of the foregoing in the name of the Companies in each case, as any such officer may deem necessary or advisable to carry out the intent and purposes of the immediately foregoing resolution, and

his or her execution and delivery thereof to be conclusive evidence that he or she deems is necessary or advisable, his or her execution and delivery thereof to be conclusive evidence of his or her authority, to so act and his or her approval thereof; and it is

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed, and each of them, acting alone, hereby is, authorized, directed and empowered in the name of, and on behalf of, the Companies, as debtors and debtors in possession, to take such actions and execute and deliver (a) the DIP Facility Credit Documents and such agreements, certificates, instruments, guaranties, notices and any and all other documents as the Authorized Officers may deem necessary or appropriate to facilitate the Financing Transactions (collectively, the "*Financing Documents*"); (b) such other instruments, certificates, notices, assignments and documents as may be reasonably requested by the DIP Facility Agents; and (c) such forms of deposit account control agreements and other agreements with third parties relating to the collateral (including without limitation, bank agency agreements, lockbox agreements, cash management agreements, landlord agreements and warehouse waivers), officer's certificates and compliance certificates as may be required by the DIP Facility Credit Documents or any other Financing Document; and it is

RESOLVED FURTHER, that the Authorized Officers and each other officer of the Companies be, and each of them hereby is, authorized and empowered to authorize the DIP Facility Agents to file any Uniform Commercial Code (the "*UCC*") financing statements and any necessary assignments for security or other documents in the name of the Companies that the DIP Facility Agents deems necessary or convenient to perfect any lien or security interest granted under the DIP Facility Credit Documents, including any such UCC financing statement containing a super-generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Companies and such other filings in respect of intellectual and other property of the Companies, in each case as the DIP Facility Agents may reasonably request to perfect the security interests of the DIP Facility Agents under the DIP Facility Credit Documents; and it is

RESOLVED FURTHER, that each of the Authorized Officers be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the Financing

Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Companies' obligations under or in connection with the DIP Facility Credit Documents or any of the other Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and it is

RESOLVED FURTHER, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Facility Credit Documents or any of the Financing Documents which shall in their sole judgment be necessary, proper or advisable; and it is

RESOLVED FURTHER, that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the DIP Facility Credit Documents and any of the other Financing Documents be, and hereby are, in all respects confirmed, approved and ratified.

## VI. Sale of All or Substantially All Assets

NOW THEREFORE BE IT RESOLVED, that, absent approval of the Disclosure Statement and Plan as contemplated above, the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and directed to take any and all actions to (i) obtain the Bankruptcy Court's approval of bidding procedures in connection with the sale of substantially all of the Companies' assets, (ii) schedule an auction in connection with such sale, (iii) enter into an asset purchase agreement with respect to such sale and (iv) obtain Bankruptcy Court approval of any such sale.

## VII. Further Actions and Prior Actions

NOW, THEREFORE, BE IT RESOLVED that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the officers of each Company or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of, and on behalf of, each Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such officer or officers' judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of the resolutions; and it is

RESOLVED FURTHER, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified.

\*   \*   \*   \*   \*

8

## CERTIFICATE

The undersigned, Daniel W. Ramsey, Secretary of each of the following (each, a *"Company"* and, collectively, the *"Companies"*):

> Appleseed's Intermediate Holdings LLC, Appleseed's Acquisition, Inc.; Appleseed's Holdings, Inc.; Arizona Mail Order Company, Inc.; Bedford Fair Apparel, Inc.; Blair Credit Services Corporation; Blair Factoring Company; Blair Holdings, Inc.; Blair International Holdings, Inc.; Blair LLC; Blair Payroll, LLC; Draper's & Damon's Acquisition LLC; Draper's & Damon's LLC; Fairview Advertising, LLC; Gold Violin LLC; Haband Acquisition LLC; Haband Company LLC; Haband Online, LLC; Haband Operations, LLC; Johnny Appleseed's, Inc.; Linen Source Acquisition LLC; LM&B Catalog, Inc.; Monterey Bay Clothing Company, Inc.; Norm Thompson Outfitters, Inc.; NTO Acquisition Corporation; Orchard Brands Insurance Agency LLC; and Wintersilks, LLC.

hereby certifies as follows:

1. I am the duly qualified and elected Secretary of each of the Companies or Authorizing Body and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Companies.

2. Attached hereto is a true, complete and correct copy of the Resolutions of the Authorizing Body of each Company (collectively the *"Authorizing Bodies"*), duly adopted in accordance with each Company's bylaws.

3. Such resolutions have not been amended, altered, annulled, rescinded or revoked and is in full force and effect as of the date hereof. There exists no other subsequent resolution of the Authorizing Bodies relating to the matters set forth in the resolution attached hereto.

9

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 18th day of January 2011.

By:    Daniel W. Ramsey
Title:  Secretary

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| APPLESEED'S INTERMEDIATE | ) | Case No. 11-_____ (  ) |
| HOLDINGS LLC, *et al.*,[1] | ) | |
| | ) | |
| Debtors. | ) | Joint Administration Requested |
| | ) | |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING THE 50 LARGEST UNSECURED CLAIMS

   Appleseed's Intermediate Holdings LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "***Debtors***") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***"). The following is the consolidated list of the Debtors' creditors holding the 50 largest unsecured claims (the "***Creditor List***") based on the Debtors' books and records as of the end of the Debtors' fiscal year, December 25, 2010. The Creditor List is prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure. The Creditor List does not include (a) persons who come within the definition of "insider" as set forth in section 101(31) of the Bankruptcy Code or (b) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 50 largest unsecured claims on a consolidated basis. None of the creditors listed on the Creditor List are minor children. The information contained herein shall neither constitute an admission of liability by, nor is it binding on, the Debtors. The information herein, including the failure of the Debtors to list any claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtors' right to contest the validity, priority or amount of any claim.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are:   Appleseed's Intermediate Holdings LLC (6322); Appleseed's Acquisition, Inc. (5835); Appleseed's Holdings, Inc. (9117); Arizona Mail Order Company, Inc. (6359); Bedford Fair Apparel, Inc. (3551); Blair Credit Services Corporation (5966); Blair Factoring Company (4679); Blair Holdings, Inc. (0022); Blair International Holdings, Inc. (8962); Blair LLC (1670); Blair Payroll, LLC (1670); Draper's & Damon's Acquisition LLC (1760); Draper's & Damon's LLC (2759); Fairview Advertising, LLC (2877); Gold Violin LLC (0873); Haband Acquisition LLC (8765); Haband Company LLC (8496); Haband Oaks, LP (8036); Haband Online, LLC (1109); Haband Operations, LLC (2794); Johnny Appleseed's, Inc. (5560); Linen Source Acquisition LLC (2920); LM&B Catalog, Inc. (5729); Monterey Bay Clothing Company, Inc. (2076); Norm Thompson Outfitters, Inc. (8344); NTO Acquisition Corporation (0995); Orchard Brands Insurance Agency LLC (4858); and Wintersilks, LLC (0688).   The Debtors' main corporate address is 138 Conant Street, Beverly, Massachusetts 01915.

| (1) | (2) | (3) | (4) |
|---|---|---|---|
| **NAME OF CREDITOR AND COMPLETE MAILING ADDRESS, INCLUDING ZIP CODE** | **NAME TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS, INCLUDING ZIP CODE, OF EMPLOYEE, AGENT OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM** | **NATURE OF CLAIM (TRADE DEBT, BANK LOAN, GOVERNMENT CONTRACT, ETC.)** | **AMOUNT OF CLAIM (IF SECURED, ALSO STATE VALUE OF SECURITY)** |
| American Capital Financial Services, Inc. John Erickson Two Bethesda Metro Center 14th Floor Bethesda, MD 20814 USA | American Capital Financial Services, Inc. John Erickson President & CFO Two Bethesda Metro Center 14th Floor Bethesda, MD 20814 USA Phone: 301-951-6122 Fax: 301-654-6714 | Bank Loan | $73,386,838.40 |
| RR Donnelly / Wallace Thomas J. Quinlan III 111 South Wacker Drive Chicago, IL 60606 USA | RR Donnelly / Wallace Thomas J. Quinlan III President & CEO 111 South Wacker Drive Chicago, IL 60606 USA Phone: 312-326-8000 Fax: 312-326-7156 | Trade Payable | $11,447,396.92 |
| Gould North America Carl Matthews 11 Madison Ave. New York, NY 10010 USA | Gould North America Carl Matthews CFO 11 Madison Ave. New York, NY 10010 USA Phone: 212-301-0000 Fax: 212-481-0067 | Trade Payable | $7,188,448.77 |
| FedEx Alan Graf 942 S. Shady Grove Rd. Memphis, TN 38120 USA | FedEx Alan Graf CFO 942 S. Shady Grove Rd. Memphis, TN 38120 USA Phone: 901-818-7500 Fax: 901-395-2000 | Trade Payable | $6,607,411.87 |
| Harbour Regal Ltd Shanghai SHANGHAI FOREIGN TRADE ENTERPRISE PUDONG CO LTD NO 258-268 JIA BANG ROAD 141F ZI YUAN BUI Shanghai China | Harbour Regal Ltd Shanghai CFO SHANGHAI FOREIGN TRADE ENTERPRISE PUDONG CO LTD NO 258-268 JIA BANG ROAD 141F ZI YUAN BUI Shanghai China Phone: 011-852-27366182 | Trade Payable | $1,635,895.51 |

| | | | |
|---|---|---|---|
| News America Marketing FSI<br>Joseph M. Borrow<br>20 Westport Road<br>Wilton, CT 06897 USA | News America Marketing FSI<br>Joseph M. Borrow<br>VP Finance<br>20 Westport Road<br>Wilton, CT 06897<br>USA<br>Phone: 203-563-6304<br>Fax: 203-563-6736 | Trade Payable | $1,517,081.75 |
| Wiseknit Factory Ltd.<br>7/F Kwong Loong Tai Industrial Bldg<br>1016-1018 Tai Nam Street West<br>Lai Chi Kok<br>Kowloon<br>Hong Kong | Wiseknit Factory Ltd.<br>7/F Kwong Loong Tai Industrial Bldg<br>1016-1018 Tai Nam Street West<br>Lai Chi Kok<br>Kowloon<br>Hong Kong<br>Phone: 852-2785-0009<br>Fax: 852-2785-0068 | Trade Payable | $1,500,913.07 |
| Jack N. Bostwick<br>432 Holly St.<br>Laguna Beach, CA 92651<br>USA | Jack N. Bostwick<br>432 Holly St.<br>Laguna Beach, CA 92651<br>USA<br>Phone: 949-464-0494 | Employee Debt | $1,450,000.00 |
| John S. Farmer<br>P.O. Box 3872<br>Ketchum, ID 83340<br>USA | John S. Farmer<br>P.O. Box 3872<br>Ketchum, ID 83340<br>USA<br>Phone: 208-726-5148 | Employee Debt | $1,450,000.00 |
| Barrage<br>David Hung<br>110 East 9th Street Ste A453<br>Los Angeles, CA 90079<br>USA | Barrage<br>David Hung<br>Owner<br>110 East 9th Street Ste A453<br>Los Angeles, CA 90079<br>USA<br>Phone: 213-689-9942<br>Fax:213-689-7781 | Trade Payable | $1,376,404.92 |
| American Spirit LLC<br>Darren Carlson<br>801 SOUTHEAST 9TH STREET<br>Minneapolis, MN 55414<br>USA | American Spirit LLC<br>Darren Carlson<br>CFO<br>801 SOUTHEAST 9TH STREET<br>Minneapolis, MN 55414<br>USA<br>Phone: 612-392-2330<br>Fax:612-623-9314 | Trade Payable | $1,174,854.35 |

| | | | |
|---|---|---|---|
| Protex<br>Carl Jenkins<br>1771 Cardinal Way<br>Hatfield, PA 19440<br>USA | Protex<br>Carl Jenkins<br>Owner<br>1771 Cardinal Way<br>Hatfield, PA 19440<br>USA<br>Phone: 215-721-7504<br>Fax: 215-721-7505 | Trade Payable | $825,948.00 |
| Allstate Can Corp.<br>Bob Cicco<br>1 Woodhollow Road<br>Pasippany, NJ 07054<br>USA | Allstate Can Corp.<br>Bob Cicco<br>CFO/Controller<br>1 Woodhollow Road<br>Pasippany, NJ 07054<br>USA<br>Phone: 973-560-9030<br>Fax: 973-560-9217 | Trade Payable | $721,076.20 |
| Mackay Mitchell Envelope Co.<br>Tim Cheslak<br>2100 Elm St<br>Minn, MN 55414<br>USA | Mackay Mitchell Envelope Co.<br>Tim Cheslak<br>CFO<br>2100 Elm St<br>Minn, MN 55414<br>USA<br>Phone: 612-378-6240<br>Fax: 612-334-3460 | Trade Payable | $644,669.66 |
| CCT Marketing LLC<br>Warren Golden<br>401 HACKENSACK AVENUE<br>3RD FL<br>Hackensack, NJ 07601<br>USA | CCT Marketing LLC<br>Warren Golden<br>President<br>401 HACKENSACK AVENUE 3RD FL<br>Hackensack, NJ 07601<br>USA<br>Phone: 516-764-0400<br>Fax: 208-460-5510 | Trade Payable | $579,416.07 |
| Holsted Marketing<br>Roy Rathbun<br>135 Madison Ave.<br>New York, NY 10016<br>USA | Holsted Marketing<br>Roy Rathbun<br>Senior VP Finance<br>135 Madison Ave.<br>New York, NY 10016<br>USA<br>Phone: 212-686-8537, etx. 166<br>Fax: 212-481-0415 | Trade Payable | $561,806.71 |
| Google Inc.<br>Patrick Pichette<br>1600 Amphitheatre Pkwy.<br>Mountain View, CA 94043<br>USA | Google Inc.<br>Patrick Pichette<br>CFO<br>1600 Amphitheatre Pkwy.<br>Mountain View, CA 94043<br>USA<br>Phone: 650-253-0000<br>Fax: 650-253-0001 | Trade Payable | $554,077.15 |

| | | | |
|---|---|---|---|
| Seasons Apparel Inc.<br>Mitch Nichnowitz<br>10 Vetter Court, Suite 101<br>North Brunswick, NJ 08902<br>USA | Seasons Apparel Inc.<br>Mitch Nichnowitz<br>President, US office<br>10 Vetter Court, Suite 101<br>North Brunswick, NJ 08902<br>USA<br>Phone: 732-821-4779<br>Fax: 310-320-5050 | Trade Payable | $542,761.83 |
| Nine West Footwear Corp.<br>Eric Dauwalter<br>1129 Westchester Ave.<br>White Plains, NY 10604<br>USA | Nine West Footwear Corp.<br>Eric Dauwalter<br>President<br>1129 Westchester Ave.<br>White Plains, NY 10604<br>USA<br>Phone: 914-640-6400<br>Fax: 914-640-1676 | Trade Payable | $537,611.75 |
| Eastman Footwear Group Inc.<br>Max Ben Mizrachi<br>34 WEST 33RD STREET 7TH FL<br>New York, NY 10001<br>USA | Eastman Footwear Group Inc.<br>Max Ben Mizrachi<br>President<br>34 WEST 33RD STREET 7TH FL<br>New York, NY 10001<br>USA<br>Phone: 212-629-0282<br>Fax: 212-268-4169 | Trade Payable | $527,258.59 |
| Propet USA Inc.<br>Jack Hawkins<br>2415 W Valley Hwy N<br>Auburn, WA 98001<br>USA | Propet USA Inc.<br>Jack Hawkins<br>President<br>2415 W Valley Hwy N<br>Auburn, WA 98001<br>USA<br>Phone: 253-854-7600<br>Fax: 253-854-7607 | Trade Payable | $509,101.54 |
| Merchandising Mfg Sourcing<br>Scott Kantrowitz<br>17100 Ventura Blvd., Suite 217<br>Encino, CA 91316<br>USA | Merchandising Mfg Sourcing<br>Scott Kantrowitz<br>President/CEO<br>17100 Ventura Blvd., Suite 217<br>Encino, CA 91316<br>USA<br>Phone: 818-817-9413<br>Fax: 818-817-9425 | Trade Payable | $472,798.40 |
| Moka<br>Andres Deujani<br>1407 BROADWAY,STE 1701<br>New York, NY 10018<br>USA | Moka<br>Andres Deujani<br>President<br>1407 BROADWAY,STE 1701<br>New York,NY 10018<br>USA<br>Phone: 212-944-8880<br>Fax: 212-944-8882 | Trade Payable | $446,318.91 |

| | | | |
|---|---|---|---|
| Lea Apparel, Inc.<br>Leonard Novick<br>4 Woodland Place<br>Port Washington, NY 11050<br>USA | Lea Apparel, Inc.<br>Leonard Novick<br>President<br>4 Woodland Place<br>Port Washington, NY 11050<br>USA<br>Phone: 516-297-2164<br>Fax: 718-418-2805 | Trade Payable | $427,957.16 |
| Style Asia Inc.<br>Ricky Pamani<br>101 MOONACHIE AVE.<br>Moonachie, NJ 07074<br>USA | Style Asia Inc.<br>Ricky Pamani<br>President<br>101 MOONACHIE AVE.<br>Moonachie, NJ 07074<br>USA<br>Phone: 800-522-7465 x101<br>Fax: 201-460-4707 | Trade Payable | $397,609.02 |
| Vishal Enterprises Inc.<br>Mahesh Moorjani<br>226 West 37th St., 5TH Floor<br>New York, NY 10018<br>USA | Vishal Enterprises Inc.<br>Mahesh Moorjani<br>President<br>226 West 37th St., 5TH Floor<br>New York, NY 10018<br>USA<br>Phone: 212-629-0880 Ext.111<br>Fax: 212-629-0882 | Trade Payable | $392,489.00 |
| Tamex Harbour Regal Ltd.<br>SHANGHAI FOREIGN TRADE<br>ENTERPRISE<br>PUDONG CO LTD NO 258-268<br>JIA BANG ROAD 141F ZI YUAN<br>BUI<br>SHANGHAI<br>China | Tamex Harbour Regal Ltd.<br>SHANGHAI FOREIGN TRADE<br>ENTERPRISE<br>PUDONG CO LTD NO 258-268<br>JIA BANG ROAD 141F ZI YUAN BUI<br>SHANGHAI<br>China<br>Phone: 011-852-27366182 | Trade Payable | $369,890.53 |
| AARP<br>A. Barry Rand<br>601 E St. NW<br>Washington, DC 20049<br>USA | AARP<br>A. Barry Rand<br>601 E St. NW<br>Washington, DC 20049<br>USA<br>Phone: 202-434-7700<br>Fax: 202-434-7710 | Trade Payable | $366,023.27 |
| Valassis Communications<br>Alan F. Schultz<br>19975 Victor Parkway<br>Livonia, MI 48152<br>USA | Valassis Communications<br>Alan F. Schultz<br>CEO<br>19975 Victor Parkway<br>Livonia, MI 48152<br>USA<br>Phone: 734-591-3000<br>Fax: 734-591-4994 | Trade Payable | $354,560.40 |

| | | | |
|---|---|---|---|
| Granada Sales Corporation<br>Brad Zacharia<br>102-108 MADISON AVE.<br>New York, NY 10016<br>USA | Granada Sales Corporation<br>Brad Zacharia<br>Vice President<br>102-108 MADISON AVE.<br>New York, NY 10016<br>USA<br>Phone: 212-679-4810<br>Fax: 212-679-4975 | Trade Payable | $347,962.00 |
| Colorado Trading Company<br>Jeff Schmitt<br>1390 LAWRENCE STREET<br>SUITE 400<br>Denver, CO 80204<br>USA | Colorado Trading Company<br>Jeff Schmitt<br>President/Owner<br>1390 LAWRENCE STREET SUITE 400<br>Denver, CO 80204<br>USA<br>Phone: 303-393-1202 x 6030<br>Fax: 303-393-1203 | Trade Payable | $347,043.00 |
| Howard Berger Co.<br>Howard Berger<br>324 A Half Acre Rd<br>Crandberry, NJ 08516<br>USA | Howard Berger Co.<br>Howard Berger<br>Owner<br>324 A Half Acre Rd<br>Crandberry, NJ 08516<br>USA<br>Phone: 609-860-9990<br>Fax: 609-860-9991 | Trade Payable | $345,936.00 |
| Z-Ply Corporation<br>Timothy Chung<br>209 W 40th St., 6th FLR<br>New York, NY 10018<br>USA | Z-Ply Corporation<br>Timothy Chung<br>CEO<br>209 W 40th St., 6th FLR<br>New York, NY 10018<br>USA<br>Phone: 212-398-7011<br>Fax: 212-398-7010 | Trade Payable | $344,669.57 |
| Classic Shoes Inc.<br>Morris Abboudi<br>160 Gregg St , Unit 7<br>Lodi, NJ 07644<br>USA | Classic Shoes Inc.<br>Morris Abboudi<br>Owner<br>160 Gregg St , Unit 7<br>Lodi, NJ 07644<br>USA<br>Phone: 201-587-1779<br>Fax: 201-587-1140 | Trade Payable | $333,034.40 |
| Jobar International Inc.<br>Mitch Sussman<br>P.O. Box 5409<br>Carson, CA 90749<br>USA | Jobar International Inc.<br>Mitch Sussman<br>President<br>P.O. Box 5409<br>Carson, CA 90749<br>USA<br>Phone: 310-222-8682<br>Fax: 310-222-8657 | Trade Payable | $320,066.47 |

| | | | |
|---|---|---|---|
| Pac Worldwide Corp.<br>Jeff Snow<br>15435 NE 92nd St.<br>Redmond, WA 98052<br>USA | Pac Worldwide Corp.<br>Jeff Snow<br>CFO<br>15435 NE 92nd St.<br>Redmond, WA 98052<br>USA<br>Phone: 425-202-4010<br>Fax: 425-885-2934 | Trade Payable | $317,575.81 |
| Fabri Tech Inc.<br>Scott Bowron<br>6719 Pineridge Ct.<br>Jenison, MI 49428<br>USA | Fabri Tech Inc.<br>Scott Bowron<br>Co-owner<br>6719 Pineridge Ct.<br>Jenison, MI 49428<br>USA<br>Phone: 616-662-0150<br>Fax:616-662-0112 | Trade Payable | $315,572.60 |
| Knit Textiles<br>No. 3A, Jalan Wawasan 16,<br>Kawasan Perindustrian Sri Gading<br>83300 Batu Paha<br>Johor<br>Malaysia | Knit Textiles<br>Mr. Damien Lim Vhe Kai<br>Business Development Director<br>No. 3A, Jalan Wawasan 16<br>Kawasan Perindustrian Sri Gading<br>83300 Batu Paha<br>Johor<br>Malaysia<br>Phone: 607-455-8666<br>Fax: 607-455-6500 | Trade Payable | $310,522.00 |
| JoRo Fashions<br>8780 NW 102nd St<br>Miami, FL 33178<br>USA | JoRo Fashions<br>Robert Rubenstein<br>President<br>8780 NW 102nd St<br>Miami, FL 33178<br>USA<br>Phone: 305-888-8110 x29<br>Fax: 305-888-8327 | Trade Payable | $301,057.00 |
| Qwest Communications<br>Joseph J. Euteneuer<br>1801 California Street<br>Denver, CO 80202<br>USA | Qwest Communications<br>Joseph J. Euteneuer<br>CFO<br>1801 California Street<br>Denver, CO 80202<br>USA<br>Phone: 303-992-1400<br>Fax: 303-992-1724 | Trade Payable | $297,050.74 |
| Alfred Dunner Inc.<br>Peter Aresty<br>1411 Broadway<br>New York, NY 10018<br>USA | Alfred Dunner Inc.<br>Peter Aresty<br>President<br>1411 Broadway<br>New York, NY 10018<br>USA<br>Phone: 212-944-6660<br>Fax: 212-354-2215 | Trade Payable | $296,777.48 |

| | | | |
|---|---|---|---|
| Belardi/Ostroy<br>Donna Belardi<br>16 West 22nd Street, 11th Floor<br>New York, NY 10010<br>USA | Belardi/Ostroy<br>Donna Belardi<br>President/Owner<br>16 West 22nd Street, 11th Floor<br>New York, NY 10010<br>USA<br>Phone: 212-381-1701<br>Fax: 212-381-1745 | Trade Payable | $288,881.46 |
| Buy Global Inc.<br>Jeff Mansbach<br>530 EAGLE AVENUE<br>West Hempstead, NY 11552<br>USA | Buy Global Inc.<br>Jeff Mansbach<br>President<br>530 EAGLE AVENUE<br>West Hempstead, NY 11552<br>USA<br>Phone: 516-565-9500<br>Fax: 516-565-9501 | Trade Payable | $283,441.20 |
| Tien Hu Knitting Co (US) Inc.<br>Jane Chan<br>3996 SAN PABLO AVE., SUITE# A&B<br>Emeryville, CA 94608<br>USA | Tien Hu Knitting Co (US) Inc.<br>Jane Chan<br>President<br>3996 SAN PABLO AVE., SUITE# A&B<br>Emeryville, CA 94608<br>USA<br>Phone: 510-268-8833<br>Fax: 510-268-8998 | Trade Payable | $283,120.59 |
| Experian Marketing Services<br>Victor Nichols<br>475 Anton Blvd.<br>Costa Mesa, CA 92626<br>USA | Experian Marketing Services<br>Victor Nichols<br>CEO<br>475 Anton Blvd.<br>Costa Mesa, CA 92626<br>USA<br>Phone: 714-830-7000<br>Fax: 714-830-2449 | Trade Payable | $279,147.81 |
| Valassis Inserts<br>Robert Recchia<br>19975 Victor Parkway<br>Livonia, MI 48152<br>USA | Valassis Inserts<br>Robert Recchia<br>Exec VP, CFO Finance<br>19975 Victor Parkway<br>Livonia, MI 48152<br>USA<br>Phone: 734-591-3000<br>Fax:734-462-2513 | Trade Payable | $277,912.40 |
| Amerex Group Inc.<br>Ira Ganger<br>512 7th Ave., 9th Floor<br>New York, NY 10018<br>USA | Amerex Group Inc.<br>Ira Ganger<br>President<br>512 7th Ave., 9th Floor<br>New York, NY 10018<br>USA<br>Phone: 212-609-3000<br>Fax: 212-575-5399 | Trade Payable | $275,251.32 |

| | | | |
|---|---|---|---|
| Easy Street Shoe Co.<br>Michael Sterczala<br>364 ROUTE 108<br>Somersworth, NH 03878<br>USA | Easy Street Shoe Co.<br>Michael Sterczala<br>VP Ops<br>364 ROUTE 108<br>Somersworth, NH 03878<br>USA<br>Phone: 603-692-5007 | Trade Payable | $268,941.43 |
| Rees Associates Inc.<br>Steven Lundstrom<br>1800 SW 2nd Street<br>Des Moines, IA 50315<br>USA | Rees Associates Inc.<br>Steven Lundstrom<br>President<br>1800 SW 2nd Street<br>Des Moines, IA<br>50315<br>USA<br>Phone: 515-243-2127 x777<br>Fax: 515-243-1026 | Trade Payable | $259,279.35 |
| Auclair & Martineau Inc.<br>Xavier Leclercq<br>2277, RUE DE LA FAUNE, CP<br>89039, SUCC ST-EMILE<br>Quebec<br>QCG3E 1S9 | Auclair & Martineau Inc.<br>Xavier Leclercq<br>President and Board Member<br>2277, RUE DE LA FAUNE, CP 89039,<br>SUCC ST-EMILE<br>Quebec<br>QCG3E 1S9<br>Phone: 418-842-1943<br>Fax: 418-842-7554 | Trade Payable | $252,999.85 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| APPLESEED'S INTERMEDIATE HOLDINGS LLC, *et al.*,[1] | Case No. 11-_____ ( ) |
| Debtors. | Joint Administration Requested |

## DECLARATION CONCERNING CONSOLIDATED LIST
## OF CREDITORS HOLDING THE 50 LARGEST UNSECURED CLAIMS

The consolidated list of creditors holding the 50 largest unsecured claims filed in electronic format contemporaneously with the foregoing petition (the "***Creditor List***") constitutes a full and complete list of the name and address of each creditor. The Creditor List is being filed pursuant to section 521 of title 11 of the United States Code, Rules 1007 and 1008 of the Federal Rules of Bankruptcy Procedure and Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. The above-captioned debtors and debtors in possession (collectively, the "***Debtors***") reserve the right to file an amended or supplemental Creditor List.

The Creditor List is based upon the Debtors' internal bookkeeping records as of the end of the Debtors' fiscal year, December 25, 2010 and is accurate up to such date to the best of the undersigned's knowledge, information and belief. However, no comprehensive legal or factual investigations with regard to possible defenses to any claims set forth on the Creditor List have been completed. Accordingly, the Creditor List does not, and should not, be deemed to constitute: (a) a waiver of any defense of any listed claims; (b) an acknowledgement of the allowability of any listed claims, or (c) a waiver of any other right or legal position of the Debtors.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Appleseed's Intermediate Holdings LLC (6322); Appleseed's Acquisition, Inc. (5835); Appleseed's Holdings, Inc. (9117); Arizona Mail Order Company, Inc. (6359); Bedford Fair Apparel, Inc. (3551); Blair Credit Services Corporation (5966); Blair Factoring Company (4679); Blair Holdings, Inc. (0022); Blair International Holdings, Inc. (8962); Blair LLC (1670); Blair Payroll, LLC (1670); Draper's & Damon's Acquisition LLC (1760); Draper's & Damon's LLC (2759); Fairview Advertising, LLC (2877); Gold Violin LLC (0873); Haband Acquisition LLC (8765); Haband Company LLC (8496); Haband Oaks, LP (8036); Haband Online, LLC (1109); Haband Operations, LLC (2794); Johnny Appleseed's, Inc. (5560); Linen Source Acquisition LLC (2920); LM&B Catalog, Inc. (5729); Monterey Bay Clothing Company, Inc. (2076); Norm Thompson Outfitters, Inc. (8344); NTO Acquisition Corporation (0995); Orchard Brands Insurance Agency LLC (4858); and Wintersilks, LLC (0688). The Debtors' main corporate address is 138 Conant Street, Beverly, Massachusetts 01915.

I, T. Neale Attenborough, Chief Executive Officer of Appleseed's Intermediate Holdings LLC, declare under penalty of perjury that I have reviewed the Creditor List and that the information contained therein is true and correct to the best of my information and belief.

Dated: January 19, 2011

T. Neale Attenborough
Chief Executive Officer

2