# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> APPLESEED'S INTERMEDIATE HOLDINGS LLC, <br><br> Debtor. <br><br> Tax I.D. No. 20-8876322 | Chapter 11 <br><br> Case No. 11-10160 (KG) |
| In re: <br><br> APPLESEED'S ACQUISITION, INC., <br><br> Debtor. <br><br> Tax I.D. No. 20-3755835 | Chapter 11 <br><br> Case No. 11-10161(KG) |
| In re: <br><br> APPLESEED'S HOLDINGS, INC., <br><br> Debtor. <br><br> Tax I.D. No. 04-3459117 | Chapter 11 <br><br> Case No. 11-10162(KG) |
| In re: <br><br> ARIZONA MAIL ORDER COMPANY, INC., <br><br> Debtor. <br><br> Tax I.D. No. 41-1916359 | Chapter 11 <br><br> Case No. 11-10163(KG) |

| | |
|---|---|
| In re: <br><br> BEDFORD FAIR APPAREL, INC., <br><br> Debtor. <br><br> Tax I.D. No. 06-1533551 | Chapter 11 <br><br> Case No. 11-10164(KG) |
| In re: <br><br> BLAIR CREDIT SERVICES CORPORATION, <br><br> Debtor. <br><br> Tax I.D. No. 25-1875966 | Chapter 11 <br><br> Case No. 11-10165(KG) |
| In re: <br><br> BLAIR FACTORING COMPANY, <br><br> Debtor. <br><br> Tax I.D. No. 51-0404679 | Chapter 11 <br><br> Case No. 11-10166(KG) |
| In re: <br><br> BLAIR HOLDINGS, INC., <br><br> Debtor. <br><br> Tax I.D. No. 51-0350022 | Chapter 11 <br><br> Case No. 11-10167(KG) |

| | |
|---|---|
| In re: <br><br> BLAIR INTERNATIONAL HOLDINGS, INC., <br><br>    Debtor. <br><br> Tax I.D. No. 51-1878962 | Chapter 11 <br><br> Case No. 11-10168(KG) |
| In re: <br><br> BLAIR LLC, <br><br>    Debtor. <br><br> Tax I.D. No. 25-0691670 | Chapter 11 <br><br> Case No. 11-10169(KG) |
| In re: <br><br> BLAIR PAYROLL, LLC, <br><br>    Debtor. <br><br> Tax I.D. No. 25-0691670 | Chapter 11 <br><br> Case No. 11-10170(KG) |
| In re: <br><br> DRAPER'S & DAMON'S ACQUISITION LLC, <br><br>    Debtor. <br><br> Tax I.D. No. 20-3751760 | Chapter 11 <br><br> Case No. 11-10171(KG) |

| | |
|---|---|
| In re: | Chapter 11 |
| DRAPER'S & DAMON'S LLC, | Case No. 11-10172(KG) |
| Debtor. | |
| Tax I.D. No. 95-3132759 | |
| In re: | Chapter 11 |
| FAIRVIEW ADVERTISING, LLC, | Case No. 11-10173(KG) |
| Debtor. | |
| Tax I.D. No. 22-2842877 | |
| In re: | Chapter 11 |
| GOLD VIOLIN LLC, | Case No. 11-10174(KG) |
| Debtor. | |
| Tax I.D. No. 94-3350873 | |
| In re: | Chapter 11 |
| HABAND ACQUISITION LLC, | Case No. 11-10175(KG) |
| Debtor. | |
| Tax I.D. No. 20-5738765 | |

| | |
|---|---|
| In re: | ) Chapter 11 |
| HABAND COMPANY LLC, | ) Case No. 11-10176(KG) |
| Debtor. | ) |
| Tax I.D. No. 22-1838496 | ) |
| In re: | ) Chapter 11 |
| HABAND OAKS, LP, | ) Case No. 11-10177(KG) |
| Debtor. | ) |
| Tax I.D. No. 22-3728036 | ) |
| In re: | ) Chapter 11 |
| HABAND ONLINE, LLC, | ) Case No. 11-10178(KG) |
| Debtor. | ) |
| Tax I.D. No. 06-1581109 | ) |
| In re: | ) Chapter 11 |
| HABAND OPERATIONS, LLC, | ) Case No. 11-10179(KG) |
| Debtor. | ) |
| Tax I.D. No. 23-3042794 | ) |

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| JOHNNY APPLESEED'S, INC., ) | Case No. 11-10180(KG) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 04-1105560 ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| LINEN SOURCE ACQUISITION LLC, ) | Case No. 11-10181(KG) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 27-1992920 ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| LM&B CATALOG, INC., ) | Case No. 11-10182(KG) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 86-0985729 ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| MONTEREY BAY CLOTHING ) | Case No. 11-10183(KG) |
| COMPANY, INC., ) | |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 11-3712076 ) | |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NORM THOMPSON OUTFITTERS, INC., | ) Case No. 11-10184(KG) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 93-0788344 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| NTO ACQUISITION CORPORATION, | ) Case No. 11-10185(KG) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 20-4330995 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| ORCHARD BRANDS INSURANCE AGENCY LLC, | ) Case No. 11-10186(KG) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 27-1504858 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| WINTERSILKS, LLC, | ) Case No. 11-10187(KG) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 59-3550688 | ) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

Appleseed's Intermediate Holdings LLC d/b/a Orchard Brands ("*AIH*") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "*Debtors*"),[1] respectfully represent:

### Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*").

### Relief Requested

4. By this motion, the Debtors request entry of an order, substantially in the form attached hereto as **Exhibit A**, directing joint administration of each Debtor's respective chapter 11 case for procedural purposes only. Specifically, the Debtors request that the Court maintain one file and one docket for each of the Debtor's chapter 11 cases under the case of AIH and that the chapter 11 cases be administered under the following caption:

---

[1] A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this motion and the Debtors' chapter 11 cases, are set forth in greater detail in the Declaration of T. Neale Attenborough, Chief Executive Officer of Appleseed's Intermediate Holdings LLC, in Support of First Day Pleadings (the "*First Day Declaration*"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*"), on January 19, 2011 (the "*Petition Date*").

8

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| APPLESEED'S INTERMEDIATE | ) Case No. 11-10160(KG) |
| HOLDINGS LLC, et al.,[1] | ) |
|  | ) |
| Debtors. | ) Jointly Administered |
|  | ) |

5. The Debtors also request that an entry be made on the docket of each of the Debtor's chapter 11 cases, other than the case of AIH, to reflect the joint administration of the chapter 11 cases, substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of the following entities: Appleseed's Intermediate Holdings LLC; Appleseed's Acquisition, Inc.; Appleseed's Holdings, Inc.; Arizona Mail Order Company, Inc.; Bedford Fair Apparel, Inc.; Blair Credit Services Corporation; Blair Factoring Company; Blair Holdings, Inc.; Blair International Holdings, Inc.; Blair LLC; Blair Payroll, LLC; Draper's & Damon's Acquisition LLC; Draper's & Damon's LLC; Fairview Advertising, LLC; Gold Violin LLC; Haband Acquisition LLC; Haband Company LLC; Haband Oaks, LP; Haband Online,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Appleseed's Intermediate Holdings LLC (6322); Appleseed's Acquisition, Inc. (5835); Appleseed's Holdings, Inc. (9117); Arizona Mail Order Company, Inc. (6359); Bedford Fair Apparel, Inc. (3551); Blair Credit Services Corporation (5966); Blair Factoring Company (4679); Blair Holdings, Inc. (0022); Blair International Holdings, Inc. (8962); Blair LLC (1670); Blair Payroll, LLC (1670); Draper's & Damon's Acquisition LLC (1760); Draper's & Damon's LLC (2759); Fairview Advertising, LLC (2877); Gold Violin LLC (0873); Haband Acquisition LLC (8765); Haband Company LLC (8496); Haband Oaks, LP (8036); Haband Online, LLC (1109); Haband Operations, LLC (2794); Johnny Appleseed's, Inc. (5560); Linen Source Acquisition LLC (2920); LM&B Catalog, Inc. (5729); Monterey Bay Clothing Company, Inc. (2076); Norm Thompson Outfitters, Inc. (8344); NTO Acquisition Corporation (0995); Orchard Brands Insurance Agency LLC (4858); and Wintersilks, LLC (0688). The Debtors' main corporate address is 138 Conant Street, Beverly, Massachusetts 01915.

LLC; Haband Operations, LLC; Johnny Appleseed's, Inc.; Linen Source Acquisition LLC; LM&B Catalog, Inc.; Monterey Bay Clothing Company, Inc.; Norm Thompson Outfitters, Inc.; NTO Acquisition Corporation; Orchard Brands Insurance Agency LLC; and Wintersilks, LLC. All further pleadings and other papers shall be filed in, and all other further docket entries shall be made in, Case No. 11-10160(KG).

6. The Debtors also request that if any of the chapter 11 cases are initially assigned to different judges, each of the chapter 11 cases be transferred to the judge to whom the lowest case number was assigned.

7. Each of the Debtors will file a monthly operating report or as otherwise required by, or agreed to with, the Office of the United States Trustee for the District of Delaware.

## Basis for Relief

8. As set forth in the First Day Declaration, AIH is the direct or indirect parent of each of the other 27 Debtors. Additionally, except with respect to the $50 million in principal amount of unsecured notes issued by AIH, each of the 28 affiliated Debtor entities is directly liable for, or a guarantor of, the approximately $651.8 million in outstanding secured funded debt obligations that the Debtors seek to restructure as part of these chapter 11 cases. Thus, each of the motions filed in the chapter 11 cases will implicate many, if not all, of the Debtors.

## Supporting Authority

9. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Section 101(2) of the Bankruptcy Code defines "affiliate" to include an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor." 11 U.S.C. § 101(2)(A).

10. In addition, Local Rule 1015-1 provides that the Court may order joint administration of chapter 11 cases to ease the administrative burden on the Court and the parties involved:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not constitute a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.[2]

11. As disclosed in the First Day Declaration, the 28 Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Specifically, AIH directly or indirectly owns more than 20 percent of the outstanding voting securities of each of the other 27 Debtors. The Debtors also share significant debt obligations that they seek to restructure as part of these chapter 11 cases. Accordingly, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules authorize the Court to grant the relief requested herein.

12. Moreover, joint administration of the chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Each Debtor will be affected by most, if not all, of the motions, hearings and orders in these chapter 11 cases. Thus, entry of an order directing joint administration of the chapter 11 cases will reduce

---

[2] Section 105(a) of the Bankruptcy Code, which states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]" provides the Court with further power to grant the Debtors' requested relief. 11 U.S.C. §105(a).

11

fees and costs by avoiding duplicative filings and objections. Joint administration will also allow the Office of the United States Trustee for the District of Delaware and all parties in interest to monitor the chapter 11 cases with greater ease and efficiency.

13. The joint administration of these chapter 11 cases will not give rise to any conflict of interest among the Debtors' estates, nor will joint administration adversely affect the Debtors' respective constituencies because this motion requests (consistent with Local Rule 1015-1) only administrative, not substantive, consolidation of the Debtors' cases. Parties in interest will not be harmed by the relief requested but, instead, will benefit from the cost reductions associated with the joint administration of the chapter 11 cases. Accordingly, the Debtors submit that the joint administration of the chapter 11 cases is in the best interests of the Debtors' estates, their creditors and all other parties in interest.

14. Courts in this jurisdiction have approved relief similar to the relief requested in this motion and the entry of joint administration orders is common and generally non-controversial. *See, e.g.*, *In re Local Insight Media Holdings, Inc.*, Case No. 10-13677 (Bankr. D. Del. Nov. 19, 2010); *In re OTC Holdings Corp.*, Case No. 10-12636 (Bankr. D. Del. Aug. 26, 2010); *In re NEC Holdings Corp.*, Case No. 10-11890 (Bankr. D. Del. June 11, 2010); *In re Atrium Corp.*, Case No. 10-10150 (Bankr. D. Del. Jan. 21, 2010); *In re Int'l Aluminum Corp.*, Case No. 10-10003 (Bankr. D. Del. Jan. 6, 2010); *In re The Majestic Star Casino, LLC*, Case No. 09-14136 (Bankr. D. Del. Nov. 23, 2009).[3]

---

[3] Because of the voluminous nature of the orders cited herein, such orders are not attached to this motion. Copies of these orders are available upon request to the Debtors' counsel.

## Notice

15. The Debtors have provided notice of this motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) counsel to the agents for the Debtors' proposed debtor in possession lenders; (d) counsel to the agent for the Debtors' prepetition asset-based revolving lending facility; (e) counsel to the agent for the Debtors' prepetition first lien term loan; (f) counsel to the agent for the Debtors' prepetition second lien notes and unsecured notes; (g) the Delaware Secretary of State; (h) the Delaware Secretary of Treasury; (i) the Delaware State Attorney General; (j) the Office of the United States Attorney General for the State of Delaware; (k) the Internal Revenue Service; and (l) the Securities and Exchange Commission. In light of the nature of the relief requested in this motion, the Debtors respectfully submit that no further notice is necessary.

## No Prior Request

16. No prior motion for the relief requested herein has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, for the reasons set forth herein and in the First Day Declaration, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (a) directing joint administration of the Debtors' chapter 11 cases for procedural purposes only and (b) granting such other and further relief as may be appropriate.

| | |
|---|---|
| Dated: January 19, 2011<br>Wilmington, Delaware | /s/ *Domenic E. Pacitti* |

Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
Margaret M. Manning (DE Bar No. 4183)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801-3062
Telephone: (302) 426-1189
Facsimile: (302) 426-9193

- and -

Richard M. Cieri (*pro hac vice* admission pending)
Joshua A. Sussberg (*pro hac vice* admission pending)
Brian E. Schartz (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022–4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*