## Exhibit B

## Kass Declaration

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| APPLESEED'S INTERMEDIATE | ) Case No. 11-10160 (KG) |
| HOLDINGS LLC, *et al.*,[1] | ) |
| | ) |
| Debtors. | ) Joint Administration Requested |
| | ) |

## DECLARATION OF ALBERT H. KASS IN SUPPORT OF THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KURTZMAN CARSON CONSULTANTS LLC AS NOTICE, CLAIMS AND BALLOTING AGENT

I, Albert H. Kass, being duly sworn, state the following under penalty of perjury:

1. I am the Vice President of Corporate Restructuring Services for Kurtzman Carson Consultants LLC ("*KCC*"), located at 2335 Alaska Avenue, El Segundo, California 90245.

2. I am authorized to submit this declaration in support of the application of the Debtors (the "*Application*") for entry of an order authorizing the Debtors to employ and retain KCC as notice, claims and balloting agent in these chapter 11 cases, pursuant to the terms and conditions set forth in the services agreement between Appleseed's Intermediate Holdings LLC

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Appleseed's Intermediate Holdings LLC (6322); Appleseed's Acquisition, Inc. (5835); Appleseed's Holdings, Inc. (9117); Arizona Mail Order Company, Inc. (6359); Bedford Fair Apparel, Inc. (3551); Blair Credit Services Corporation (5966); Blair Factoring Company (4679); Blair Holdings, Inc. (0022); Blair International Holdings, Inc. (8962); Blair LLC (1670); Blair Payroll, LLC (1670); Draper's & Damon's Acquisition LLC (1760); Draper's & Damon's LLC (2759); Fairview Advertising, LLC (2877); Gold Violin LLC (0873); Haband Acquisition LLC (8765); Haband Company LLC (8496); Haband Oaks, LP (8036); Haband Online, LLC (1109); Haband Operations, LLC (2794); Johnny Appleseed's, Inc. (5560); Linen Source Acquisition LLC (2920); LM&B Catalog, Inc. (5729); Monterey Bay Clothing Company, Inc. (2076); Norm Thompson Outfitters, Inc. (8344); NTO Acquisition Corporation (0995); Orchard Brands Insurance Agency LLC (4858); and Wintersilks, LLC (0688). The Debtors' main corporate address is 138 Conant Street, Beverly, Massachusetts 01915.

and KCC dated as of December 8, 2010 (such agreement together with all amendments, modifications, renewals thereof and all documents ancillary thereto or otherwise entered into in connection therewith, the "*Services Agreement*"), a copy of which is annexed as **Exhibit 1** to **Exhibit A** attached to the Application. The statements contained herein are based upon personal knowledge.

### KCC's Qualifications

3. KCC is a bankruptcy administrator that specializes in providing comprehensive chapter 11 administrative services including noticing, claims processing, balloting and other related services critical to the effective administration of chapter 11 cases. KCC has developed efficient and cost-effective methods to handle the voluminous mailings associated with the noticing, claims processing and balloting aspects of chapter 11 cases that ensure the orderly and fair treatment of creditors, equity security holders and all parties in interest. Further, KCC has experience working with, and will continue to work with, the Clerk's Office to ensure that KCC's services conform with all of the Court's procedures, the Local Rules and any orders entered by this Court.

4. KCC has substantial experience in matters of this size and complexity and has acted as the official notice, claims and balloting agent in many large chapter 11 cases in this District. *See, e.g., In re Local Insight Media Holdings, Inc.*, Case No. 10-13677 (Bankr. D. Del. Nov. 18, 2010); *In re OTC Holdings Corp.*, Case No. 10-12636 (Bankr. D. Del. Aug. 25, 2010); *In re Am. Safety Razor Co., LLC*, Case No. 10-12351 (Bankr. D. Del. July 28, 2010); *In re Magic Brands, LLC*, Case No. 10-11310 (Bankr. D. Del. Apr. 21, 2010); *In re Regent Commc'ns, Inc.*, Case No. 10-10632 (Bankr. D. Del. Mar. 1, 2010); *In re Specialty Packaging Holdings, Inc.*, Case No. 10-10142 (Bankr. D. Del. Jan. 20, 2010); *In re Int'l Aluminum Corp.*, Case No. 10-10003 (Bankr. D. Del. Jan.4, 2010); *In re Triple Crown Media, Inc.*, Case No. 09-13181 (Bankr.

D. Del. Sept. 14, 2009); *In re Cooper-Standard Holdings Inc.*, Case No. 09-12743 (Bankr. D. Del. Aug. 3, 2009); *In re Visteon Corp.*, No. 09-11786 (Bankr. D. Del. May 28, 2009); *In re Source Interlink Cos., Inc.*, Case No. 09-11424 (Bankr. D. Del. Apr. 27, 2009); *In re HPG Int'l, Inc.*, Case No. 09-10231 (Bankr. D. Del. Jan. 23, 2009).

### Services Provided

5. In accordance with the terms and conditions of the Services Agreement, and in compliance with Rule 2002-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"), KCC will perform the services required pursuant thereto (and noted below), as well as any additional services at the request of the Debtors or the Clerk's Office.

6. Specifically, the Debtors seek to engage KCC to provide certain noticing, claims processing and balloting administration services, including:

    a.    Preparing and serving required notices in the chapter 11 cases, including:

        (i)    notice of the commencement of the chapter 11 cases and the initial meeting of creditors under section 341(a) of title 11 of the United States Code (the "***Bankruptcy Code***");

        (ii)    a notice of the claims bar date (when established);

        (iii)    notices of objections to claims and objections to transfers of claims;

        (iv)    notices of hearings on motions filed by the Office of the United States Trustee for the District of Delaware (the "***U.S. Trustee***");

        (v)    notices of transfers of claims;

        (vi)    notices of any hearings on a disclosure statement and confirmation of the Debtors' plan or plans of reorganization; and

3

(vii) such other miscellaneous notices as the Debtors or the Court may deem necessary or appropriate for an orderly administration of these chapter 11 cases.

b. Within seven days after the mailing of a particular notice, filing with the Court a copy of the notice served with a certificate of service attached indicating the name and complete address of each party served.

c. Receiving, examining and maintaining copies of all proofs of claim and proofs of interest filed in the chapter 11 cases.

d. Maintaining an official claims register (or registers) in the chapter 11 cases by docketing all proofs of claim and proofs of interest in a claims database that includes the following information for each such claim or interest asserted:

(i) the name and address of the claimant or interest holder and any agent thereof, if the proof of claim or proof of interest was filed by an agent;

(ii) the date the proof of claim or proof of interest was received by KCC and/or the Court;

(iii) the claim number assigned to the proof of claim or proof of interest;

(iv) the asserted amount and classification of the claim; and

(v) the applicable Debtor against which the claim or interest is asserted.

e. Recording all transfers of claims pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

f. Revising the creditor matrix after the applicable objection period expires.

g. Recording any order entered by the Court that may affect a claim by making a notation on the claims register.

h. Monitoring the Court's docket for any claims-related pleading filed and making necessary notations on the claims register.

4

i. Maintaining a separate claims register for each debtor if the chapter 11 cases are jointly administered.

j. Filing a quarterly updated claims register with the Court in alphabetical and numerical order. If there was no claims activity, a certification of no claim activity may be filed.

k. Maintaining an up-to-date mailing list of all creditors and all entities who have filed proofs of claim or proofs of interest and/or request for notices in the case and providing such list to the Court or any interested party upon request (within 48 hours).

l. Providing access to the public for examination of claims and the claims register at no charge.

m. Forwarding all claims, an updated claims register and an updated mailing list to the Court within ten days of entry of an order converting a case or within 30 days of entry of a final decree. The claims register and mailing list will be provided in both paper and on disc and in alphabetical and numerical order. The mailing list disc will be in .txt format.

n. Implementing necessary security measures to ensure the completeness and integrity of the claims register.

o. Complying with applicable federal, state, municipal and local statutes, ordinances, rules, regulations, orders and other requirements.

p. Providing temporary employees to process claims as necessary.

q. Promptly complying with such further conditions and requirements as the Clerk's Office or the Court may at any time prescribe.

r. Providing such other claims processing, noticing and administrative services as may be requested from time to time by the Debtors.

7. KCC will follow the notice and claim procedures that conform to the guidelines promulgated by the Clerk's Office, section 331 of the Judicial Code (the "*Judicial Conference of the United States*") and as may be directed by the Court.

## Professional Compensation

8. Subject to the Court's approval, the Debtors have agreed to compensate KCC for professional services rendered in connection with these chapter 11 cases pursuant to the Services Agreement. Before the Petition Date, KCC received a retainer from the Debtors in the amount of $30,000 to be applied in satisfaction of obligations incurred pursuant to the Services Agreement. KCC believes that the rates for its notice, claims processing and balloting services are comparable to the rates charged by its competitors for similar services.

9. KCC respectfully submits that the fees and expenses incurred by KCC are administrative in nature and should not be subject to the standard fee application procedures for professionals. Specifically, KCC requests authorization to be compensated on a monthly basis (in the ordinary course of business and in accordance with the terms and conditions set forth in the Services Agreement) upon KCC's submission to the Debtors of invoices summarizing, in reasonable detail, the services rendered and expenses incurred in connection with services provided by KCC to the Debtors.

10. As of the Petition Date, the Debtors do not owe KCC any amounts for services rendered before the Petition Date. Although certain expenses and fees may have been incurred but not yet applied to the retainer, such amounts, if any, would be less than the balance of the retainer as of the Petition Date.

## Disinterestedness

11. Although the Debtors do not propose to retain KCC under section 327 of the Bankruptcy Code, KCC has nonetheless conducted a conflicts analysis. To the best of my knowledge, KCC is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and neither KCC, nor any of its professional personnel, have any relationship

with the Debtors that would impair KCC's ability to serve as noticing, claims and balloting agent in these chapter 11 cases.

12. KCC and KCC personnel may have relationships with some of the Debtors' creditors or certain of the chapter 11 professionals, however, such relationships are of a personal, working or financial nature and completely unrelated to these chapter 11 cases. KCC has and will continue to represent clients in matters unrelated to these chapter 11 cases and has had and will continue to have relationships in the ordinary course of its business with certain vendors and professionals in connection with matters unrelated to these chapter 11 cases.

13. KCC is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, in that KCC and its professional personnel:

>     a.  are not creditors, equity security holders or insiders of the Debtors;
>
>     b.  are not and were not, within two years before the date of the filing of these cases, directors, officers or employees of the Debtors; and
>
>     c.  do not have an interest materially adverse to the interests of the Debtors' estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

*See* 11 U.S.C. § 101(14).

14. KCC has not been retained to assist any entity or person other than the Debtors on matters relating to, or in connection with, these chapter 11 cases. If KCC's proposed retention is approved by this Court, KCC will not accept any engagement or perform any service for any entity or person other than the Debtors in these chapter 11 cases. KCC may, however, provide professional services to entities or persons that may be creditors or parties in interest in these chapter 11 cases, which services do not relate to, or have any direct connection with, these chapter 11 cases or the Debtors.

7

15. KCC represents that:

   a. it will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as claims agent;

   b. by accepting employment in these chapter 11 cases, KCC waives any right to receive compensation from the United States government; and

   c. in its capacity as claims agent, KCC will not be an agent of the United States and will not act on behalf of the United States.

16. KCC will comply with all requests of or by the Clerk's Office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of section 156(c) of the Judicial Code.

17. Should KCC discover any relevant facts or relationships bearing on the matters described herein, KCC will use reasonable efforts to promptly file a supplemental declaration with the Court.

## Specific Disclosures

18. KCC is an indirect subsidiary of Computershare Limited ("*ComputerShare*"). ComputerShare is a financial services and technologies provider for the global securities industry. Within the ComputerShare corporate structure, KCC operates as a separate, segregated business unit. As such, any relationships that ComputerShare and its affiliates maintain do not create an interest of KCC that would be materially adverse to the Debtors' estate or any class of creditors or equity security holders. Administar, a claims and noticing agent, is also an indirect subsidiary of ComputerShare. On June 10, 2009, the marketing and operation of Administar's restructuring services were consolidated under KCC.

19. KCC may also have relationships with other professionals to be retained by the Debtors. Certain former partners and associates of Kirkland & Ellis LLP ("*K&E*"), proposed

counsel to the Debtors, are currently employed by KCC. Jonathan A. Carson, the Chief Marketing Officer of KCC, was employed as a K&E associate between 1999 and 2001. Mr. Carson's work at K&E was unrelated to the Debtors and these chapter 11 cases. Further, Michael Frishberg, a former K&E partner, Benjamin Schrag, a former K&E associate and Isidro Panizales, a former K&E legal assistant, presently work for KCC. Mr. Frishberg's, Mr. Schrag's and Mr. Panizales's work at K&E was unrelated to the Debtors and these chapter 11 cases. I was also a former K&E associate and my work at K&E was unrelated to the Debtors and these chapter 11 cases.

### Indemnification

20. As part of the overall compensation payable to KCC under the terms of the Services Agreement, KCC is entitled to certain indemnification obligations, which are described in detail in the Services Agreement. Specifically, the Services Agreement provides that the Debtors will indemnify and hold harmless KCC, its subcontractors and their respective personnel under certain circumstances specified in the Services Agreement. KCC has, however, agreed to the modifications described in the Application and provided for in the proposed order.

21. The terms of the Services Agreement and indemnification provisions were negotiated between KCC and the Debtors at arm's-length and I believe that these indemnification provisions, the Debtors' proposed modifications thereto and the Services Agreement are reasonable.

9

PHIL1 1356838-1

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on: _____.

By: _____
Albert H. Kass
Vice President of Corporate
Restructuring Services
Kurtzman Carson Consultants LLC