## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| APPLESEED'S INTERMEDIATE | ) Case No. 11-10160 (KG) |
| HOLDINGS LLC, *et al.*,[1] | ) |
| | ) |
| Debtors. | ) Joint Administration Requested |
| | ) **Related to Docket No. 7** |

### ORDER AUTHORIZING THE DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM; (B) MAINTAIN EXISTING BUSINESS FORMS; (C) GRANT ADMINISTRATIVE PRIORITY FOR INTERCOMPANY CLAIMS AND PERFORM UNDER CERTAIN INTERCOMPANY ARRANGEMENTS AND HISTORICAL PRACTICES; AND (D) ASSUME AND ASSIGN CERTAIN ACCOUNT CONTROL AGREEMENTS PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE

Upon the motion (the "*Motion*")[2] of the Debtors for entry of an order (this "*Order*")

pursuant to sections 363, 364, 365, 503, 507, 1107(a) and 1108 of the Bankruptcy Code, Rules

6003 and 6004(h) of the Bankruptcy Rules and Rules 2015-2 and 9013-1(m) of the Local Rules,

(a) authorizing the Debtors to (i) continue to operate the Cash Management System, (ii) maintain

existing business forms, (iii) grant administrative priority for Intercompany Claims and perform

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are:   Appleseed's Intermediate Holdings LLC (6322); Appleseed's Acquisition, Inc. (5835); Appleseed's Holdings, Inc. (9117); Arizona Mail Order Company, Inc. (6359); Bedford Fair Apparel, Inc. (3551); Blair Credit Services Corporation (5966); Blair Factoring Company (4679); Blair Holdings, Inc. (0022); Blair International Holdings, Inc. (8962); Blair LLC (1670); Blair Payroll, LLC (1670); Draper's & Damon's Acquisition LLC (1760); Draper's & Damon's LLC (2759); Fairview Advertising, LLC (2877); Gold Violin LLC (0873); Haband Acquisition LLC (8765); Haband Company LLC (8496); Haband Oaks, LP (8036); Haband Online, LLC (1109); Haband Operations, LLC (2794); Johnny Appleseed's, Inc. (5560); Linen Source Acquisition LLC (2920); LM&B Catalog, Inc. (5729); Monterey Bay Clothing Company, Inc. (2076); Norm Thompson Outfitters, Inc. (8344); NTO Acquisition Corporation (0995); Orchard Brands Insurance Agency LLC (4858); and Wintersilks, LLC (0688). The Debtors' main corporate address is 138 Conant Street, Beverly, Massachusetts 01915.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

under certain intercompany arrangements and historical practices and (iv) assume and assign certain account Control Agreements pursuant to section 365 of the Bankruptcy Code to the extent they are executory, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Motion (the "*Hearing*"); and upon consideration of the First Day Declaration, the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1.    The Motion is granted to the extent provided herein.

2.    The Debtors are authorized to continue using the Cash Management System as described in the Motion.

3.    The Debtors and their duly appointed agents and custodians are authorized to: (a) continue operating the Cash Management System; (b) honor certain prepetition obligations related to the Cash Management System; and (c) maintain existing business forms.

4.    The Debtors are also authorized to:  (a) continue to use, with the same account numbers, the Bank Accounts in existence on the Petition Date, including those accounts

2

identified on **Exhibit 1**; (b) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; and (c) use, in their present form, all correspondence and business forms (including letterhead, purchase orders and invoices) and other documents related to the Bank Accounts, without reference to their status as debtors in possession.

5.      Except as otherwise expressly provided in this Order, the Banks are authorized to continue to service and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires and ACH issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be; *provided, however,* that any check, advise, draft or other notification that the Debtors advised the Banks to have been drawn, issued or otherwise presented before the Petition Date may be honored by the banks only to the extent authorized by order of the Court.

6.      The Banks are authorized to debit the Debtors' accounts in the ordinary course of business with respect to the incurrence of Bank Fees without the need for further order of this Court on account of: (a) all checks drawn on the Debtors' accounts that are cashed at such Banks' counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (b) all checks or other items deposited in one of the Debtors' accounts with such Banks before the Petition Date that have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to the Petition Date; and (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

3

7.    Notwithstanding any other provision of this Order, no Bank that honors a prepetition check or other item drawn on any account that is the subject of this Order (a) at the direction of the Debtors, (b) in good faith belief that the Court has authorized such prepetition check or item to be honored or (c) as the result of an innocent mistake made despite implementation of reasonable item handling procedures, shall be deemed to be liable to the Debtors or their estates or otherwise in violation of this Order.

8.    Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any approved debtor-in-possession financing facility, or budget in connection therewith, or any order regarding the use of cash collateral approved by this Court in these cases.

9.    The Banks are authorized to charge, and the Debtors are authorized to pay, honor or allow the Bank Fees, and charge back returned items to the Bank Accounts in the ordinary course.

10.    No liens on any of the Bank Accounts granted to any creditors shall take priority over the Bank Fees of the respective Bank at which the account is located.

11.    The Debtors are authorized to open any new Bank Accounts or close any existing Bank Accounts as they may deem necessary and appropriate in their sole discretion; *provided, however*, that the Debtors give prompt notice of such action to the Office of the United States Trustee for the District of Delaware and any statutory committee appointed in these chapter 11 cases.

12.    The Debtors are authorized to continue performing Intercompany Transactions in the ordinary course of business and to honor and pay obligations in connection with the Intercompany Transactions.  In addition, all Intercompany Claims against a Debtor by another

4

Debtor affiliate arising after the Petition Date shall be accorded administrative expense priority in accordance with sections 364(b), 503(b) and 507(a)(2) of the Bankruptcy Code.

13.    The Debtors are authorized to assume the Control Agreements with UBS in its capacity as the administrative agent under the ABL Facility and assign such agreements to UBS in its capacity as the administrative agent under the DIP Facility Tranche A in accordance with section 365 of the Bankruptcy Code to the extent the Control Agreements are executory.

14.    The Debtors are authorized to direct the Banks and such Banks are authorized and hereby directed to pay obligations (including, for the avoidance of doubt, obligations arising before the Petition Date) in accordance with this or any separate order of this Court.

15.    With respect to the Banks that are party to a Uniform Depository Agreement with the U.S. Trustee (each an "*Authorized Depository*"), the Debtors shall, within 15 days after the entry of this Order, (a) contact each Authorized Depository, (b) provide each Authorized Depository with each of the Debtors' employer-identification numbers and (c) identify each of the Debtors' accounts held by such Authorized Depository as being held by a debtor in possession.

16.    With respect to the Banks that are not an Authorized Depository, the Debtors shall make a good faith effort to cause such Banks to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee within 45 days of the date of this Order.

17.    Except as otherwise provided in this Order or in a separate order of the Court, the Banks shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued before the Petition Date.

5

18.    As soon as practicable after entry of this Order, the Debtors shall serve a copy of this Order on those Banks that make disbursements pursuant to the Debtors' Cash Management System.

19.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

20.    The requirements set forth in Bankruptcy Rule 6003(b) and (c) are satisfied by the contents of the Motion.

21.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Order shall be immediately effective and enforceable upon its entry.

22.    The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Date: **Jan. 20** , 2011
    Wilmington, Delaware

_____
United States Bankruptcy Judge

6