# <u>Exhibit A</u>

## Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| APPLESEED'S INTERMEDIATE HOLDINGS LLC, *et al.*,[1] | ) | Case No. 11-10160 (KG) |
| Debtors. | ) | Jointly Administered |
| | ) | **Related to Docket No.** |

**ORDER AUTHORIZING THE DEBTORS TO (A) ENTER INTO AN EXIT FINANCING COMMITMENT LETTER AND RELATED FEE LETTER, (B) INCUR AND PAY CERTAIN FEES AND COSTS IN CONNECTION THEREWITH AND (C) FILE THE FEE LETTER UNDER SEAL**

Upon the motion (the "***Motion***")[2] of the Debtors for entry of an order (this "***Order***"), pursuant to sections 105(a), 107(b), 363(b) and 503(b) of the Bankruptcy Code and Rules 6004 and 9018 of the Bankruptcy Rules authorizing the Debtors to: (a) enter into the Exit Financing Documents with the Exit Lenders, (b) incur and pay fees, costs and indemnities in connection therewith and (c) file the Fee Letter under seal; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding in

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Appleseed's Intermediate Holdings LLC (6322); Appleseed's Acquisition, Inc. (5835); Appleseed's Holdings, Inc. (9117); Arizona Mail Order Company, Inc. (6359); Bedford Fair Apparel, Inc. (3551); Blair Credit Services Corporation (5966); Blair Factoring Company (4679); Blair Holdings, Inc. (0022); Blair International Holdings, Inc. (8962); Blair LLC (1670); Blair Payroll, LLC (1670); Draper's & Damon's Acquisition LLC (1760); Draper's & Damon's LLC (2759); Fairview Advertising, LLC (2877); Gold Violin LLC (0873); Haband Acquisition LLC (8765); Haband Company LLC (8496); Haband Oaks, LP (8036); Haband Online, LLC (1109); Haband Operations, LLC (2794); Johnny Appleseed's, Inc. (5560); Linen Source Acquisition LLC (2920); LM&B Catalog, Inc. (5729); Monterey Bay Clothing Company, Inc. (2076); Norm Thompson Outfitters, Inc. (8344); NTO Acquisition Corporation (0995); Orchard Brands Insurance Agency LLC (4858); and Wintersilks, LLC (0688). The Debtors' main corporate address is 138 Conant Street, Beverly, Massachusetts 01915.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

accordance with 28 U.S.C. §§ 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Motion (the "***Hearing***"); and upon consideration of the First Day Declaration, the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Motion is granted to the extent provided herein.

2. The Debtors are authorized to enter into, execute, deliver and perform under the Exit Financing Documents.

3. The Debtors are authorized to incur and shall pay the Pre-Emergence Exit Facility Obligations as and when they come due.

4. The Pre-Emergence Exit Facility Obligations are actual, necessary costs and expenses of preserving the Debtors' estates and shall be treated as allowed administrative expenses under section 503(b) of the Bankruptcy Code and may be paid without further order of the Court.

5. The Debtors are further authorized to take any and all actions necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion and to implement the Exit Financing Documents.

6. The Debtors are authorized to file an unredacted copy of the Fee Letter under

seal, which shall remain under seal and confidential and, with the exception of the Limited Notice Parties, shall not be made available to anyone without the written consent of the Debtors and Exit Lenders or by further order of this Court.

7. Service of the Motion with all exhibits, without transmittal of the Fee Letter to all parties entitled to receive notice of the Motion other than the Limited Notice Parties, is hereby deemed due and sufficient notice under the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

8. The Limited Notice Parties shall be bound by this Order and shall at all times keep the Fee Letter strictly confidential and shall not disclose its contents to any party whatsoever, except as otherwise agreed to in writing by the Debtors and Exit Lenders.

9. This Order shall be binding on all parties in these cases and all successors of any of the Debtors, including any chapter 7 or chapter 11 trustee and any plan agent, administrator or trustee no matter how denominated.

10. The provisions and effect of this Order, any actions taken pursuant to this Order and the respective rights, obligations, remedies and protections provided for herein and therein shall survive the conversion, dismissal or closing of these chapter 11 cases, appointment of a trustee herein or the substantive consolidation of these chapter 11 cases with any other case or cases, and the terms and provision of this Order shall continue in full force and effect notwithstanding the entry of any such order.

11. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Order shall be immediately effective and enforceable upon its entry.

12. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date: _________, 2011

_______________________________________
The Honorable Kevin Gross
United States Bankruptcy Judge