# <u>Exhibit A</u>

## Bidding Procedures Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| APPLESEED'S INTERMEDIATE HOLDINGS LLC, *et al.*,[1] | ) | Case No. 11-10160 (KG) |
| Debtors. | ) | Jointly Administered |
| | ) | **Related to Docket No.** |

**ORDER APPROVING (A) BIDDING PROCEDURES IN CONNECTION WITH THE POTENTIAL SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (B) THE FORM ASSET PURCHASE AGREEMENT, AUCTION NOTICE, PUBLICATION NOTICE AND CONTRACT ASSUMPTION NOTICE AND (C) PROCEDURES FOR DETERMINING CURE AMOUNTS AND ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Upon the motion (the "***Motion***")[2] of the Debtors for entry of an order (this "***Order***") pursuant to sections 105(a), 363(b), (f) and (m), 365, 503 and 507 of the Bankruptcy Code, Bankruptcy Rules 2002(a)(2), 6004(a), (b), (c), (e), (f) and (h), 6006(a), (c) and (d), 7004, 9007 and 9014 and Local Rules 6004-1 for entry of an order (a) establishing the Bidding Procedures, in the form attached hereto as **Exhibit 1** and incorporated herein by reference, in connection with

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Appleseed's Intermediate Holdings LLC (6322); Appleseed's Acquisition, Inc. (5835); Appleseed's Holdings, Inc. (9117); Arizona Mail Order Company, Inc. (6359); Bedford Fair Apparel, Inc. (3551); Blair Credit Services Corporation (5966); Blair Factoring Company (4679); Blair Holdings, Inc. (0022); Blair International Holdings, Inc. (8962); Blair LLC (1670); Blair Payroll, LLC (1670); Draper's & Damon's Acquisition LLC (1760); Draper's & Damon's LLC (2759); Fairview Advertising, LLC (2877); Gold Violin LLC (0873); Haband Acquisition LLC (8765); Haband Company LLC (8496); Haband Oaks, LP (8036); Haband Online, LLC (1109); Haband Operations, LLC (2794); Johnny Appleseed's, Inc. (5560); Linen Source Acquisition LLC (2920); LM&B Catalog, Inc. (5729); Monterey Bay Clothing Company, Inc. (2076); Norm Thompson Outfitters, Inc. (8344); NTO Acquisition Corporation (0995); Orchard Brands Insurance Agency LLC (4858); and Wintersilks, LLC (0688). The Debtors' main corporate address is 138 Conant Street, Beverly, Massachusetts 01915.

2 Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

the potential Sale of substantially all of the Debtors' assets (collectively, the "***Acquired Assets***") following a Triggering Event (as defined herein), (b) approving the form asset purchase agreement, substantially in the form filed with the Court on _____, 2011 [Docket No. ____] (as may be modified pursuant to the Bidding Procedures Order, the "***APA***") to be used with respect to the Sale and entered into between the Debtors and the purchaser of the Acquired Assets (the "***Purchaser***"), (c) approving the form and manner of notice of an auction with respect to the Sale (the "***Auction***"), in the form attached hereto as **Exhibit 2** and incorporated herein by reference (the "***Auction Notice***"), and in a similar form modified for publication (the "***Publication Notice***"), (d) establishing certain procedures (the "***Assumption Procedures***") and notice relating to executory contracts and unexpired leases to be assumed (and, where applicable, assigned) (the "***Assumed Contracts***") in connection with such Sale (the "***Contract Notice***"), in the form attached hereto as **Exhibit 3** and incorporated herein by reference, (e) scheduling a hearing to consider approval of the Sale (the "***Sale Hearing***") and (f) granting certain related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Motion (the "***Hearing***"); and upon consideration of the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested

relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Bidding Procedures attached hereto as **Exhibit 1** are hereby approved. Additionally, the form APA filed by the Debtors on_______, 2011 [Docket No. ____] is hereby approved.

2. All objections to the relief requested in the Motion that have not been withdrawn, waived or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled.

3. Subject to the occurrence of one or more Triggering Events (as defined below), notice of which shall be provided by the Debtors in accordance with the terms hereof, the Debtors shall take any and all actions necessary or appropriate to implement the Bidding Procedures in connection with the Sale; *provided*, *however*, that, for the avoidance of doubt, the Debtors and their advisors may engage in the marketing of the Acquired Assets before the occurrence of a Triggering Event this Order (including the entry into confidentiality agreements with potential purchasers). In addition, the Debtors shall conduct the marketing process in connection with the Sale in accordance with the provisions of the DIP Credit Agreement (including, without limitation, the "Sale Milestones" set forth therein).

4. For purposes of this Order, a "***Triggering Event***" means the occurrence of one or more events that require the Debtors to proceed with the Sale in accordance with the milestones attached as Schedule 8.01(o) to the DIP Credit Agreement.

5. To the extent the Auction occurs, the Administrative Agents, on behalf of the Secured Lenders, shall be deemed to be Qualified Bidders (as such term is defined in the Bidding Procedures) and shall be permitted to credit bid the claims under their respective facilities

consistent with the terms of the order (or orders) authorizing the Debtors to enter into and perform under the DIP Credit Agreement.

6. The Auction Notice, substantially in the form attached hereto as **Exhibit 2** and incorporated herein by reference is hereby approved in connection with the Bidding Procedures. Following the occurrence of one or more Triggering Events, the Debtors will contact the Court to request that the Court schedule the Sale Hearing. Following the scheduling of the Sale Hearing, and no later than seven days after the occurrence of a Triggering Event, the Debtors shall: (a) file the Auction Notice on the Court's docket (the date such notice is filed, the "***Auction Notice Date***") and (b) serve the Auction Notice on the Court's docket and upon the following parties: (i) the Office of the United States Trustee for the District of Delaware (the "***U.S. Trustee***"); (ii) counsel to the statutory committee of unsecured creditors appointed in these chapter 11 cases (each, a "***Committee***"); (iii) counsel to the agents for the Debtors' debtor in possession lenders; (iv) counsel to the agent for the Debtors' prepetition asset-based revolving lending facility; (v) counsel to the agent for the Debtors' prepetition first lien term loan; (vi) counsel to the agent for the Debtors' prepetition second lien notes and unsecured notes; (vii) the Delaware Secretary of State; (h) the Delaware Secretary of Treasury; (viii) the Delaware State Attorney General; (ix) the Office of the United States Attorney General for the State of Delaware; (x) the Internal Revenue Service; (xi) the Securities and Exchange Commission; (xii) counterparties to the Assumed Contracts; (xiii) all persons or entities known or reasonably believed to have asserted an interest in the Acquired Assets; (xiv) all parties who have filed notices of appearance and requests for pleadings in these chapter 11 cases; and (xv) all other known creditors of the Debtors.

7. On or before three days after the Auction Notice Date, the Debtors shall publish the Publication Notice in the National Edition of *The Wall Street Journal*.

8. As further described in the Bidding Procedures, the Debtors shall conduct the Auction at **9:00 a.m. prevailing Eastern time** on a date that is no earlier than 30 days after the commencement of the Debtors' marketing process with respect to the Sale to the extent a Qualifying Bid (as defined in the Bidding Procedures) is timely received at the offices of Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, or at any such other location as the Debtors may hereafter designate (with notice of such of alternate location given to all qualified bidders under the Biding Procedures). The date of the Auction shall be clearly indicated on the Auction Notice as filed with the Court on the Auction Notice Date.

9. To the extent the Auction occurs pursuant to the terms of the Bidding Procedures (a) each bidder participating at the Auction shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale and (b) bidding at the Auction will be transcribed or videotaped.

10. Concurrent with the service of the Auction Notice, but in no event later than seven days after the Auction Notice Date, the Debtors shall serve the Contract Notice on the counterparties to the Assumed Contracts, the Committee and the U.S. Trustee. The Contract Notice will contain the following information: (a) the title of the Assumed Contract to be assumed; (b) the name of the counterparty to the Assumed Contract; (c) any applicable cure costs, if any; (d) the identity of the proposed assignee, if any; and (e) the deadline by which any such counterparty to an Assumed Contract must object. The Contract Notice, substantially in the form attached hereto as **Exhibit 3**, is hereby approved.

11. Objections to proposed cure costs (if any) and adequate assurance of future performance with respect to the Assumed Contracts must: (a) be in writing; (b) set forth the nature of the objector's claims against or interests in the Debtors' estates, and the basis for the objection and the specific grounds therefore; (c) comply with the Bankruptcy Rules, Local Rules and orders of this Court; and (d) be filed with the Court and served upon the Debtors, the Purchaser, the U.S. Trustee and the Committee so as to be **actually received** by the objection deadline set forth in the Contract Notice (which date shall be no later than 14 days before the Sale Hearing).

12. A properly filed and served objection to a Contract Notice will reserve such objecting party's rights against the Debtors with respect to the relevant cure objection, but will not constitute an objection to the proposed assumption of such Assumed Contract.

13. Any counterparty to an Assumed Contract who does not file an objection to the assumption and assignment of such Assumed Contract will be deemed to have waived and released any right to assert an objection to the assumption and assignment of any Assumed Contract and to have otherwise consented to such assumption and assignment will be forever barred and estopped from asserting or claiming against the Debtors, their estates or the Purchaser (or any other assignee of the relevant Assumed Contract) or any member, shareholder or partner of the Purchaser that any additional amounts are due or conditions to assumption and assignment must be satisfied under such Assumed Contract for the period before the date of the Sale Hearing, absent any subsequent defaults by the Purchaser.

14. At the Sale Hearing, the Debtors will seek the entry of an order of this Court approving and authorizing the Sale to the Purchaser. The Sale Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment

being announced in open court or by a notice of adjournment filed with the Court and served on the list of parties entitled to notice.

15. The deadline for filing objections to the Sale or any other remaining relief requested in the Motion (including assumption of the Assumed Contracts) shall be the date that is no later than 14 days before the Sale Hearing at 4:00 p.m. prevailing Eastern Time (the "***Sale Objection Deadline***"), which date shall be clearly indicated on the Auction Notice filed with the Court on the Auction Notice Date. Any objections must: (a) be made in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; (c) state with particularity the legal and factual basis for the objection and if practicable, a proposed modification to the terms of the Sale that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before the Sale Objection Deadline:

| | | |
|---|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn: Joshua A. Sussberg, Esq.<br>Attn: Brian E. Schartz, Esq.<br>601 Lexington Avenue<br>New York, New York 10022-4611 | | **KLEHR HARRISON HARVEY BRANZBUR LLP**<br>Attn: Domenic E. Pacitti, Esq.<br>Attn: Michael Yurkewicz, Esq.<br>Attn: Margaret M. Manning, Esq.<br>919 Market Street, Suite 1000<br>Wilmington, Delaware 19801-3062 |
| | ***Counsel to the Debtors*** | |
| **WINSTON & STRAWN LLP**<br>Attn: William D. Brewer, Esq.<br>200 Park Avenue<br>New York, New York 10166<br><br>***Counsel to the ABL Agent*** | **SIDLEY AUSTIN LLP**<br>Attn: James P. Seery, Jr., Esq.<br>787 Seventh Avenue<br>New York, New York 10019<br><br>***Counsel to the First Lien Agent*** | **KRAMER LEVIN NAFTALIS AND FRANKEL LLP**<br>Attn: Douglas Mannal, Esq.<br>1177 Avenue of the Americas<br>New York, New York 10036<br><br>***Counsel to the Second Lien Agent*** |
| | **THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**<br>Attn: Richard Schepacarter, Esq.<br>844 King Street, Suite 2207<br>Wilmington, Delaware 19801 | |
| | [________]<br>Attn: [________]<br>Attn: [________]<br>[________]<br>[________]<br><br>***Counsel to the Statutory Committee of Unsecured Creditors*** | |

16. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

18. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Date: _____________, 2011
Wilmington, Delaware

______________________________________
Honorable Kevin Gross
United States Bankruptcy Judge

# Exhibit 1 to Exhibit A

# Bidding Procedures

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| APPLESEED'S INTERMEDIATE HOLDINGS LLC, *et al.*,[1] | ) | Case No. 11-10160 (KG) |
| Debtors. | ) | Jointly Administered |

**BIDDING PROCEDURES**

Pursuant to the *Order Approving (A) Bidding Procedures in Connection with the Potential Sale of Substantially all of the Debtors' Assets, (B)the Form Asset Purchase Agreement, Auction Notice, Publication Notice and Contract Assumption Notice and (C) Procedures for Determining Cure Amounts and Assumption of Executory Contracts and Unexpired Leases* (the "***Bidding Procedures Order***"),[2] the bidding procedures (the "***Bidding Procedures***") set forth below (and incorporated by reference in the Bidding Procedures Order) shall be the exclusive mechanism governing the potential sale (the "***Sale***") of substantially all of the assets of the Debtors (collectively the "***Acquired Assets***").

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Appleseed's Intermediate Holdings LLC (6322); Appleseed's Acquisition, Inc. (5835); Appleseed's Holdings, Inc. (9117); Arizona Mail Order Company, Inc. (6359); Bedford Fair Apparel, Inc. (3551); Blair Credit Services Corporation (5966); Blair Factoring Company (4679); Blair Holdings, Inc. (0022); Blair International Holdings, Inc. (8962); Blair LLC (1670); Blair Payroll, LLC (1670); Draper's & Damon's Acquisition LLC (1760); Draper's & Damon's LLC (2759); Fairview Advertising, LLC (2877); Gold Violin LLC (0873); Haband Acquisition LLC (8765); Haband Company LLC (8496); Haband Oaks, LP (8036); Haband Online, LLC (1109); Haband Operations, LLC (2794); Johnny Appleseed's, Inc. (5560); Linen Source Acquisition LLC (2920); LM&B Catalog, Inc. (5729); Monterey Bay Clothing Company, Inc. (2076); Norm Thompson Outfitters, Inc. (8344); NTO Acquisition Corporation (0995); Orchard Brands Insurance Agency LLC (4858); and Wintersilks, LLC (0688). The Debtors' main corporate address is 138 Conant Street, Beverly, Massachusetts 01915.

2 All capitalized terms use but not otherwise defined herein shall have the meanings ascribed to such terms in the Bidding Procedures Order or the form APA, as appropriate.

## I. Confidentiality Agreement / Indicative Bid

The Debtors shall afford interested parties the opportunity to conduct reasonable due diligence on the Acquired Assets. To participate in the process with respect to the Acquired Assets, an interested party must deliver (unless previously delivered) to counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022 (Attn: Joshua A Sussberg, Esq.), an executed confidentiality agreement in form and substance reasonably acceptable to the Debtors. Following delivery of that executed confidentiality agreement, such party will be provided a confidential memorandum/presentation regarding the Acquired Assets. If the party is interested in proceeding further, it must deliver the following (a "***Potential Bid Package***"):

- an executed non-binding indication of interest based upon the information contained in the confidential offering document, which indication of interest shall include certain information as set forth in a separate schedule to be provided by the Debtors upon request; and
- evidence, including audited financial statements (or such other form of financial disclosure and credit-quality support or enhancement reasonably acceptable to the Debtors) sufficient to establish the financial wherewithal of the interested party to complete the contemplated transactions and, to the extent the interested party will rely upon the financial wherewithal of an affiliate, bid partner or other sponsor (each, a "***Sponsor***"), evidence sufficient to establish the financial wherewithal and intent of the Sponsor to provide appropriate financial support.

## II. Notification to Potential Bidders/Due Diligence

A "***Potential Bidder***" is a person or entity that delivers the documents described in Part I above, and that the Debtors determine, after consultation with the committee of unsecured creditors appointed in the Debtors' chapter 11 cases (the "***Committee***"), the Administrative Agents, the DIP Tranche A Administrative Agent and the Tranche A lenders under the DIP Credit Agreement (the "***DIP Facility Tranche A Lenders***"), is reasonably likely (based on the documents and information provided and other considerations deemed relevant by the Debtors)

to submit a bona-fide offer before the Bid Deadline (as defined below) and be able to consummate a Sale if selected as the Purchaser or Alternate Bidder (as such terms are defined below). Upon such determination, the Debtors: (a) shall immediately provide such Potential Bidder with access to a package of confidential evaluation materials and information regarding the Debtors and the Acquired Assets; (b) may schedule management presentations and make management otherwise available to the Potential Bidder before the Bid Deadline (as defined below); and (c) may provide such other financial information and other data related to the Debtors and the Acquired Assets as the Potential Bidder may reasonably request, which shall be deemed to include, in any event, the Debtors' good faith estimate of the potential cure costs associated with each contract or lease to be assumed, *provided*, *however*, that the Debtors shall not be required to provide to any Potential Bidder any information or due diligence access after the Bid Deadline (as defined below).

## III. Determining Qualified Bids and Qualified Bidders

### A. Terms and Conditions of a Qualified Bid

To participate in the bidding process and the Auction, each Potential Bidder (other than the Administrative Agents and the First Lien Consenting Lenders (as defined in the restructuring Support Agreement)) ***must*** deliver (unless previously delivered) to counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022 (Attn: Joshua A Sussberg, Esq.), counsel to the Committee and counsel to the "Tranche A" administrative agent under the DIP Credit Agreement (the "***DIP Facility Tranche A Administrative Agent***"), Winston & Strawn LLP, 35 West Wacker Drive, Chicago, Illinois 60601, Attn: Brian I. Swett (together with counsel to the Debtors and counsel to the DIP Facility Tranche A Administrative Agent, the "***Bid Notice Parties***") a written offer or group of offers (each, a "***Bid***") so as to be

**actually received** by no later than **4:00 p.m. prevailing Eastern time** on the date set forth in the Auction Notice, which date will not be less than five business days before the date of the Auction (the "***Bid Deadline***"). Any such Bid **must**:

- be in writing;
- state that such Potential Bidder offers to purchase the Acquired Assets (or a subset thereof) upon the terms and conditions substantially as set forth in the form APA or pursuant to an alternative structure that the Debtors determine (following consultation with the Committee, the Administrative Agents, the DIP Facility Tranche A Agent and the DIP Facility Tranche A Lenders) is no less favorable than the terms and conditions of the APA;
- state such Potential Bidder is prepared to enter into a legally binding purchase and sale agreement or similar agreement for the acquisition of the Acquired Assets on terms and conditions no less favorable to the Debtors than the terms and conditions contained in the APA (as determined by the Debtors in their reasonable business judgment (following consultation with the Committee, the Administrative Agents, the DIP Facility Tranche A Agent and the DIP Facility Tranche A Lenders)), including, without limitation, the purchase of the Acquired Assets and assumption of the Assumed Contracts;
- be accompanied by a clean and duly executed APA (the "***Modified APA***") and a marked Modified APA reflecting the variations from the form of the APA;
- state such Potential Bidder is financially capable of consummating the transactions contemplated by the Modified APA;
- state such Potential Bidder's offer is irrevocable until the closing of the purchase of the Acquired Assets if such Potential Bidder is determined to be the Purchaser or the Alternate Bidder (each as defined below);
- contain such audited financial and/or other information that will allow the Debtors (following consultation with the Committee, the Administrative Agents, the DIP Facility Tranche A Agent and the DIP Facility Tranche A Lenders) to make a reasonable determination as to the Potential Bidder's financial and other capabilities to consummate the transactions contemplated by the Modified APA, including, such financial and other information setting forth adequate assurance of future performance under section 365 of the Bankruptcy Code in a form requested by the Debtors to allow the Debtors to serve (within one business day after receipt of such information) on counter-parties to any contracts or leases being assigned

in connection with the proposed sale that have requested, in writing, such information;

- identify with particularity each and every Assumed Contract, the assumption and assignment of which is a condition precedent to closing;

- not request or entitle the Potential Bidder to any transaction or break-up fee, expense reimbursement, or similar type of payment;

- not include a credit bid by the holder of a lien on equipment and related property of any Debtor (other than the Administrative Agents as provided for herein) such that the offer would make the sale of the remainder of property reasonably impractical at what would otherwise be the highest or best terms, as the case may be, available to the Debtors' estates;

- fully disclose the identity of each legal entity or person that will be bidding for the Acquired Assets or otherwise participating in connection with such Bid, and the complete terms of any such participation;

- (a) not contain any due diligence or financing contingencies of any kind and (b) contain evidence that the Potential Bidder has received debt and/or equity funding commitments or has financial resources readily available and sufficient in the aggregate to finance the purchase of the Acquired Assets, which evidence is reasonably satisfactory to the Debtors (following consultation with the Committee, the Administrative Agents, the DIP Facility Tranche A Agent and the DIP Facility Tranche A Lenders);

- include evidence of authorization and approval from the Potential Bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of the Modified APA;

- include an acknowledgement and representation that the Potential Bidder: (a) has had an opportunity to conduct any and all due diligence regarding the Acquired Assets before making its Bid, (b) has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Acquired Assets in making its Bid, (c) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Acquired Assets or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in the APA or the Modified APA and (d) agrees that any non-disclosure agreement or confidentiality agreement entered into with the Debtors shall be enforceable by the Purchaser;

- be in an amount that the Debtors deem, in their sole discretion (following consultation with the Committee, the Administrative Agents, the DIP

Facility Tranche A Agent and the DIP Facility Tranche A Lenders), to be a sufficient offer for the Acquired Assets; and

- be accompanied by a cash deposit in the amount of 10% of the Potential Bidder's respective Bid (the "***Good Faith Deposit***").

**FOR THE AVOIDANCE OF DOUBT, POTENTIAL BIDDERS SHOULD BE AWARE THAT ANY POTENTIAL BIDDER THAT DOES NOT SUBMIT A BID BY THE BID DEADLINE WILL <u>NOT</u> BE ALLOWED TO (1) PARTICIPATE IN THE AUCTION UNDER ANY CIRCUMSTANCES OR (2) SUBMIT ANY OFFER AFTER THE BID DEADLINE OR AFTER THE AUCTION.**

**B. Terms and Conditions of a Qualified Bidder**

After the Debtors have determined, following consultation with the Committee, the Administrative Agents, the DIP Facility Tranche A Agent and the DIP Facility Tranche A Lenders, that a Bid satisfies each of the conditions set forth in Part III.A, above, the Debtors shall promptly notify the Potential Bidder who submitted such Bid, in writing, with a copy to the Committee, the DIP Facility Tranche A Administrative Agent and the DIP Facility Tranche A Lenders, that it has submitted a "***Qualified Bid***' and has been selected as a "***Qualified Bidder***;" *provided*, *however*, that the Debtors reserve the right, after consultation with the Committee, the Administrative Agents and the DIP Facility Tranche A Agent, to reject any Bid if the Debtors determines that such Bid is inadequate or insufficient or the Debtors determine that such Bid is not in conformity with the requirements of the Bankruptcy Code or any related rules or is otherwise contrary to the best interests of the Debtors and their estate; *provided*, *further*, that the Debtors reserve the right, after consultation with the Committee, the Administrative Agents, the DIP Facility Tranche A Agent and the DIP Facility Tranche A Lenders, to accept a Bid as a Qualified Bid if the Debtors determine that such Bid substantially complies with the requirements set forth herein.

Promptly after determining that any Potential Bidder who has submitted a Bid does not appear to qualify as a Qualified Bidder, the Debtors shall notify such Potential Bidder of this determination and in good faith seek to resolve any impediment to the Potential Bidder becoming a Qualified Bidder. Any party may seek the Court's review of the determination that a Potential Bidder is or is not a Qualified Bidder; *provided*, *however*, that any such challenge must be raised and concluded before the commencement of the Auction, or if no Auction is held, before the Sale Hearing (as defined below). The determination of a Qualified Bidder shall become irrevocable and unreviewable once the Auction or the Sale Hearing, as applicable, has commenced.

The Administrative Agents, on behalf of the Secured Lenders, are deemed to be Qualified Bidders, shall not be required to satisfy the requirements set forth in Section III.A. hereof, and shall be permitted to credit bid the claims under their respective credit facilities; *provided*, *however*, if the First Lien Agent does not credit bid at the Auction, the Consenting First Lien Lenders (as defined in the Restructuring Support Agreement) shall (i) be deemed to be Qualified Bidders, (ii) not be required to satisfy the requirements set forth in Section III.A. hereof and (iii) be able to credit bid the First Lien Claims (as defined in the Restructuring Support Agreement) in accordance with section 3.3 of the Restructuring Support Agreement.

Notwithstanding anything to the contrary herein, the Debtors reserve the right, in their reasonable business judgment after consultation with the Committee, the Administrative Agents, the DIP Facility Tranche A Agent and the DIP Facility Tranche A Lenders, at any time after the Bid Deadline, to invite parties that have not previously submitted Bids to do so such that they may be considered pursuant to the procedures set forth in the Bidding Procedures. The Debtors may also extend the Bid Deadline, following consultation with the Committee, the Administrative Agents and the DIP Facility Tranche A Administration Agent and the DIP

Facility Tranche A Lenders, once or successively, but are not obligated to do so. If the Debtors extend the Bid Deadline, they will promptly notify all Potential Bidders (and Qualified Bidders, if any) of such extension.

### C. Negotiation and Modification of Qualified Bids Before the Auction

Between the Bid Deadline and the Auction, the Debtors (following consultation with the Committee, the Administrative Agents, the DIP Facility Tranche A Agent and the DIP Facility Tranche A Lenders) may discuss, negotiate or seek clarification of any Qualified Bid from a Qualified Bidder. Without the written consent of the Debtors, a Qualified Bidder may not modify, amend or withdraw its Qualified Bid, except for proposed amendments to increase the purchase price or otherwise improve the terms of the Qualified Bid for the Debtors, during the period that such Qualified Bid remains binding as specified herein; *provided*, *however*, that any Qualified Bid may be improved at the Auction as set forth herein.

## IV. The Auction

### A. Notice of the Auction

If the Bid Notice Parties receive a Qualified Bid other than a credit bid by the Administrative Agents, the Auction will be held on **9:00 a.m. prevailing Eastern time** on a date that is no earlier than five business days after the Bid Deadline at the offices of Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, or at any such other location as the Debtors may hereafter designate (with notice of such alternate location given to all Qualified Bidders and the Bid Notice Parties). On or before **4:00 p.m. prevailing Eastern time** on the date that is two business days before the Auction, the Debtors shall provide each Qualified Bidder, the Committee, the Administrative Agents, the DIP Facility Tranche A Administration Agent and the DIP Facility Tranche A Lenders with the following:

- written notice of the Auction; and

- a copy of the Qualified Bid the Debtors have determined, after consultation with the Committee, the Administrative Agents, the DIP Facility Tranche A Agent and the DIP Facility Tranche A Lenders, constitutes the highest or otherwise best offer among the Qualified Bids (including any credit bid by the Administrative Agents) and with which it intends to commence the Auction (the "***Pre-Auction Prevailing Bid***").

**B. Attendance at and Participation in the Auction**

In addition to the Debtors and their advisors, the only parties eligible to participate in the Auction shall be: (i) representatives and advisors to the Administrative Agents; (ii) representatives and advisors to the DIP Facility Tranche A Administration Agent and the DIP Facility Tranche A Lenders; (iii) representatives and advisors to the Committee; (iv) Qualified Bidders (as well as such Qualified Bidder's advisors and representatives); and (v) the U.S. Trustee. The Qualified Bidders shall appear in person at the Auction, or through a duly authorized representative. In addition, each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale.

**C. Auction Procedures**

The Auction shall be governed by the following procedures:

- the Debtors and their professionals shall direct and preside over the Auction;

- at the commencement of the Auction, the Debtors shall announce and describe the terms of the Pre-Auction Prevailing Bid, as determined by the Debtors;

- only the Qualifying Bidders shall be entitled to make any subsequent bids at the Auction;

- bidding shall commence at the amount of the Pre-Auction Prevailing Bid; *provided*, *however*, that if the highest Qualifying Bid does not conform to one or more of the bidding requirements, but the Debtors determine (following consultation with the Committee, the Administrative Agents, the DIP Facility Tranche A Agent and the DIP Facility Tranche A Lenders) that such bid is to be treated as a Qualifying Bid, then any Qualifying Bidder will have the opportunity to submit a bid at the Auction on the same basis;

- Qualifying Bidders may then submit successive bids in increments of at least $500,000 higher than the bid at which the Auction commenced and then continue in minimum increments of at least $500,000 higher than the previous bid (the "***Overbid Increment***"); *provided*, *however*, that the Debtors shall retain (following consultation with the Committee, the Administrative Agents, the DIP Facility Tranche A Agent and the DIP Facility Tranche A Lenders) the right to modify the Overbid Increment at the Auction;

- the Auction will be conducted in a manner as determined by the Debtors, after consultation with the Committee, the Administrative Agents, the DIP Facility Tranche A Agent and the DIP Facility Tranche A Lenders, but with each Qualifying Bidder being informed of the terms of the previous Bid;

- all Qualifying Bidders shall have the right to submit additional Bids and make additional modifications to their respective Modified APA at the Auction; *provided*, *however*, that any such modifications to the Modified APA, on an aggregate basis and viewed in whole, shall not be less favorable to the Debtors than any prior Bid by such Qualifying Bidder; and

- the Debtors shall have the right to request any additional financial information that will allow the Debtors to make a reasonable determination (following consultation with the Committee, the Administrative Agents, the DIP Facility Tranche A Agent and the DIP Facility Tranche A Lenders) as to the Qualifying Bidder's financial and other capabilities to consummate the transactions contemplated by the Modified APA (as may be further amended during the Auction).

The concluding date and time of the Auction shall be stated on the record at the Auction.

## V. Acceptance of the Bid from the Purchaser

At the close of the Auction, the Debtors, in the exercise of their business judgment (following consultation with the Committee, the Administrative Agents, the DIP Facility Tranche A Agent and the DIP Facility Tranche A Lenders), shall: (i) review and consider each Qualifying Bid, on the basis of the amount of the purchase price, the form of consideration being offered, the likelihood of the Qualifying Bidder's ability to close a transaction and the timing thereof, the number, type and nature of any change reflected in the Modified APA (as requested by each Qualified Bidder) and the net benefit to the Debtors' estates, (ii) identify the Qualified

Bidder with the highest or otherwise best Bid for the Acquired Assets received at the Auction (the "***Purchaser***") and (iii) identify the Qualified Bidder with the next highest or otherwise best Bid (the "***Alternate Bidder***").

In announcing the Purchaser and the Alternate Bidder, the Debtors shall announce the materials terms of each of their respective Bids, the basis for determining the total consideration offered and the resulting calculated benefit of each such Bid to the Debtors' estates. After announcing the Purchaser and Alternate Bidder and after the Purchaser has submitted a fully executed APA memorializing the terms of its Bid, the Debtors shall declare the Auction closed.

The Debtors intend the Purchaser to consummate the sale pursuant to the Modified APA agreed to by the Debtors and the Purchaser. The Debtors shall be bound by the Purchaser's Bid only when such Bid has been approved by the Court at the Sale Hearing.

Except as otherwise provided in the form of the Modified APA agreed to by the Debtors and the Purchaser, and to the fullest extent permitted by the jurisdiction of the Court, all of the Debtors' right, title and interest in and to the Acquired Assets shall be sold free and clear of all Encumbrances (other than those identified in the Modified APA), with such Encumbrances attaching to the proceeds of the Sale with the same validity and priority as the Encumbrances had on the Acquired Assets immediately before the Sale.

In the event that the Debtors fail to consummate the Sale with the Purchaser as a result of a breach by the Purchaser, the Debtors specifically reserve the right to seek damages from such the Purchaser and its Sponsors and other bid participants, if any.

## VI. The Sale Hearing

The Sale Hearing to consider whether the Sale Order should be approved shall be held no later than five days after the close of the Auction or as soon thereafter as counsel may be heard, in the Courtroom of the Honorable Kevin Gross, and may be adjourned from time to time without further notice.

At the Sale Hearing, if no Qualified Bid was received (other than a credit bid by the Administrative Agents), the Debtors will seek entry of the Sale Order, *inter alia*, authorizing and approving the Sale to the Administrative Agents pursuant to the terms and conditions set forth in the executed APA, or in the alternative, if a Qualified Bid (other than a credit bid by the Administrative Agents) was identified as the Purchaser at the Auction, to the Purchaser pursuant to the form of the Modified APA agreed to by the Debtors and the Purchaser.

## VII. The Second Highest or Best Bid

The Alternate Bidder will be required to keep its Bid open, binding and irrevocable until the closing of the Sale. If for any reason the Purchaser fails to consummate the Sale within the time permitted in the Modified APA, the Alternate Bidder will automatically be deemed to have submitted the highest or otherwise best Bid and the Debtors will be authorized, but not required, to consummate the Sale with the Alternate Bidder without further order of the Court. At the Sale Hearing, the Debtors will seek approval to sell the Acquired Assets to the Alternate Bidder on the terms of its Bid without further notice or order of the Court.

## VIII. Treatment of Each Good Faith Deposit

Each Good Faith Deposit shall be held by the Debtors and will be forfeited to the Debtors if (a) the applicable Qualified Bidder attempts to modify, amend or withdraw its Bid, except for proposed amendments to increase the purchase price or otherwise improve the terms of the Bid for the Debtors, during the time the Bid remains binding and irrevocable under the Bidding Procedures or (b) the Qualified Bidder is selected as the Purchaser or Alternate Bidder (except where the Debtors determine not to consummate the Sale with the Alternate Bidder) and fails to consummate the purchase of the Acquired Assets according to the Bidding Procedures. The Debtors shall promptly return to the applicable Qualified Bidder any Good Faith Deposit from (a) a Potential Bidder that the Debtors determine not to be a Qualified Bid, (b) a Qualified Bidder that the Debtors does not select to be the Purchaser or the Alternate Bidder at the Auction and (c) the Alternate Bidder, upon the closing of the Sale with the Purchaser.

## IX. Reservation of Rights; Deadline Extension

The Debtors reserve their rights (following consultation with the Committee, the Administrative Agents, the DIP Facility Tranche A Agent and the DIP Facility Tranche A Lenders) to modify the Bidding Procedures or impose, at or before the Auction, additional customary terms and conditions on the Sale, including extending the deadlines set forth herein, modifying the Overbid Increment, adjourning the Auction and/or adjourning the Sale Hearing in open court without further notice, withdrawing from the Auction any or all of the Acquired Assets at any time prior to or during the Auction, or canceling the Auction.

* * *

**Exhibit 2 to Exhibit A**

**Auction Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| APPLESEED'S INTERMEDIATE HOLDINGS LLC, *et al.*,[1] | ) | Case No. 11-10160 (KG) |
| Debtors. | ) | Jointly Administered |

**NOTICE OF IMPLEMENTATION OF**
**BIDDING PROCEDURES ORDER AND THE POTENTIAL**
**SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS**

**PLEASE TAKE NOTICE THAT** on January 24, 2011, Appleseed's Intermediate Holdings LLC d/b/a Orchard Brands and its affiliated debtors and debtors in possession (collectively, the "***Debtors***"), filed the *Debtors' Motion for Entry of (I) an Order Approving (A) Bidding Procedures in Connection with the Potential Sale of Substantially All of the Debtors' Assets, (B) the Form Asset Purchase Agreement, Auction Notice, Publication Notice and Contract Assumption Notice, (C) Procedures for Determining Cure Amounts and Assumption of Executory Contracts and Unexpired Leases; and (II) an Order (A) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims and Encumbrances, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith and (C) Granting Related Relief* (the "***Motion***").

**PLEASE TAKE FURTHER NOTICE THAT** on ________, 2011, the United States Bankruptcy Court for the District of Delaware (the "***Court***") entered an order approving the Bidding Procedures contemplated in the Motion (the "***Bidding Procedures Order***").

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Appleseed's Intermediate Holdings LLC (6322); Appleseed's Acquisition, Inc. (5835); Appleseed's Holdings, Inc. (9117); Arizona Mail Order Company, Inc. (6359); Bedford Fair Apparel, Inc. (3551); Blair Credit Services Corporation (5966); Blair Factoring Company (4679); Blair Holdings, Inc. (0022); Blair International Holdings, Inc. (8962); Blair LLC (1670); Blair Payroll, LLC (1670); Draper's & Damon's Acquisition LLC (1760); Draper's & Damon's LLC (2759); Fairview Advertising, LLC (2877); Gold Violin LLC (0873); Haband Acquisition LLC (8765); Haband Company LLC (8496); Haband Oaks, LP (8036); Haband Online, LLC (1109); Haband Operations, LLC (2794); Johnny Appleseed's, Inc. (5560); Linen Source Acquisition LLC (2920); LM&B Catalog, Inc. (5729); Monterey Bay Clothing Company, Inc. (2076); Norm Thompson Outfitters, Inc. (8344); NTO Acquisition Corporation (0995); Orchard Brands Insurance Agency LLC (4858); and Wintersilks, LLC (0688). The Debtors' main corporate address is 138 Conant Street, Beverly, Massachusetts 01915.

**PLEASE TAKE FURTHER NOTICE THAT** the Bidding Procedures Order contemplates that the Debtors will proceed with an auction (the "***Auction***") and sale of substantially all of their assets (the "***Sale***") pursuant to the bidding procedures set forth therein (the "***Bidding Procedures***") in the event one or more "Triggering Events" occurs, as described in the Motion and the Bidding Procedures Order.

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to the Bidding Procedures Order, the Debtors are required to provide all stakeholders with notice of the occurrence of a Triggering Event within seven days of the occurrence of such Triggering Event.

**PLEASE TAKE FURTHER NOTICE THAT** **as of ________, 2011, one or more Triggering Events has occurred**.

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to the Bidding Procedures Order, any party wishing to participate in the Auction must do so in accordance with the Bidding Procedures Order, including the submission of a potential bid such that it is **actually received no later than ________, 2011 at 4:00 p.m. prevailing Eastern Time** by the parties identified in the Bidding Procedure Order.

**PLEASE TAKE FURTHER NOTICE THAT** if the Debtors receive qualified competing bids within the requirements and time frame specified by the Bidding Procedures, the Debtors will conduct the Auction on **________, 2011 at 4:00 p.m. prevailing Eastern Time** at the offices of Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, or at any such other location as the Debtors may hereafter designate (with notice of such of alternate location given to all qualified bidders under the Biding Procedures).

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors will seek approval of the Sale before the Honorable Kevin Gross, United States Bankruptcy Judge, on ________, 2011 at __:__ prevailing Eastern time, 824 Market Street, Third Floor, Wilmington, Delaware 19801, to consider the entry of an order approving, among other things, the Sale (the "***Sale Hearing***"). Please be advised that the Sale Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Court and served on the list of parties entitled to notice.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Motion, the Bidding Procedures, the Bidding Procedures Order or related documents, you should contact Kurtzman Carson Consultants LLC, the voting and claims agent retained by the Debtors in these chapter 11 cases, by: (a) calling the Debtors' restructuring hotline at 855-927-7081 (international 310-751-2653); (b) visiting the Debtors' restructuring website at: www.kccllc.net/appleseeds; (c) e-mailing the Debtors at appleseedsinfo@kccllc.com and/or (d) writing to Appleseed's Intermediate Holdings LLC, c/o Kurtzman Carson Consultants, 2335 Alaska Avenue, El Segundo, California 90245. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.deb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Sale or any other remaining relief requested in the Motion is **________, 2011 at 4:00 p.m.**

**prevailing Eastern Time**. Any objections **must**: (a) be made in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; (c) state with particularity the legal and factual basis for the objection and if practicable, a proposed modification to the terms of the Sale that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **________, 2011 at 4:00 p.m. prevailing Eastern Time**:

| | | |
|---|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn: Joshua A. Sussberg, Esq.<br>Attn: Brian E. Schartz, Esq.<br>601 Lexington Avenue<br>New York, New York 10022-4611 | | **KLEHR HARRISON HARVEY BRANZBUR LLP**<br>Attn: Domenic E. Pacitti, Esq.<br>Attn: Michael Yurkewicz, Esq.<br>Attn: Margaret M. Manning, Esq.<br>919 Market Street, Suite 1000<br>Wilmington, Delaware 19801-3062 |
| | ***Counsel to the Debtors*** | |
| **WINSTON & STRAWN LLP**<br>Attn: William D. Brewer, Esq.<br>200 Park Avenue<br>New York, New York 10166<br><br>***Counsel to the ABL Agent*** | **SIDLEY AUSTIN LLP**<br>Attn: James P. Seery, Jr., Esq.<br>787 Seventh Avenue<br>New York, New York 10019<br><br>***Counsel to the First Lien Agent*** | **KRAMER LEVIN NAFTALIS AND FRANKEL LLP**<br>Attn: Douglas Mannal, Esq.<br>1177 Avenue of the Americas<br>New York, New York 10036<br><br>***Counsel to the Second Lien Agent*** |
| | **THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**<br>Attn: Richard Schepacarter, Esq.<br>844 King Street, Suite 2207<br>Wilmington, Delaware 19801 | |
| | [________]<br>Attn: [________]<br>Attn: [________]<br>[________]<br>[________]<br><br>***Counsel to the Statutory Committee of Unsecured Creditors*** | |

*[Remainder of page intentionally left blank.]*

Dated: _______, 2011
Wilmington, Delaware

*/s/ Domenic E. Pacitti*

Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
Margaret M. Manning (DE Bar No. 4183)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801-3062
Telephone: (302) 426-1189
Facsimile: (302) 426-9193

\- and -

Richard M. Cieri (admitted *pro hac vice*)
Joshua A. Sussberg (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022–4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**Exhibit 3 to Exhibit A**

**Contract Assumption Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| APPLESEED'S INTERMEDIATE HOLDINGS LLC, *et al.*,[1] | ) | Case No. 11-10160 (KG) |
| Debtors. | ) | Jointly Administered |

**NOTICE OF PROPOSED ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE POTENTIAL SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS**

**PLEASE TAKE NOTICE THAT** on January 24, 2011, Appleseed's Intermediate Holdings LLC d/b/a Orchard Brands and its affiliated debtors and debtors in possession (collectively, the "***Debtors***"), filed the *Debtors' Motion for Entry of (I) an Order Approving (A) Bidding Procedures in Connection with the Potential Sale of Substantially All of the Debtors' Assets, (B) the Form Asset Purchase Agreement, Auction Notice, Publication Notice and Contract Assumption Notice, (C) Procedures for Determining Cure Amounts and Assumption of Executory Contracts and Unexpired Leases; and (II) an Order (A) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims and Encumbrances, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith and (C) Granting Related Relief* (the "***Motion***").

**PLEASE TAKE FURTHER NOTICE THAT** on ________, 2011, the United States Bankruptcy Court for the District of Delaware (the "***Court***") entered an order approving the Bidding Procedures contemplated in the Motion (the "***Bidding Procedures Order***").

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Appleseed's Intermediate Holdings LLC (6322); Appleseed's Acquisition, Inc. (5835); Appleseed's Holdings, Inc. (9117); Arizona Mail Order Company, Inc. (6359); Bedford Fair Apparel, Inc. (3551); Blair Credit Services Corporation (5966); Blair Factoring Company (4679); Blair Holdings, Inc. (0022); Blair International Holdings, Inc. (8962); Blair LLC (1670); Blair Payroll, LLC (1670); Draper's & Damon's Acquisition LLC (1760); Draper's & Damon's LLC (2759); Fairview Advertising, LLC (2877); Gold Violin LLC (0873); Haband Acquisition LLC (8765); Haband Company LLC (8496); Haband Oaks, LP (8036); Haband Online, LLC (1109); Haband Operations, LLC (2794); Johnny Appleseed's, Inc. (5560); Linen Source Acquisition LLC (2920); LM&B Catalog, Inc. (5729); Monterey Bay Clothing Company, Inc. (2076); Norm Thompson Outfitters, Inc. (8344); NTO Acquisition Corporation (0995); Orchard Brands Insurance Agency LLC (4858); and Wintersilks, LLC (0688). The Debtors' main corporate address is 138 Conant Street, Beverly, Massachusetts 01915.

**PLEASE TAKE FURTHER NOTICE THAT** the Bidding Procedures Order contemplates that the Debtors will proceed with an auction (the "***Auction***") and sale (the "***Sale***") of substantially all of their assets (the "***Acquired Assets***") pursuant to the bidding procedures set forth in the Bidding Procedures Order (the "***Bidding Procedures***") in the event one or more "Triggering Events" occurs, as described in the Motion and the Bidding Procedures Order.

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to the Bidding Procedures Order, the Debtors are required to provide all stakeholders with notice of the occurrence of a Triggering Event within seven days of the occurrence of such Triggering Event.

**PLEASE TAKE FURTHER NOTICE THAT as of ________, 2011, one or more Triggering Events has occurred**.

**PLEASE TAKE FURTHER NOTICE THAT** upon the closing of the Sale, the Debtors intend to assume and assign to Purchaser of the Acquired Assets the executory contracts and unexpired leases (collectively, the "***Assumed Contracts***") identified on **Exhibit 1** hereto (the "***Assumption Schedule***"). The determination to assume the Assumed Contracts identified on the Assumption Schedule was made as of ________, 2011, and is subject to revision.

**PLEASE TAKE FURTHER NOTICE THAT you are receiving this notice because the Debtors' records reflect that you are a party to an Assumed Contract listed on the Assumption Schedule. Therefore, you are advised to review carefully the information contained in this notice, the Bidding Procedures and the Bidding Procedures Order.**

**PLEASE TAKE FURTHER NOTICE that the Debtors are proposing to assume the executory contract(s) or unexpired lease(s) listed below to which you are a party**:[2]

| Counterparty Name | Description of Contract | Amount Required to Cure Default Thereunder, if any |
|---|---|---|
| | | $[_____] |

2 Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease in this notice, nor anything contained in each Debtor's schedule of assets and liabilities, shall constitute an admission by the Debtors that any such contract or lease is in fact an executory contract or unexpired lease capable of assumption, that any Debtor(s) has any liability thereunder or that such executory contract or unexpired lease is necessarily a binding and enforceable agreement. Further, the Debtors expressly reserve the right to (a) remove any executory contract or unexpired lease from the list attached to this notice and reject such executory contract or unexpired lease and (b) contest any claim (or cure amount) asserted in connection with assumption of any executory contract or unexpired lease.

**PLEASE TAKE FURTHER NOTICE THAT** section 365(b)(1) of the Bankruptcy Code requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure, any defaults under executory contracts and unexpired leases at the time of assumption. Accordingly, the Debtors have conducted a thorough review of their books and records and have determined the amounts required to cure defaults, if any, under the executory contract(s) or unexpired lease(s), which amounts are listed in the table above. Please note that if no amount is stated for a particular executory contract or unexpired lease, the Debtors believe that there is no cure amount outstanding for such contract or lease.

**PLEASE TAKE FURTHER NOTICE THAT** absent any pending dispute, the monetary amounts required to cure any existing defaults arising under the executory contract(s) or unexpired lease(s) identified above will be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by the Debtors in cash upon the closing of the Sale. In the event of a dispute, however, payment of the cure amount would be made following the entry of a final order(s) resolving the dispute and approving the assumption. If an objection to the proposed assumption or related cure amount is sustained by the Court, the Debtors may elect to reject such executory contractor unexpired lease in lieu of assuming it.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors will seek approval of the Sale (and assumption of the Assumed Contracts) before the Honorable Kevin Gross, United States Bankruptcy Judge, on ________, 2011 at __:__ prevailing Eastern time, 824 Market Street, Third Floor, Wilmington, Delaware 19801 (the "***Sale Hearing***"). Please be advised that the Sale Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Court and served on the list of parties entitled to notice.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Motion, the Bidding Procedures, the Bidding Procedures Order or related documents, you should contact Kurtzman Carson Consultants LLC, the voting and claims agent retained by the Debtors in these chapter 11 cases, by: (a) calling the Debtors' restructuring hotline at 855-927-7081 (international 310-751-2653); (b) visiting the Debtors' restructuring website at: www.kccllc.net/appleseeds; (c) e-mailing the Debtors at appleseedsinfo@kccllc.com and/or (d) writing to Appleseed's Intermediate Holdings LLC, c/o Kurtzman Carson Consultants, 2335 Alaska Avenue, El Segundo, California 90245. You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.deb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Sale or any other remaining relief requested in the Motion (including assumption of the Assumed Contracts) is ________, 2011 at 4:00 p.m. prevailing Eastern Time. Any objections must: (a) be made in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; (c) state with particularity the legal and factual basis for the objection and if practicable, a proposed modification to the terms of the Sale that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **________, 2011 at 4:00 p.m. prevailing Eastern Time**:

<table>
<tr><td colspan="3">KIRKLAND & ELLIS LLP<br>Attn: Joshua A. Sussberg, Esq.<br>Attn: Brian E. Schartz, Esq.<br>601 Lexington Avenue<br>New York, New York 10022-4611<br><br>KLEHR HARRISON HARVEY BRANZBUR LLP<br>Attn: Domenic E. Pacitti, Esq.<br>Attn: Michael Yurkewicz, Esq.<br>Attn: Margaret M. Manning, Esq.<br>919 Market Street, Suite 1000<br>Wilmington, Delaware 19801-3062<br><br>Counsel to the Debtors</td></tr>
<tr><td>WINSTON & STRAWN LLP<br>Attn: William D. Brewer, Esq.<br>200 Park Avenue<br>New York, New York 10166<br><br>Counsel to the ABL Agent</td><td>SIDLEY AUSTIN LLP<br>Attn: James P. Seery, Jr., Esq.<br>787 Seventh Avenue<br>New York, New York 10019<br><br>Counsel to the First Lien Agent</td><td>KRAMER LEVIN NAFTALIS AND FRANKEL LLP<br>Attn: Douglas Mannal, Esq.<br>1177 Avenue of the Americas<br>New York, New York 10036<br><br>Counsel to the Second Lien Agent</td></tr>
<tr><td colspan="3">THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE<br>Attn: Richard Schepacarter, Esq.<br>844 King Street, Suite 2207<br>Wilmington, Delaware 19801</td></tr>
<tr><td colspan="3">[________]<br>Attn: [________]<br>Attn: [________]<br>[________]<br>[________]<br><br>Counsel to the Statutory Committee of Unsecured Creditors</td></tr>
</table>

**PLEASE TAKE FURTHER NOTICE THAT any counterparty to an Assumed Contract that fails to object timely to the proposed assumption or cure amount will be deemed to have assented to such assumption and cure amount.**

**PLEASE TAKE FURTHER NOTICE THAT ASSUMPTION OF ANY EXECUTORY CONTRACT OR UNEXPIRED LEASE PURSUANT TO THE SALE OR OTHERWISE SHALL RESULT IN THE FULL RELEASE AND SATISFACTION OF ANY CLAIMS OR DEFAULTS, WHETHER MONETARY OR NONMONETARY, INCLUDING DEFAULTS OF PROVISIONS RESTRICTING THE CHANGE IN CONTROL OR OWNERSHIP INTEREST COMPOSITION OR OTHER BANKRUPTCY-RELATED DEFAULTS, ARISING UNDER ANY ASSUMED EXECUTORY CONTRACT OR UNEXPIRED LEASE AT ANY TIME BEFORE THE DATE OF THE DEBTORS OR REORGANIZED DEBTORS ASSUME SUCH EXECUTORY CONTRACT OR UNEXPIRED LEASE. ANY PROOFS OF CLAIM FILED WITH RESPECT TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT HAS BEEN ASSUMED SHALL BE DEEMED DISALLOWED AND EXPUNGED, WITHOUT FURTHER NOTICE TO OR ACTION, ORDER OR APPROVAL OF THE COURT.**

Dated: ________, 2011
Wilmington, Delaware

*/s/ Domenic E. Pacitti*

Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
Margaret M. Manning (DE Bar No. 4183)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801-3062
Telephone: (302) 426-1189
Facsimile: (302) 426-9193

- and -

Richard M. Cieri (admitted *pro hac vice*)
Joshua A. Sussberg (admitted *pro hac vice*)
Brian E. Schartz (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022–4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

# Exhibit 1

## Assumption Schedule