**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| APPLESEED'S INTERMEDIATE | ) | Case No. 11-10160 (KG) |
| HOLDINGS LLC, | ) |  |
|  | ) |  |
| Debtor. | ) | Jointly Administered |
|  | ) | Under Case No. 11-10160 (KG) |
|  | ) |  |

## DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| APPLESEED'S INTERMEDIATE | ) | Case No. 11-10160 (KG) |
| HOLDINGS LLC, *et al.*,[1] | ) |  |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

## GLOBAL NOTES, METHODOLOGY AND SPECIFIC
## DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF
## ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

Appleseed's Intermediate Holdings LLC d/b/a Orchard Brands ("*AIH*") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "*Debtors*"), with the assistance of their proposed advisors, have filed their respective Schedules of Assets and Liabilities (the "*Schedules*") and Statements of Financial Affairs (the "*Statements*") with the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*"), pursuant to section 521 of title 11 of the United States Code (the "*Bankruptcy Code*") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*").

Mr. T. Neale Attenborough has signed each of the Schedules and Statements. Mr. Attenborough is the Chief Executive Officer of AIH and authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Attenborough has relied upon the efforts, statements and representations of various personnel employed by the Debtors. Mr. Attenborough has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Appleseed's Intermediate Holdings LLC (6322); Appleseed's Acquisition, Inc. (5835); Appleseed's Holdings, Inc. (9117); Arizona Mail Order Company, Inc. (6359); Bedford Fair Apparel, Inc. (3551); Blair Credit Services Corporation (5966); Blair Factoring Company (4679); Blair Holdings, Inc. (0022); Blair International Holdings, Inc. (8962); Blair LLC (1670); Blair Payroll, LLC (1670); Draper's & Damon's Acquisition LLC (1760); Draper's & Damon's LLC (2759); Fairview Advertising, LLC (2877); Gold Violin LLC (0873); Haband Acquisition LLC (8765); Haband Company LLC (8496); Haband Oaks, LP (8036); Haband Online, LLC (1109); Haband Operations, LLC (2794); Johnny Appleseed's, Inc. (5560); Linen Source Acquisition LLC (2920); LM&B Catalog, Inc. (5729); Monterey Bay Clothing Company, Inc. (2076); Norm Thompson Outfitters, Inc. (8344); NTO Acquisition Corporation (0995); Orchard Brands Insurance Agency LLC (4858); and Wintersilks, LLC (0688). The Debtors' main corporate address is 138 Conant Street, Beverly, Massachusetts 01915.

These Global Notes, Methodology and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "**Global Notes**") pertain to, are incorporated by reference in and comprise an integral part of all of the Debtors' Schedules and Statements. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

In preparing the Schedules and Statements, the Debtors relied upon financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised or subsequent information, may cause a material change to the Schedules and Statements. Accordingly, the Debtors reserve all of their rights to amend, supplement or otherwise modify the Schedules and Statements as is necessary and appropriate. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

## Global Notes and Overview of Methodology

**Reservation of Rights**. Nothing contained in the Schedules and Statements shall constitute a waiver of the Debtors' rights or an admission with respect to their chapter 11 cases, including any issues involving substantive consolidation, equitable subordination, defenses and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws.

**Description of Cases**. On January 19, 2011 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On January 20, 2011, the Bankruptcy Court entered an order directing procedural consolidation and joint administration of the Debtors' chapter 11 cases [Docket No. 30]. On January 28, 2011, the United States Trustee for the District of Delaware appointed a statutory committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 105].

**Net Book Value of Assets**. It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of the end of the Debtors' fiscal year, December 25, 2010. Additionally, because the book values of assets such as patents, trademarks and copyrights may materially differ from their fair market values, they are listed as undetermined amounts as of the Petition Date. Furthermore, assets

that have fully depreciated or were expensed for accounting purposes do not appear in these Schedules and Statements as they have no net book value.

**Recharacterization**. Notwithstanding the Debtors' reasonable best efforts to properly characterize, classify, categorize or designate certain claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated or omitted certain items. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statements at a later time as is necessary and appropriate, as additional information becomes available, including whether contracts listed herein were deemed executory as of the Petition Date and remain executory postpetition.

**Liabilities**. The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, the Debtors reserve all of their rights to amend, supplement or otherwise modify the Schedules and Statements as is necessary and appropriate.

The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

**Insiders**. For purposes of the Schedules and Statements, the Debtors define "insiders" to include the following: (a) directors; (b) officers; (c) shareholders holding in excess of 5% of the voting shares of one of the Debtor entities (whether directly or indirectly); (d) relatives of directors, officers or shareholders of the Debtors (to the extent known by the Debtors); and (e) Debtor/non-Debtor affiliates.

Persons listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction.

In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact,

be owned by another.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

**Executory Contracts**.  Although the Debtors made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so.  Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

**Classifications**.  Listing a claim on (a) Schedule D as "secured," (b) Schedule E as "priority," (c) Schedule F as "unsecured" or (d) listing a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claims or contracts or to setoff of such claims.

**Claims Description**.  Schedules D, E and F permit each of the Debtors to designate a claim as "disputed," "contingent" and/or "unliquidated."  Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent" or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent" or "unliquidated," or that such claim is not subject to objection.  The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including liability or classification.  Additionally, the Debtors expressly reserve all of their rights to subsequently designate such claims as "disputed," "contingent" or "unliquidated."  Moreover, listing a claim does not constitute an admission of liability by the Debtors.

**Causes of Action**.  Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their (filed or potential) causes of action against third parties as assets in their Schedules and Statements.  The Debtors reserve all of their rights with respect to any causes of action against third parties and nothing in the Global Notes or the Schedules and Statements shall be deemed a waiver of any such causes of action.

**Summary of Significant Reporting Policies**.  The following is a summary of significant reporting policies:

a.  Undetermined Amounts.  The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

b.  Totals.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

c.  Paid Claims.  The Debtors have authority to pay certain outstanding prepetition payables pursuant to various Bankruptcy Court orders.  Accordingly, certain outstanding liabilities may have been reduced by postpetition payments made on account of prepetition liabilities.  To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy

Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary and appropriate to avoid over-payment of or duplicate payments for any such liabilities.

d. Excluded Assets and Liabilities. The Debtors have excluded certain accrued liabilities, including accrued salaries and employee benefits and tax accruals from the Schedules and Statements. Certain other immaterial assets and liabilities may also have been excluded.

e. Liens. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

**Global Notes Control**. In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

### Specific Disclosures with Respect to the Debtors' Schedules

**Schedule A**. For those Debtors that own real property, such owned real estate is reported at book value, net of accumulated depreciation. The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property. The Debtors reserve all of their rights to recategorize and/or recharacterize such asset holdings to the extent the Debtors determine that such holdings were improperly listed.

**Schedule B1 and B2**. Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors' Motion for Entry of an Order Authorizing the Debtors to (A) Continue to Operate their Cash Management System; (B) Maintain Existing Business Forms; (C) Grant Administrative Priority for Intercompany Claims and Perform Under Certain Intercompany Arrangements and Historical Practices; and (D) Assume and Assign Certain Account Control Agreements Pursuant to Section 365 of the Bankruptcy Code* [Docket No. 7] (the "**Cash Management Motion**").

**Schedule B3**. The Bankruptcy Court, pursuant to the *Interim Order Determining Adequate Assurance of Payment for Future Utility Services and Setting a Final Hearing* [Docket No. 15], has authorized the Debtors to provide adequate assurance of payment for future utility services, including a deposit in the amount of $300,000. Such deposits are not listed on Schedule B3, which was prepared as of the Petition Date.

**Schedule B4**. Unless indicated otherwise in a Debtor's specific response to Schedule B4, the Debtors have included a comprehensive response to Schedule B4 in Schedules B28 and B29.

**Schedule B9**. Additional information regarding the insurance policies listed on Schedule B9 is available in the *Debtors' Motion for Entry of Interim and Final Orders Authorizing, But Not*

*Directing, the Debtor to (A) Continue Prepetition Insurance Coverage and (B) Maintain Funding of Insurance Premiums* [Docket No. 14].

**Schedules B13 and B14**. Ownership interests in subsidiaries, partnerships and joint ventures have been listed in Schedules B13 and B14 as an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

**Schedule B16**. The Debtors have disclosed the net book value with respect to accounts receivable listed on Schedule B16, which represents the amount of the accounts receivable netted by any "doubtful accounts." For purposes of Schedule B16, "doubtful accounts" are those accounts that the Debtors have identified as unlikely to be paid given the amount of time such accounts have been outstanding.

With respect to accounts receivable between Debtors, Schedule B16 reflects the accounts receivable balance without netting against open accounts payable.

**Schedule B21**. In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, setoffs, refunds with their customers and suppliers or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter-claims as a defendant. Because such claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule B21.

**Schedules B28 and B29**. For purposes of Schedules B28 and B29, the value of certain assets may be included in a fixed asset group or certain assets with a net book value of zero may not be set forth on Schedule B28 or B29.

**Schedule B30**. Unless otherwise stated in a specific Debtor's Schedule B30, book value is presented net of inventory reserves.

**Schedule D**. The claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule D, however, appear to have arisen or been incurred before the Petition Date.

Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. The descriptions provided in Schedule D are solely intended to be a summary – and not an admission – of liability.

As of the Petition Date, the amount outstanding under the Debtors' prepetition asset-based lending facility (the "***ABL Facility***") was $48.6 million. On January 20, 2011, the Bankruptcy Court entered the *Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(c), 363(e), 364 and 507 and Fed. R.*

*Bankr. P. 2002, 4001 and 9014 (I) Authorizing Debtors to Obtain Postpetition Financing Pursuant to Section 364 of the Bankruptcy Code, (II) Authorizing Use of Cash Collateral Pursuant to Section 363 of the Bankruptcy Code, (III) Granting Liens and Super-Priority Claims, (IV) Granting Adequate Protection to the Prepetition Secured Parties and (V) Scheduling a Final Hearing Pursuant to Fed. R. Bankr. P. 4001(b) and (c)* [Docket No. 34] (the "**Interim DIP Order**") authorizing, among other things, the Debtors to pay all indebtedness and expenses outstanding under the ABL Facility. Pursuant to the Interim DIP Order, the Debtors have paid the outstanding amount of the ABL Facility; however, certain payments made by the Debtors with respect to the ABL Facility may not be reflected on Schedule D.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated herein, real property lessors, utility companies and other parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any claims associated with such agreements should be reported on Schedule D. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

Moreover, the Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights. Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facilities, only the administrative agents have been listed for purposes of Schedule D. The amounts outstanding under the Debtors' prepetition secured credit facilities reflect approximate amounts as of the Petition Date.

**<u>Schedule E</u>**. The Bankruptcy Court has authorized the Debtors, in their discretion, to pay certain claims that may be entitled to priority under the applicable provisions of the Bankruptcy Code. For example, on January 20, 2011, the Bankruptcy Court entered the *Interim Order Authorizing, But Not Directing, the Debtors to (A) Pay Prepetition Employee Wages, Other Compensation and Reimbursable Employee Expenses and (B) Continue Employee Benefits Programs* [Docket No. 40], authorizing the Debtors to pay or honor certain prepetition obligations with respect to employee wages, salaries and other compensation, reimbursable employee expenses and employee medical and similar benefits. Additionally, on January 20, 2011, the Bankruptcy Court entered the *Interim Order Authorizing, but Not Directing, the Debtors to Pay Certain Taxes and Fees* [Docket No. 42], authorizing the Debtors to pay or honor certain prepetition obligations owed to taxing authorities. The Debtors' are seeking final approval for additional payments with respect to employee and taxing obligations. To the extent such claims have been paid or may be paid pursuant to further Bankruptcy Court order, they may not be included on Schedule E.

The claims listed on Schedule E arose or were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule E, however, appear to have arisen or to have been incurred before the Petition Date.

**<u>Schedule F</u>**. The Debtors have used best reasonable efforts to report all general unsecured claims against the Debtors on Schedule F based upon the Debtors' existing books and records as of the

Petition Date. The claims of individual creditors for, among other things, products, goods or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the applicable Debtor. The Debtors reserve all of their rights with respect to any such credits and allowances including the right to assert objections and/or setoffs with respect to same. Schedule F does not include certain deferred charges, deferred liabilities, accruals or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date. The Debtors have made every effort to include as a contingent, unliquidated or disputed the claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain non-priority unsecured claims on a postpetition basis. For example, on January 20, 2011, the Bankruptcy Court entered the *Order Authorizing, But Not Directing, the Debtors to Maintain and Administer Customer Programs and Honor Prepetition Obligations Related Thereto* [Docket No. 39]. Additionally, on January 20, 2011, the Bankruptcy Court entered the *Interim Order Authorizing, But Not Directing, the Debtors to Pay or Honor Prepetition Obligations of Certain Critical Vendors and Holders of Certain Administrative Claims Under Section 503(b)(9) of the Bankruptcy Code* [Docket No. 43]. Each Debtor's Schedule F may reflect the Debtor's payment of certain claims pursuant to these orders, and, to the extent an unsecured claim has been paid or may be paid, it is possible such claim is not included on Schedule F. Certain Debtors may pay additional claims listed on Schedule F during this chapter 11 case pursuant to these and other orders of the Bankruptcy Court and reserve all of their rights to update Schedule F to reflect such payments.

Certain of the Debtors were subject to a number of product recalls before the Petition Date. Given the vast number of outstanding recalls, the Debtors have not included such recalls for the purposes of Schedule F.

Schedule F contains information regarding pending litigation involving the Debtors. In certain instances, the amount that is the subject of the litigation is uncertain or undetermined. Additionally, where the named defendant is "Orchard Brands" or an Orchard-purported entity that does not exist, the Debtors have listed such claim on Schedule F of each of the Debtors.[2] Otherwise, to the extent that litigation involving a particular Debtor has been identified, information regarding that litigation is contained in Schedule F for that Debtor. The dollar amount of potential claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated and disputed in the Schedules and Statements. Some of the litigation claims listed on Schedule F may be subject to subordination pursuant to section 510 of the Bankruptcy Code.

Schedule F also includes potential or threatened legal disputes that are not formally recognized by an administrative, judicial or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy. Any information contained in Schedule F with respect to such

---

[2] Orchard Brands Corporation, the parent company of AIH, is not a Debtor in these jointly administered chapter 11 cases.

potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any of the potential suits and proceedings included therein.

Schedule F reflects unsecured claims that a Debtor may have against another Debtor on account of intercompany receivables and payables. To the extent a Debtor has a claim against another Debtor on account of the Debtors' prepetition secured facilities, these claims are not reflected on Schedule F.

The Debtors believe that their prepetition secured lenders are undersecured; however, Schedule F does not reflect any unsecured deficiency claims that such prepetition secured lenders may have.

Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. Additionally, Schedule F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**Schedule G**. The Debtors' businesses are complex. Although the Debtors' existing books, records and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors and diligent efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors, omissions or over-inclusion may have occurred. Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtors' reasonable efforts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth on Schedule G and to amend or supplement Schedule G as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G.

In addition to being signed by a primary Debtor party, certain of the contracts or agreements listed on Schedule G may have been guaranteed or signed by certain other Debtor affiliates. To avoid listing duplicate claims across multiple Debtors, to the extent a contract has been guaranteed or signed by additional Debtor affiliates, it has been disclosed only on the primary Debtor's Schedule G. Such contracts are indicated on Schedule G of the applicable Debtor by including the words "and Affiliates" in the title of the contract.

For purposes of Schedule G, the Debtors' have identified certain contracts to which the non-Debtor parent company, Orchard Brands Corporation ("***Orchard Brands***"), is the primary contract party but for which one of the Debtors receives the primary benefits under such contract. Such contracts have been listed on Schedule F for the applicable Debtor that receives the primary benefit, which in some cases, may be more than one Debtor.

Certain confidentiality agreements may not be listed on Schedule G. The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable or separate contracts.

The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

The Debtors reserve all of their rights, claims and causes of action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. Further, the Debtors reserve all of their rights to alter or amend these Schedules to the extent that additional information regarding the Debtor obligor to such executory contracts becomes available. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on Schedule G.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract or that such contract is an executory contract or unexpired lease. The Debtors reserve all of their rights to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

**Schedule H**. For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition secured credit facilities are listed as Co-Debtors on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

Although there are multiple lenders under the Debtors' prepetition secured credit facilities, only the administrative agents have been listed for purposes of Schedule H.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because all such claims are contingent, disputed or unliquidated, such claims have not been set forth individually on Schedule H. Litigation matters can be found on each Debtor's Schedule F and Statement 4a, as applicable.

## Specific Disclosures with Respect to the Debtors' Statements

**Statement 1**. The amounts listed in Statement 1 reflect the gross profit for the previous two fiscal years of each Debtor as such amount is calculated in the Debtors' business plan. The gross profit from the beginning of 2011 to the Petition Date is not reflected on each Debtor's Statement 1, as gathering such information would be administratively inefficient and unduly burdensome. The Debtors do not believe such information would materially alter the response to each Debtor's Statement 1.

**Statement 3b**. Statement 3b includes any disbursement or other transfer made by the Debtors except for those made to insiders, employees and bankruptcy professionals. The amounts listed in Statement 3b reflect the Debtors' disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3b. All disbursements listed on Statement 3b are made through the Debtors' cash management system. Additionally, all disbursement information reported in Statement 3b for a specific Debtor pertains to the bank accounts maintained by that respective Debtor.

**Statement 3c**. Statement 3c accounts for a respective Debtor's intercompany transactions, as well as other transfers to insiders, as applicable. As described in the Cash Management Motion, in the ordinary course of business certain of the Debtor entities and business divisions maintain business relationships with each other, resulting in intercompany receivables and payables (the "***Intercompany Claims***"). Any payments to another Debtor on account of Intercompany Claims are reflective of the difference between the opening balance and ending balance in the year before the commencement of the chapter 11 cases and, where applicable, such difference is listed on a Debtor's Statement 3c as a negative number. With respect to Intercompany Claims between Debtors, Statement 3c reflects the book value adjustment of such transfers rather than an actual transfer of funds from one Debtor entity to another. Where a transfer is identified on Statement 3c between a Debtor and a non-Debtor affiliate, such transfers reflect an actual transfer of funds to settle intercompany balances.

**Statement 4a**. Information provided in Statement 4a includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial or other adjudicative forum. In the Debtors' attempt to provide full disclosure, to the extent a legal dispute or administrative proceeding is not formally recognized by an administrative, judicial or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy, the Debtors have identified such matters on Schedule F for the applicable Debtor. Additionally, any information contained in Statement 4a shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.

**Statement 8**. The Debtors occasionally incur losses for a variety of reasons, including theft and property damage. The Debtors, however, may not have records of all such losses as to the extent

such losses do not have a material impact on the Debtors' businesses or are not reported for insurance purposes.

**Statement 9**.  Although all of the Debtors retained or paid the entities and individuals who provided consultation concerning debt consolidation, relief under the Bankruptcy Code or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date, all of the payments, or property transferred by or on behalf of a Debtor for such services, were made by Johnny Appleseed's, Inc., and are therefore listed on that Debtor's response to Statement 9.

**Statement 10a**.  The Debtors periodically recall certain products, often resulting in customer refunds or credits.  These product recalls occur in the ordinary course of the Debtors' businesses; thus, the Debtors have not included on Statement 10a any transfers made with respect to honoring product recalls before the Petition Date.

**Statement 18a**.  With respect to information provided in Statement 18a, the Debtors have, where applicable, disclosed the address of each Debtor's main center of operations or headquarters, and have not included information regarding any related manufacturing, warehousing or storage facilities, or any other site or location where a portion of a Debtor's business operations are conducted.

**Statement 19d**.  The Debtors have provided financial statements in the ordinary course of their businesses to numerous financial institutions, creditors and other parties within two years immediately before the Petition Date.  Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, the Debtors have not disclosed any parties that may have received such financial statements for the purposes of Statement 19d.

**Statement 20a**.  To the extent a Debtor's inventory was in transit at the time Statement 20a was prepared, the location of such goods has been identified as the final destination of such goods.

**Statement 23**.  Unless otherwise indicated in a Debtor's specific response to Statement 23, the Debtors have included a comprehensive response to Statement 23 in Statement 3c.

*[Remainder of page intentionally left blank.]*

# United States Bankruptcy Court

### District Of Delaware

In re __Appleseed's Intermediate Holdings LLC_____,      Case No. _11-10160 (KG)_____
         Debtor

                                                  Chapter _11_____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 0.00 | | |
| B - Personal Property | Yes | 7 | $ 892,974.00 | | |
| C - Property Claimed as Exempt | No | | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | $ 664,138,866.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | $ 73,780,622.93 | |
| G - Executory Contracts and Unexpired Leases | Yes | 5 | | | |
| H - Codebtors | Yes | 8 | | | |
| I - Current Income of Individual Debtor(s) | No | | | | $ N/A |
| J - Current Expenditures of Individual Debtors(s) | No | | | | $ N/A |
| **TOTAL** | | 27 | $ 892,974.00 <br> + Undetermined Amounts | $ 737,919,488.93 <br> + Undetermined Amounts | |

In re   <u>Appleseed's Intermediate Holdings LLC</u>  ,        Case No.   <u>11-10160 (KG)</u>
               **Debtor**                                                  **(If known)**

# SCHEDULE A – REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | | |
| | | Total ▶ | $ 0.00 | |

(Report also on Summary of Schedules.)

In re  **Appleseed's Intermediate Holdings LLC**                    ,          Case No.  **11-10160 (KG)**
          **Debtor**                                              **(If known)**

# SCHEDULE B – PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian," Do not disclose the child's name.  See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or coopratives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | See Attached Rider | | Undetermined |
| 10. Annuities. Itemize and name each issuer. | X | | | |

In re <u>Appleseed's Intermediate Holdings LLC</u>,                    Case No. <u>11-10160 (KG)</u>
              **Debtor**                                                                  **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | See Attached Rider | | Undetermined |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | See Attached Rider | | $25,064 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

In re  Appleseed's Intermediate Holdings LLC         ,                    Case No. **11-10160 (KG)**
                        **Debtor**                                                           **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | | Book Value Net of Depreciation | | $867,910 |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

In re  Appleseed's Intermediate Holdings LLC          ,          Case No. 11-10160 (KG)
　　　　　　　　　　　Debtor                                                                                    (If known)

# SCHEDULE B – PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | | $ 892,974.00 + Undetermined Amounts |

　　　　　　　　　　   3       continuation sheets attached        Total ▶

(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

### SCHEDULE B - PERSONAL PROPERTY
### Rider B.9 - Interests in Insurance Policies

| Insurance Company | Policy Type | Policy Number | Surrender or Refund Value |
|---|---|---|---|
| Beazley USA Services Inc | Information security & privacy insurance | w15L00100201 | Undetermined |
| Chartis Specialty Insurance Company | Director & Officer, employment practices, and fiduciary | 01-880-05-84 | Undetermined |
| Chubb Group of Insurance Companies | Excess liability umbrella policy | 7986-11-83 | Undetermined |
| Factory Mutual Insurance Company | Marine | OCP-2836 | Undetermined |
| Factory Mutual Insurance Company | Property | AG408 | Undetermined |
| Lexington Insurance Company | General liability policy | 31238611 | Undetermined |
| Liberty Mutual Insurance Corp | Foreign voluntary compensation and employers liability | WC7-F11-260365-040 | Undetermined |
| Liberty Mutual Insurance Corp | Commercial auto policy | AS7-611-260365-020 | Undetermined |
| Liberty Mutual Insurance Corp | Foreign liability | KU7-F11-260365-030 | Undetermined |
| Liberty Mutual Insurance Corp | Workers compensation and employers liability | WC7-611-260365-010 | Undetermined |
| National Union Fire Insurance Company of PA | Corporate kidnap & ransom/extortion insurance | 19-644-956 | Undetermined |
| Zurich in North America | Umbrella liability policy | AUC 926599200 | Undetermined |
| Zurich in North America | Crime policy | 966996602 | Undetermined |

**SCHEDULE B - PERSONAL PROPERTY**
**Rider B.13 - Stocks and Interests in Incorporated Businesses**

| NAME OF BUSINESS | OWNERSHIP INTEREST | NET BOOK VALUE |
|---|---|---|
| Appleseed's Acquisition, Inc. | 100% | Undetermined |
| Blair LLC | 100% | Undetermined |
| Draper's & Damon's Acquisition LLC | 100% | Undetermined |
| Haband Acquisition LLC | 100% | Undetermined |
| NTO Acquisition Corporation | 100% | Undetermined |

### SCHEDULE B - PERSONAL PROPERTY
### Rider B.16 - Accounts Receivable

| DESCRIPTION | BOOK VALUE |
|---|---|
| Trade -  Accounts Receivable | $744 |
| Reserve for Doubtful Accounts | $0 |
| Inter-Company Receivable - Orchard Brands Topco LLC | $24,320 |

|  | **Total** | **$25,064** |
|---|---|---|

In re __Appleseed's Intermediate Holdings LLC__ ,          Case No. __11-10160 (KG)__
           **Debtor**                                                     **(if known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>UBS AG<br>AS ADMIN AGENT FOR ABL CREDIT AGREEMENT<br>677 WASHINGTON BOULEVARD<br>STAMFORD, CT 06901 | X | | Guarantor - ABL Credit Agreement<br><br>VALUE $ Undetermined | | | | $48,600,000.00 | Undetermined |
| ACCOUNT NO.<br><br>WILMINGTON TRUST FSB<br>AS ADMIN AGENT FOR FIRST LIEN CREDIT AGREEMENT<br>50 SOUTH SIXTH STREET<br>SUITE 1290<br>MINNEAPOLIS, MN 55402 | X | | Guarantor - First Lien Credit Agreement<br><br>VALUE $ Undetermined | | | | $324,000,000.00 | Undetermined |

__1__ continuation sheets attached

Subtotal ▶
(Total of this page)

Total ▶
(Use only on last page)

| | |
|---|---|
| $ 372,600,000.00 | $0.00 |
| $ | $ |

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6D (Official Form 6D) (04/10) – Cont.

In re **Appleseed's Intermediate Holdings LLC**          ,          Case No. **11-10160 (KG)**
                    **Debtor**                                                                         **(if known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>AMERICAN CAPITAL, LTD AS ADMIN AGENT FOR SECOND LIEN PURCHASE AGREEMENT SENIOR MANAGER OF LOAN SERVICING 2 BETHESDA METRO CENTER 14TH FLOOR BETHESDA, MD 20814 | X | | Guarantor - Second Lien Purchase Agreement<br><br><br>VALUE $ Undetermined | | | | $291,200,000.00 | Undetermined |
| ACCOUNT NO.<br><br>SOVEREIGN BANK 75 STATE STREET BOSTON, MA 02109 | | | Pilatus Aircraft Ltd., Model - PC-12/47<br><br><br>VALUE $ Undetermined | | X | | $338,866.00 | Undetermined |
| ACCOUNT NO.<br><br><br><br>VALUE $ | | | | | | | | |
| ACCOUNT NO.<br><br><br><br>VALUE $ | | | | | | | | |
| ACCOUNT NO.<br><br><br><br>VALUE $ | | | | | | | | |

Sheet no. _1_ of _1_ continuation
sheets attached to Schedule of Creditors
Holding Secured Claims

Subtotal (s)▶
(Total(s) of this page)

$ 291,538,866.00          $0.00

Total(s) ▶
(Use only on last page)

$ 664,138,866.00          $0.00
+ Undetermined Amounts   + Undetermined Amounts

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

**In re** <u>Appleseed's Intermediate Holdings LLC</u>,        **Case No. <u>11-10160 (KG)</u>**

           **Debtor**                                                                          **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

[x]   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

[ ]   **Domestic Support Obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

[ ]   **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

[ ]   **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ]   **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

**B6E (Official Form 6E) (04/10) – Cont.**

In re  <u>Appleseed's Intermediate Holdings LLC</u>            ,            Case No. <u>11-10160 (KG)</u>
                  **Debtor**                                                         **(if known)**

☐   **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐   **Deposits by individuals**

    Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐   **Taxes and Certain Other Debts Owed to Governmental Units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐   **Commitments to Maintain the Capital of an Insured Depository Institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐   **Claims for Death or Personal Injury While Debtor Was Intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

<u> 0 </u>  **continuation sheets attached**

B6F (Official Form 6F) (04/10)

In re    Appleseed's Intermediate Holdings LLC    ,          Case No. 11-10160 (KG)
                          **Debtor**                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | Potential Claim | | | | Undetermined |
| ALCATEL-LUCENT ANGELO L. CHIANGO, SENIOR LICENSING MANAGER, PATENT LICENSING, INTELLECTUAL PROPERTY & STANDARDS 600 MOUNTAIN AVENUE, ROOM #A-229 MURRAY HILL, NJ 07974 | | | | X | X | X | |
| ACCOUNT NO. | | | AIH Note Purchase Agreement | | | | $73,780,622.93 |
| AMERICAN CAPITAL LTD. AS ADMIN AGENT FOR AIH NOTE PURCHASE AGREEMENT SENIOR MANAGER OF LOAN SERVICING 2 BETHESDA METRO CENTER 14TH FLOOR BETHESDA, MD 20814 | | | | | | | |

_1_ continuation sheets attached

Subtotal ▶   $ 73,780,622.93

Total ▶   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

In re  **Appleseed's Intermediate Holdings LLC**        ,                                    Case No.   **11-10160 (KG)**
_____
                           **Debtor**                                                             **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>NCR<br>RICHARD A. WEISS; DEPUTY IP COUNSEL & HEAD OF IP LICENSING<br>1700 S. PATTERSON BLVD, WHQ3E<br>DAYTON, OH 45479 | | | Potential Claim | X | X | X | Undetermined |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. _1_ of _1_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶    $ 0.00

Total ▶    $ 73,780,622.93
(Use only on last page of the completed Schedule F.)     + Undetermined Amounts
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

In re   Appleseed's Intermediate Holdings LLC           ,          Case No.   11-10160 (KG)
                    **Debtor**                                                              **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| ACCESS NORTHEAST<br>AXSNE<br>321 CENTRAL STREET<br>HUDSON, MA 01749 | SERVICE CONTRACT<br>TECHNOLOGICAL SERVICES AGREEMENT<br>CONTRACT START DATE: 12/08/2003 |
| AFFILIATED FM INSURANCE COMPANY<br>500 RIVER RIDGE DRIVE<br>PO BOX 1902<br>NORWOOD, MA 02062 | INSURANCE POLICIES<br>GLOBAL TRANSIT POLICY<br>CONTRACT START DATE: 06/01/2009 |
| AFFILIATED FM INSURANCE COMPANY<br>500 RIVER RIDGE DRIVE<br>PO BOX 1902<br>NORWOOD, MA 02062 | INSURANCE POLICIES<br>CERTIFICATE OF INSURANCE, CARGO INSURANCE<br>CONTRACT START DATE: 06/01/2009 |
| ALVAREZ & MARSAL<br>600 LEXINGTON AVENUE<br>6TH FLOOR<br>NEW YORK, NY 10022 | SERVICE CONTRACT<br>CONSULTING SERVICES AGREEMENT<br>CONTRACT START DATE: 08/24/2010 |
| AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.<br>CORPORATE SERVICES OPERATIONS AESC-P<br>20022 NORTH 31ST AVENUE<br>MAIL CODE AZ-08-03-11<br>PHOENIX, AZ 85027 | SERVICE CONTRACT<br>CORPORATE SERVICES COMMERCIAL CREDIT CARD AGREEMENTS<br>CONTRACT START DATE: 10/18/2010 |
| AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY<br>ZURICH NORTH AMERICA<br>1400 AMERICAN LANE<br>SCHAUMBURG, IL 60196-1056 | INSURANCE POLICIES<br>COMMERCIAL UMBRELLA LIABILITY POLICY<br>CONTRACT START DATE: 06/01/2010 |

In re   Appleseed's Intermediate Holdings LLC          ,          Case No.   11-10160 (KG)
            **Debtor**                                                   **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| BEAZLEY USA SERVICES, INC. 30 BATTERSON PARK ROAD FARMINGTON, CT 06032 | INSURANCE POLICIES INFORMATION SECURITY & PRIVACY INSURANCE CONTRACT START DATE: 06/01/2010 |
| CATALOG RETAIL MARKETING INT'L, INC. 5824 BEE RIDGE RD SARASOTA, FL 34233 | SERVICE CONTRACT TELECOMMUNICATION SERVICES AGREEMENT AND RELATED AMENDMENTS CONTRACT START DATE: 07/26/2005 |
| CHARTIS SPECIALTY INSURANCE COMPANY 175 WATER STREET NEW YORK, NY 10038-4969 | INSURANCE POLICIES MANAGEMENT LIABILITY, PROFESSIONAL LIABILITY, CRIME COVERAGE AND KIDNAP AND RANSOM/EXTORTION COVERAGE POLICY CONTRACT START DATE: 06/01/2010 |
| CRMI SOLUTIONS, INC. 5824 BEE RIDGE RD SARASOTA, FL 34233 | SERVICE CONTRACT ASSIGNMENT OF CUSTOMER CONTACT CENTER, SERVICE GUARANTEE AGREEMENT AND ALL AMENDMENTS CONTRACT START DATE: 06/01/2010 |
| EXPRESS GC, LLC ONE LIMITED PARKWAY COLUMBUS, OH 43230 | LEGAL AGREEMENT NOVATION AGREEMENT CONTRACT START DATE: 08/09/2010 |
| EXPRESS GC, LLC ONE LIMITED PARKWAY COLUMBUS, OH 43230 | SERVICE CONTRACT E-COMMERCE AGREEMENT AND ALL SUPPORTING AMENDMENTS CONTRACT START DATE: 12/26/2007 |
| EXPRESS, LLC ATTN CHIEF FINANCIAL OFFICER ONE LIMITED PARKWAY COLUMBUS, OH 43230 | LEGAL AGREEMENT NOVATION AGREEMENT CONTRACT START DATE: 08/09/2010 |

In re   Appleseed's Intermediate Holdings LLC   ,                    Case No.   11-10160 (KG)
_____                              _____
            **Debtor**                                                        **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| EXPRESS, LLC<br>ATTN CHIEF FINANCIAL OFFICER<br>ONE LIMITED PARKWAY<br>COLUMBUS, OH 43230 | SERVICE CONTRACT<br>E-COMMERCE AGREEMENT AND ALL<br>SUPPORTING AMENDMENTS<br>CONTRACT START DATE: 12/26/2007 |
| FACTORY MUTUAL INSURANCE COMPANY<br>500 RIVER RIDGE DRIVE<br>PO BOX 1902<br>NORWOOD, MA 02062 | INSURANCE POLICIES<br>PROPERTY DAMAGE INSURANCE POLICY<br>CONTRACT START DATE: 06/01/2010 |
| FEDERAL INSURANCE COMPANY<br>CHUBB GROUP OF INSURANCE COMPANIES<br>15 MOUNTAIN VIEW ROAD<br>WARREN, NJ 07059 | INSURANCE POLICIES<br>COMMERCIAL EXCESS INSURANCE POLICY<br>CONTRACT START DATE: 06/01/2010 |
| GROVEPORT LLC<br>ATTN JOHN CIVALI<br>6600 ALUM CREEK DR (LONDON GROVEPORT RD)<br>GROVEPORT, OH 43199 | SERVICE CONTRACT<br>SUBCONTRACT SERVICE AGREEMENT<br>CONTRACT START DATE: 08/09/2010 |
| GROVEPORT LLC<br>ATTN JOHN CIVALI<br>6600 ALUM CREEK DR (LONDON GROVEPORT RD)<br>GROVEPORT, OH 43199 | LEGAL AGREEMENT<br>NOVATION AGREEMENT<br>CONTRACT START DATE: 08/09/2010 |
| JILL ACQUISITION, LLC<br>DAVE BIESE, CHIEF FINANCIAL OFFICER<br>4 BATTERYMARCH PARK<br>QUINCY, MA 02169 | IT CONTRACT<br>INFORMATION SECURITY SERVICES AGREEMENT<br>(INCLUDES AFFILIATES IN PROVISION OF<br>SERVICE)<br>CONTRACT START DATE: 04/01/2010 |
| KRAMER LEVIN NAFTALIS & FRANKEL LLP<br>1177 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10036-2714 | LETTER OF CREDIT<br>SECOND LIEN CREDIT AGREEMENT<br>CONTRACT START DATE: 04/30/2007 |

In re  <u>Appleseed's Intermediate Holdings LLC</u>          ,          Case No.  <u>11-10160 (KG)</u>
        **Debtor**                                                                      **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| LEXINGTON INSURANCE COMPANY<br>100 SUMMER STREET<br>BOSTON, MA 02110-2103 | INSURANCE POLICIES<br>COMMERCIAL GENERAL LIABILITY POLICY<br>CONTRACT START DATE: 06/01/2010 |
| LI & FUNG (TRADING) LIMITED<br>11/F, LIFUNG TOWER<br>888 CHEUNG SHA WAN ROAD<br>KOWLOON, HONG KONG | AGENCY AGREEMENT<br>BUYING AGENCY AND IMPORTATION SERVICES AGREEMENT<br>CONTRACT START DATE: 07/16/2007 |
| LIBERTY INSURANCE CORPORATION<br>175 BERKELEY STREET<br>BOSTON, MA 02117 | INSURANCE POLICIES<br>FOREIGN INSURANCE AND SERVICE PACKAGE POLICY<br>CONTRACT START DATE: 06/01/2010 |
| LIBERTY INSURANCE CORPORATION<br>175 BERKELEY STREET<br>BOSTON, MA 02117 | INSURANCE POLICIES<br>FOREIGN VOLUNTARY COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY<br>CONTRACT START DATE: 06/01/2010 |
| LIBERTY MUTUAL INSURANCE GROUP/BOSTON<br>LIBERTY INSURANCE CORPORATION<br>175 BERKELEY STREET<br>BOSTON, MA 02117 | INSURANCE POLICIES<br>WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY<br>CONTRACT START DATE: 06/01/2010 |
| LIBERTY MUTUAL INSURANCE GROUP/BOSTON<br>LIBERTY INSURANCE CORPORATION<br>175 BERKELEY STREET<br>BOSTON, MA 02117 | INSURANCE POLICIES<br>BUSINESS AUTO INSURANCE POLICY<br>CONTRACT START DATE: 06/01/2010 |
| NAC MARKETING, INC.<br>260 SMITH ST<br>FARMINGDALE, NY 11735 | VENDOR AGREEMENT<br>TEST PHASE MARKETING AGREEMENT, 10/7/2010 TERM SHEET AND ALL SUPPORTING DOCUMENTS AND AMENDMENTS<br>CONTRACT START DATE: 11/10/2010 |

In re   **Appleseed's Intermediate Holdings LLC**          ,          Case No.   **11-10160 (KG)**
        **Debtor**                                                                                    **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA 2704 COMMERCE DRIVE SUITE B HARRISBURG, PA 17110 | INSURANCE POLICIES CORPORATE KIDNAP AND RANSOM/EXTORTION INSURANCE POLICY CONTRACT START DATE: 06/01/2010 |
| NEUSTAR, INC. 46000 CENTER OAK PLAZA STERLING, VA 20166 | IT CONTRACT ULTRADNS MANAGED SERVICES AGREEMENT AND ADDENDA CONTRACT START DATE: 03/24/2009 |
| QUEBECOR WORLD PREMEDIA GROUP ATTN GENERAL COUNSEL 291 STATE STREET NORTH HAVEN, CT 06473 | IT CONTRACT SOFTWARE LICENSE SUBSCRIPTION AGREEMENT CONTRACT START DATE: 05/12/2009 |
| SENA SYSTEMS INC. 379 THORNALL STREET 2ND FLOOR EDISON, NJ 08837 | SERVICE CONTRACT MASTER SERVICE AGREEMENT CONTRACT START DATE: 01/19/2009 |
| SOVEREIGN BANK 75 STATE ST, MA1-MB2-03-01 BOSTON, MA 02109 | FINANCE AGREEMENT (SECURED LENDERS, BONDS, MORTGAGES, ETC.) AIRCRAFT SECURITY AGREEMENT, PROMISSORY NOTE AND ALL SUPPORTING DOCUMENTS CONTRACT START DATE: 11/26/2007 |
| STATE STREET BANK AND TRUST COMPANY, AS TRUSTEE 1200 CROWN COLONY DR, 6TH FLOOR QUINCY, MA 02169 | EMPLOYEE BENEFIT PLANS ADOPTION AGREEMENT FOR VOLUME SUBMITTER 401(K) PROFIT SHARING PLAN AND PARTICIPATION AGREEMENT |
| ZURICH AMERICAN INSURANCE COMPANY 1400 AMERICAN LANE SCHAUMBURG, IL 60196-1056 | INSURANCE POLICIES CRIME POLICY CONTRACT START DATE: 06/01/2010 |

**B6H (Official Form 6H) (04/10)**

In re   Appleseed's Intermediate Holdings LLC              ,          Case No.   11-10160 (KG)
　　　　　　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　　　　　　　　(if known)

# SCHEDULE H - CODEBTORS

　　　Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| See Attached Rider | |

**Schedule H - Co-Debtor Rider**

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| Appleseed Acquisition, Inc<br>138 Conant Street, 3rd flr<br>Beverly, MA 01915 | American Capital, Ltd.<br>As Admin Agent For Second Lien Purchase Agreement<br>2 Bethesda Metro Center<br>14th Floor<br>Bethesda, MD 20814 |
| Appleseed Acquisition, Inc<br>138 Conant Street, 3rd flr<br>Beverly, MA 01915 | UBS AG<br>As Admin Agent For Abl Credit Agreement<br>677 Washington Boulevard<br>Stamford, CT 06912 |
| Appleseed Acquisition, Inc<br>138 Conant Street, 3rd flr<br>Beverly, MA 01915 | Wilmington Trust FSB<br>As Admin Agent For First Lien Credit Agreement<br>50 South Sixth Street<br>Suite 1290<br>Minneapolis , MN 55402 |
| Appleseed's Holding, Inc<br>138 Conant Street, 3rd flr<br>Beverly, MA 01915 | American Capital, Ltd.<br>As Admin Agent For Second Lien Purchase Agreement<br>2 Bethesda Metro Center<br>14th Floor<br>Bethesda, MD 20814 |
| Appleseed's Holding, Inc<br>138 Conant Street, 3rd flr<br>Beverly, MA 01915 | UBS AG<br>As Admin Agent For Abl Credit Agreement<br>677 Washington Boulevard<br>Stamford, CT 06912 |
| Appleseed's Holding, Inc<br>138 Conant Street, 3rd flr<br>Beverly, MA 01915 | Wilmington Trust FSB<br>As Admin Agent For First Lien Credit Agreement<br>50 South Sixth Street<br>Suite 1290<br>Minneapolis , MN 55402 |
| Johnny Appleseed's Inc.<br>30 Tozer Road<br>Beverly, MA 01915 | American Capital, Ltd.<br>As Admin Agent For Second Lien Purchase Agreement<br>2 Bethesda Metro Center<br>14th Floor<br>Bethesda, MD 20814 |
| Johnny Appleseed's Inc.<br>30 Tozer Road<br>Beverly, MA 01915 | UBS AG<br>As Admin Agent For Abl Credit Agreement<br>677 Washington Boulevard<br>Stamford, CT 06912 |
| Johnny Appleseed's Inc.<br>30 Tozer Road<br>Beverly, MA 01915 | Wilmington Trust FSB<br>As Admin Agent For First Lien Credit Agreement<br>50 South Sixth Street<br>Suite 1290<br>Minneapolis , MN 55402 |
| Draper's & Damon's Acquisition, LLC<br>138 Conant Street, 3rd flr<br>Beverly, MA 01915 | American Capital, Ltd.<br>As Admin Agent For Second Lien Purchase Agreement<br>2 Bethesda Metro Center<br>14th Floor<br>Bethesda, MD 20814 |
| Draper's & Damon's Acquisition, LLC<br>138 Conant Street, 3rd flr<br>Beverly, MA 01915 | UBS AG<br>As Admin Agent For Abl Credit Agreement<br>677 Washington Boulevard<br>Stamford, CT 06912 |
| Draper's & Damon's Acquisition, LLC<br>138 Conant Street, 3rd flr<br>Beverly, MA 01915 | Wilmington Trust FSB<br>As Admin Agent For First Lien Credit Agreement<br>50 South Sixth Street<br>Suite 1290<br>Minneapolis , MN 55402 |

### Schedule H - Co-Debtor Rider

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| Draper's & Damon's LLC<br>9 Pasteur, Suite # 200<br>Irvine, CA 92618-3804 | American Capital, Ltd.<br>As Admin Agent For Second Lien Purchase Agreement<br>2 Bethesda Metro Center<br>14th Floor<br>Bethesda, MD 20814 |
| Draper's & Damon's LLC<br>9 Pasteur, Suite # 200<br>Irvine, CA 92618-3804 | UBS AG<br>As Admin Agent For Abl Credit Agreement<br>677 Washington Boulevard<br>Stamford, CT 06912 |
| Draper's & Damon's LLC<br>9 Pasteur, Suite # 200<br>Irvine, CA 92618-3804 | Wilmington Trust FSB<br>As Admin Agent For First Lien Credit Agreement<br>50 South Sixth Street<br>Suite 1290<br>Minneapolis , MN 55402 |
| NTO Acquisition Corporation<br>30 Tozer Road<br>Beverly, MA 01915 | American Capital, Ltd.<br>As Admin Agent For Second Lien Purchase Agreement<br>2 Bethesda Metro Center<br>14th Floor<br>Bethesda, MD 20814 |
| NTO Acquisition Corporation<br>30 Tozer Road<br>Beverly, MA 01915 | UBS AG<br>As Admin Agent For Abl Credit Agreement<br>677 Washington Boulevard<br>Stamford, CT 06912 |
| NTO Acquisition Corporation<br>30 Tozer Road<br>Beverly, MA 01915 | Wilmington Trust FSB<br>As Admin Agent For First Lien Credit Agreement<br>50 South Sixth Street<br>Suite 1290<br>Minneapolis , MN 55402 |
| Norm Thompson Outfitters, Inc<br>3188 NW Aloclek Drive<br>Hillsboro, OR 97124 | American Capital, Ltd.<br>As Admin Agent For Second Lien Purchase Agreement<br>2 Bethesda Metro Center<br>14th Floor<br>Bethesda, MD 20814 |
| Norm Thompson Outfitters, Inc<br>3188 NW Aloclek Drive<br>Hillsboro, OR 97124 | UBS AG<br>As Admin Agent For Abl Credit Agreement<br>677 Washington Boulevard<br>Stamford, CT 06912 |
| Norm Thompson Outfitters, Inc<br>3188 NW Aloclek Drive<br>Hillsboro, OR 97124 | Wilmington Trust FSB<br>As Admin Agent For First Lien Credit Agreement<br>50 South Sixth Street<br>Suite 1290<br>Minneapolis , MN 55402 |
| Blair, LLC<br>220 Hickory Street<br>Warren, PA 16366 | American Capital, Ltd.<br>As Admin Agent For Second Lien Purchase Agreement<br>2 Bethesda Metro Center<br>14th Floor<br>Bethesda, MD 20814 |
| Blair, LLC<br>220 Hickory Street<br>Warren, PA 16366 | UBS AG<br>As Admin Agent For Abl Credit Agreement<br>677 Washington Boulevard<br>Stamford, CT 06912 |
| Blair, LLC<br>220 Hickory Street<br>Warren, PA 16366 | Wilmington Trust FSB<br>As Admin Agent For First Lien Credit Agreement<br>50 South Sixth Street<br>Suite 1290<br>Minneapolis , MN 55402 |

**Schedule H - Co-Debtor Rider**

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| Blair Holdings, Inc.<br>220 Hickory Street<br>Warren, PA 16366 | American Capital, Ltd.<br>As Admin Agent For Second Lien Purchase Agreement<br>2 Bethesda Metro Center<br>14th Floor<br>Bethesda, MD 20814 |
| Blair Holdings, Inc.<br>220 Hickory Street<br>Warren, PA 16366 | UBS AG<br>As Admin Agent For Abl Credit Agreement<br>677 Washington Boulevard<br>Stamford, CT 06912 |
| Blair Holdings, Inc.<br>220 Hickory Street<br>Warren, PA 16366 | Wilmington Trust FSB<br>As Admin Agent For First Lien Credit Agreement<br>50 South Sixth Street<br>Suite 1290<br>Minneapolis , MN 55402 |
| Blair Factoring Company, Inc.<br>220 Hickory Street<br>Warren, PA 16366 | American Capital, Ltd.<br>As Admin Agent For Second Lien Purchase Agreement<br>2 Bethesda Metro Center<br>14th Floor<br>Bethesda, MD 20814 |
| Blair Factoring Company, Inc.<br>220 Hickory Street<br>Warren, PA 16366 | UBS AG<br>As Admin Agent For Abl Credit Agreement<br>677 Washington Boulevard<br>Stamford, CT 06912 |
| Blair Factoring Company, Inc.<br>220 Hickory Street<br>Warren, PA 16366 | Wilmington Trust FSB<br>As Admin Agent For First Lien Credit Agreement<br>50 South Sixth Street<br>Suite 1290<br>Minneapolis , MN 55402 |
| Blair Credit Services Corporation<br>220 Hickory Street<br>Warren, PA 16366 | American Capital, Ltd.<br>As Admin Agent For Second Lien Purchase Agreement<br>2 Bethesda Metro Center<br>14th Floor<br>Bethesda, MD 20814 |
| Blair Credit Services Corporation<br>220 Hickory Street<br>Warren, PA 16366 | UBS AG<br>As Admin Agent For Abl Credit Agreement<br>677 Washington Boulevard<br>Stamford, CT 06912 |
| Blair Credit Services Corporation<br>220 Hickory Street<br>Warren, PA 16366 | Wilmington Trust FSB<br>As Admin Agent For First Lien Credit Agreement<br>50 South Sixth Street<br>Suite 1290<br>Minneapolis , MN 55402 |
| Blair International Holdings, Inc.<br>220 Hickory Street<br>Warren, PA 16366 | American Capital, Ltd.<br>As Admin Agent For Second Lien Purchase Agreement<br>2 Bethesda Metro Center<br>14th Floor<br>Bethesda, MD 20814 |
| Blair International Holdings, Inc.<br>220 Hickory Street<br>Warren, PA 16366 | UBS AG<br>As Admin Agent For Abl Credit Agreement<br>677 Washington Boulevard<br>Stamford, CT 06912 |
| Blair International Holdings, Inc.<br>220 Hickory Street<br>Warren, PA 16366 | Wilmington Trust FSB<br>As Admin Agent For First Lien Credit Agreement<br>50 South Sixth Street<br>Suite 1290<br>Minneapolis , MN 55402 |

**Schedule H - Co-Debtor Rider**

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| Blair Payroll, LLC<br>220 Hickory Street<br>Warren, PA 16366 | American Capital, Ltd.<br>As Admin Agent For Second Lien Purchase Agreement<br>2 Bethesda Metro Center<br>14th Floor<br>Bethesda, MD 20814 |
| Blair Payroll, LLC<br>220 Hickory Street<br>Warren, PA 16366 | UBS AG<br>As Admin Agent For Abl Credit Agreement<br>677 Washington Boulevard<br>Stamford, CT 06912 |
| Blair Payroll, LLC<br>220 Hickory Street<br>Warren, PA 16366 | Wilmington Trust FSB<br>As Admin Agent For First Lien Credit Agreement<br>50 South Sixth Street<br>Suite 1290<br>Minneapolis , MN 55402 |
| Arizona Mail Order Company, Inc.<br>7840 East Broadway Blvd., Suite 200<br>Tucson, AZ 85710 | American Capital, Ltd.<br>As Admin Agent For Second Lien Purchase Agreement<br>2 Bethesda Metro Center<br>14th Floor<br>Bethesda, MD 20814 |
| Arizona Mail Order Company, Inc.<br>7840 East Broadway Blvd., Suite 200<br>Tucson, AZ 85710 | UBS AG<br>As Admin Agent For Abl Credit Agreement<br>677 Washington Boulevard<br>Stamford, CT 06912 |
| Arizona Mail Order Company, Inc.<br>7840 East Broadway Blvd., Suite 200<br>Tucson, AZ 85710 | Wilmington Trust FSB<br>As Admin Agent For First Lien Credit Agreement<br>50 South Sixth Street<br>Suite 1290<br>Minneapolis , MN 55402 |
| Bedford Fair Apparel, Inc.<br>7840 East Broadway Blvd., Suite 200<br>Tucson, AZ 85710 | American Capital, Ltd.<br>As Admin Agent For Second Lien Purchase Agreement<br>2 Bethesda Metro Center<br>14th Floor<br>Bethesda, MD 20814 |
| Bedford Fair Apparel, Inc.<br>7840 East Broadway Blvd., Suite 200<br>Tucson, AZ 85710 | UBS AG<br>As Admin Agent For Abl Credit Agreement<br>677 Washington Boulevard<br>Stamford, CT 06912 |
| Bedford Fair Apparel, Inc.<br>7840 East Broadway Blvd., Suite 200<br>Tucson, AZ 85710 | Wilmington Trust FSB<br>As Admin Agent For First Lien Credit Agreement<br>50 South Sixth Street<br>Suite 1290<br>Minneapolis , MN 55402 |
| LM&B Catalog, Inc.<br>7840 East Broadway Blvd., Suite 200<br>Tucson, AZ 85710 | American Capital, Ltd.<br>As Admin Agent For Second Lien Purchase Agreement<br>2 Bethesda Metro Center<br>14th Floor<br>Bethesda, MD 20814 |
| LM&B Catalog, Inc.<br>7840 East Broadway Blvd., Suite 200<br>Tucson, AZ 85710 | UBS AG<br>As Admin Agent For Abl Credit Agreement<br>677 Washington Boulevard<br>Stamford, CT 06912 |
| LM&B Catalog, Inc.<br>7840 East Broadway Blvd., Suite 200<br>Tucson, AZ 85710 | Wilmington Trust FSB<br>As Admin Agent For First Lien Credit Agreement<br>50 South Sixth Street<br>Suite 1290<br>Minneapolis , MN 55402 |

**Schedule H - Co-Debtor Rider**

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| Monterey Bay Clothing Company, Inc.<br>30 Tozer Road<br>Beverly, MA 01915 | American Capital, Ltd.<br>As Admin Agent For Second Lien Purchase Agreement<br>2 Bethesda Metro Center<br>14th Floor<br>Bethesda, MD 20814 |
| Monterey Bay Clothing Company, Inc.<br>30 Tozer Road<br>Beverly, MA 01915 | UBS AG<br>As Admin Agent For Abl Credit Agreement<br>677 Washington Boulevard<br>Stamford, CT 06912 |
| Monterey Bay Clothing Company, Inc.<br>30 Tozer Road<br>Beverly, MA 01915 | Wilmington Trust FSB<br>As Admin Agent For First Lien Credit Agreement<br>50 South Sixth Street<br>Suite 1290<br>Minneapolis , MN 55402 |
| Gold Violin LLC<br>138 Conant Street, 3rd flr<br>Beverly, MA 01915 | American Capital, Ltd.<br>As Admin Agent For Second Lien Purchase Agreement<br>2 Bethesda Metro Center<br>14th Floor<br>Bethesda, MD 20814 |
| Gold Violin LLC<br>138 Conant Street, 3rd flr<br>Beverly, MA 01915 | UBS AG<br>As Admin Agent For Abl Credit Agreement<br>677 Washington Boulevard<br>Stamford, CT 06912 |
| Gold Violin LLC<br>138 Conant Street, 3rd flr<br>Beverly, MA 01915 | Wilmington Trust FSB<br>As Admin Agent For First Lien Credit Agreement<br>50 South Sixth Street<br>Suite 1290<br>Minneapolis , MN 55402 |
| Haband Acquisition, LLC<br>138 Conant Street, 3rd flr<br>Beverly, MA 01915 | American Capital, Ltd.<br>As Admin Agent For Second Lien Purchase Agreement<br>2 Bethesda Metro Center<br>14th Floor<br>Bethesda, MD 20814 |
| Haband Acquisition, LLC<br>138 Conant Street, 3rd flr<br>Beverly, MA 01915 | UBS AG<br>As Admin Agent For Abl Credit Agreement<br>677 Washington Boulevard<br>Stamford, CT 06912 |
| Haband Acquisition, LLC<br>138 Conant Street, 3rd flr<br>Beverly, MA 01915 | Wilmington Trust FSB<br>As Admin Agent For First Lien Credit Agreement<br>50 South Sixth Street<br>Suite 1290<br>Minneapolis , MN 55402 |
| Haband Oaks, LP<br>110 Bauer Drive<br>Oakland, NJ 07436 | American Capital, Ltd.<br>As Admin Agent For Second Lien Purchase Agreement<br>2 Bethesda Metro Center<br>14th Floor<br>Bethesda, MD 20814 |
| Haband Oaks, LP<br>110 Bauer Drive<br>Oakland, NJ 07436 | UBS AG<br>As Admin Agent For Abl Credit Agreement<br>677 Washington Boulevard<br>Stamford, CT 06912 |
| Haband Oaks, LP<br>110 Bauer Drive<br>Oakland, NJ 07436 | Wilmington Trust FSB<br>As Admin Agent For First Lien Credit Agreement<br>50 South Sixth Street<br>Suite 1290<br>Minneapolis , MN 55402 |

**Schedule H - Co-Debtor Rider**

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| Haband Operations, LLC<br>110 Bauer Drive<br>Oakland, NJ 07436 | American Capital, Ltd.<br>As Admin Agent For Second Lien Purchase Agreement<br>2 Bethesda Metro Center<br>14th Floor<br>Bethesda, MD 20814 |
| Haband Operations, LLC<br>110 Bauer Drive<br>Oakland, NJ 07436 | UBS AG<br>As Admin Agent For Abl Credit Agreement<br>677 Washington Boulevard<br>Stamford, CT 06912 |
| Haband Operations, LLC<br>110 Bauer Drive<br>Oakland, NJ 07436 | Wilmington Trust FSB<br>As Admin Agent For First Lien Credit Agreement<br>50 South Sixth Street<br>Suite 1290<br>Minneapolis , MN 55402 |
| Haband Company, LLC<br>110 Bauer Drive<br>Oakland, NJ 07436 | American Capital, Ltd.<br>As Admin Agent For Second Lien Purchase Agreement<br>2 Bethesda Metro Center<br>14th Floor<br>Bethesda, MD 20814 |
| Haband Company, LLC<br>110 Bauer Drive<br>Oakland, NJ 07436 | UBS AG<br>As Admin Agent For Abl Credit Agreement<br>677 Washington Boulevard<br>Stamford, CT 06912 |
| Haband Company, LLC<br>110 Bauer Drive<br>Oakland, NJ 07436 | Wilmington Trust FSB<br>As Admin Agent For First Lien Credit Agreement<br>50 South Sixth Street<br>Suite 1290<br>Minneapolis , MN 55402 |
| Haband Online, LLC<br>110 Bauer Drive<br>Oakland, NJ 07436 | American Capital, Ltd.<br>As Admin Agent For Second Lien Purchase Agreement<br>2 Bethesda Metro Center<br>14th Floor<br>Bethesda, MD 20814 |
| Haband Online, LLC<br>110 Bauer Drive<br>Oakland, NJ 07436 | UBS AG<br>As Admin Agent For Abl Credit Agreement<br>677 Washington Boulevard<br>Stamford, CT 06912 |
| Haband Online, LLC<br>110 Bauer Drive<br>Oakland, NJ 07436 | Wilmington Trust FSB<br>As Admin Agent For First Lien Credit Agreement<br>50 South Sixth Street<br>Suite 1290<br>Minneapolis , MN 55402 |
| Fairview Advertising, Inc.<br>110 Bauer Drive<br>Oakland, NJ 07436 | American Capital, Ltd.<br>As Admin Agent For Second Lien Purchase Agreement<br>2 Bethesda Metro Center<br>14th Floor<br>Bethesda, MD 20814 |
| Fairview Advertising, Inc.<br>110 Bauer Drive<br>Oakland, NJ 07436 | UBS AG<br>As Admin Agent For Abl Credit Agreement<br>677 Washington Boulevard<br>Stamford, CT 06912 |
| Fairview Advertising, Inc.<br>110 Bauer Drive<br>Oakland, NJ 07436 | Wilmington Trust FSB<br>As Admin Agent For First Lien Credit Agreement<br>50 South Sixth Street<br>Suite 1290<br>Minneapolis , MN 55402 |

### Schedule H - Co-Debtor Rider

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| Orchard Brands Insurance Agency, LLC<br>138 Conant Street, 3rd flr<br>Beverly, MA 01915 | American Capital, Ltd.<br>As Admin Agent For Second Lien Purchase Agreement<br>2 Bethesda Metro Center<br>14th Floor<br>Bethesda, MD 20814 |
| Orchard Brands Insurance Agency, LLC<br>138 Conant Street, 3rd flr<br>Beverly, MA 01915 | UBS AG<br>As Admin Agent For Abl Credit Agreement<br>677 Washington Boulevard<br>Stamford, CT 06912 |
| Orchard Brands Insurance Agency, LLC<br>138 Conant Street, 3rd flr<br>Beverly, MA 01915 | Wilmington Trust FSB<br>As Admin Agent For First Lien Credit Agreement<br>50 South Sixth Street<br>Suite 1290<br>Minneapolis , MN 55402 |
| LinenSource Acquisition, LLC<br>30 Tozer Road<br>Beverly, MA 01915 | American Capital, Ltd.<br>As Admin Agent For Second Lien Purchase Agreement<br>2 Bethesda Metro Center<br>14th Floor<br>Bethesda, MD 20814 |
| LinenSource Acquisition, LLC<br>30 Tozer Road<br>Beverly, MA 01915 | UBS AG<br>As Admin Agent For Abl Credit Agreement<br>677 Washington Boulevard<br>Stamford, CT 06912 |
| LinenSource Acquisition, LLC<br>30 Tozer Road<br>Beverly, MA 01915 | Wilmington Trust FSB<br>As Admin Agent For First Lien Credit Agreement<br>50 South Sixth Street<br>Suite 1290<br>Minneapolis , MN 55402 |
| Wintersilks, LLC<br>30 Tozer Road<br>Beverly, MA 01915 | American Capital, Ltd.<br>As Admin Agent For Second Lien Purchase Agreement<br>2 Bethesda Metro Center<br>14th Floor<br>Bethesda, MD 20814 |
| Wintersilks, LLC<br>30 Tozer Road<br>Beverly, MA 01915 | UBS AG<br>As Admin Agent For Abl Credit Agreement<br>677 Washington Boulevard<br>Stamford, CT 06912 |
| Wintersilks, LLC<br>30 Tozer Road<br>Beverly, MA 01915 | Wilmington Trust FSB<br>As Admin Agent For First Lien Credit Agreement<br>50 South Sixth Street<br>Suite 1290<br>Minneapolis , MN 55402 |

In re : Appleseed's Intermediate Holdings LLC                    Case No. 11-10160 (KG)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____          Signature: _____
                                                                        Debtor

Date _____          Signature: _____
                                                                (Joint Debtor, if any)

[If joint case, both spouses must sign.]

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any,                Social Security No.
of Bankruptcy Petition Preparer                         (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

Address

X _____          _____
Signature of Bankruptcy Petition Preparer                Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the <u>Chief Executive Officer and Assistant Secretary</u> [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership] of the <u>Corporation</u> [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date____2/9/2011_____          Signature : _____

                                                       T. Neale Attenborough
                                                       [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.*