IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| APPLESEED'S INTERMEDIATE HOLDINGS LLC, et al.,[1] | ) Case No. 11-10160 (KG) |
| Debtors. | ) Jointly Administered |
| | ) **Related to Docket Nos. 15, 45** |

## FINAL ORDER DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES

Upon the motion (the "*Motion*")[2] of the Debtors for entry of a final order (this "*Order*") pursuant to sections 105(a) and 366 of the Bankruptcy Code, (a) determining that the Utility Providers have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code, (b) approving the Proposed Adequate Assurance, including the Adequate Assurance Deposit and related Adequate Assurance Procedures, (c) prohibiting the Utility Providers from altering, refusing or discontinuing services on account of prepetition amounts outstanding or on account of any perceived inadequacy of the Debtors' proposed

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Appleseed's Intermediate Holdings LLC (6322); Appleseed's Acquisition, Inc. (5835); Appleseed's Holdings, Inc. (9117); Arizona Mail Order Company, Inc. (6359); Bedford Fair Apparel, Inc. (3551); Blair Credit Services Corporation (5966); Blair Factoring Company (4679); Blair Holdings, Inc. (0022); Blair International Holdings, Inc. (8962); Blair LLC (1670); Blair Payroll, LLC (1670); Draper's & Damon's Acquisition LLC (1760); Draper's & Damon's LLC (2759); Fairview Advertising, LLC (2877); Gold Violin LLC (0873); Haband Acquisition LLC (8765); Haband Company LLC (8496); Haband Oaks, LP (8036); Haband Online, LLC (1109); Haband Operations, LLC (2794); Johnny Appleseed's, Inc. (5560); Linen Source Acquisition LLC (2920); LM&B Catalog, Inc. (5729); Monterey Bay Clothing Company, Inc. (2076); Norm Thompson Outfitters, Inc. (8344); NTO Acquisition Corporation (0995); Orchard Brands Insurance Agency LLC (4858); and Wintersilks, LLC (0688). The Debtors' main corporate address is 138 Conant Street, Beverly, Massachusetts 01915.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

adequate assurance and (d) determining that the Debtors are not required to provide any additional adequate assurance beyond what is proposed by the Motion, all as further described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and the Court having entered the *Interim Order Determining Adequate Assurance of Payment for Future Utility Services and Setting a Final Hearing* [Docket No. 45] (the "***Interim Order***"); and the Debtors having deposited the Adequate Assurance Deposit, in the amount of $300,000, into the Utility Deposit Account pursuant to the Interim Order; and a hearing having been held to consider the relief requested in the Motion (the "***Hearing***"); and upon consideration of the First Day Declaration, the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Motion is granted on a final basis to the extent provided herein.

2. The relief provided in the Interim Order is approved on a final basis.

3. All Utility Providers are prohibited from altering, refusing or discontinuing service to the Debtors on account of any unpaid prepetition charges or the commencement of these chapter 11 cases, and the Adequate Assurance Deposit, together with the Debtors' ability to

pay for future utility services in the ordinary course of business, shall constitute adequate assurance of future payment as required by section 366(b) of the Bankruptcy Code.

4. The Debtors are authorized, in their sole discretion, to amend the Utility Service List to add or delete any Utility Provider. The Utility Service List is attached hereto as **Exhibit 1**. This Order shall apply to any such Utility Provider that is subsequently added to the Utility Service List, and the Debtors shall add to the Adequate Assurance Deposit an amount equal to the estimated projected amount of two weeks of utility service for each subsequently-added Utility Provider.

5. The Debtors are authorized to resolve, in their sole discretion, any request by a Utility Provider for additional or different adequate assurance of future payment (each, a "*Request*") by mutual agreement with any Utility Provider and without further order of the Court and, in connection with any such agreement, in their sole discretion, provide a Utility Provider with additional adequate assurance of payment, including cash deposits, prepayments and other forms of security, without further order of this Court if the Debtors believe such additional adequate assurance is reasonable.

6. For those Utility Providers that are added to the Utility Service List after the seventh day before the Final Hearing or after entry of the Final Order, the Debtors will serve a copy of the Motion, this Order, the Utility Service List and the Notice of Final Hearing, if applicable, on such subsequently added Utility Provider. Such subsequently added entity shall then have until 14 days from the date of service of such materials to file a Request and serve it upon the following parties: (a) the Debtors, 138 Conant Street, Beverly, Massachusetts 01915, Attn: Daniel Ramsey (b) proposed counsel for the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Brian E. Schartz; (c) proposed co-counsel for the

Debtors, Klehr Harrison Harvey Branzburg LLP, 919 North Market Street, Suite 1000, Wilmington, Delaware 19801, Attn: Domenic E. Pacitti.

7. The Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors on the earlier of (a) the Debtors' termination of services from such provider or (b) the occurrence of the effective date of a plan of reorganization or liquidation in these chapter 11 cases, if not applied earlier.

8. The Debtors shall serve a copy of this Order on each Utility Provider listed on the Utility Service List within two business days of the date when this Order is entered.

9. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or the assumption or adoption of any agreement, contract or lease under section 365 of the Bankruptcy Code.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11. Notwithstanding Bankruptcy Rule 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date: Feb. 17, 2011
Wilmington, Delaware

Honorable Kevin Gross
United States Bankruptcy Judge