IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>APPLESEED'S INTERMEDIATE<br>HOLDINGS LLC, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case Nos. 11-10160 (KG), *et seq.*<br>(jointly administered)<br><br>**Hearing date: April 14, 2011 at 2:30 p.m**<br>**Objections due: April 7, 2011 at 4:00 p.m.** |

**BARRY HARRIS STUDIO INC.'S MOTION FOR
DETERMINATION THAT THE AUTOMATIC STAY DOES NOT APPLY
TO RIGHTS AND REMEDIES REGARDING CERTAIN INTELLECTUAL PROPERTY**

Barry Harris Studio Inc. ("Movant"), by its undersigned counsel, files this Motion For Determination That the Automatic Stay Does Not Apply to Rights and Remedies Regarding Certain Intellectual Property, and in support hereof states as follows:

JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409(a). The statutory basis for the relief requested in this motion is 11 U.S.C. §§ 362, 541, and 105.

BACKGROUND

2. On January 19, 2011 (the "Petition Date"), Appleseed's Intermediate Holdings LLC and certain of its affiliated debtors (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Since the Petition Date, the Debtors have managed their affairs and remained in possession of their assets as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3. Movant is engaged in the business of celebrity, fashion and advertising photography, regular working with various magazines, retailers, advertising agencies, and designers. On numerous occasions, Movant was engaged by one or more of the Debtors to take photographs that the Debtors might purchase for use in the Debtors' catalogs. Photography is a skilled occupation and Movant supplied its own tools (i.e., cameras and lighting), worked in its own studios, hired and paid its own employees and assistants, and was not be assigned additional work absent further agreement with the Debtors. The Debtors had minimal, if any, control over Movant's creative process. The Debtors are an important customer to Movant, but Movant has other customers and is not exclusively devoted to providing these services to the Debtors.

4. There was no master contract between the parties, and each of Movant's engagements by the Debtors was governed by a written invoice that Movant regularly sent the Debtors.

5. On the Petition Date, the Debtors were in possession, and continue to possess, numerous photographs that belong to Movant (the "Photographs"). In the absence of an agreement to the contrary, Movant is the legal and rightful owner of the Photographs. After each photo shoot, Movant delivered an invoice to the Debtors offering to sell certain of the Photographs arising from that shoot in accordance with the following:

> PAYMENT OF THIS INVOICE GRANTS RE-PRODUCTION RIGHTS FOR THE USAGE STATED ABOVE. ANY OTHER USAGE IS PROHIBITED WITHOUT CONSENT. PHOTOGRAPHS REMAIN THE SOLE PROPERTY OF THE PHOTOGRAPHER.

6. On the Petition Date, the Debtors failed to pay for certain of the Photographs. It is nevertheless Movant's understanding that the Debtors intend to use and publish some or all of the Photographs for its own benefit without making such payment.

RELIEF REQUESTED AND BASIS THEREFOR

7. By this Motion, Movant seeks a determination that the automatic stay does not apply to any action by Movant to bar the Debtors from using or publishing the Photographs or to compel the Debtors to return all evidence of the Photographs.

8. Section 362(a) of the Bankruptcy Code effectuates a stay of, *inter alia*, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," and "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. § 362(a)(3) and (a)(6). The automatic stay, however, is not applicable to actions that neither take possession of estate property nor exercise control over it. *See Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 21 (1995). Here, the automatic stay does not apply, because the Photographs do not constitute property of the estate.

9. "Property of the estate" is defined by § 541 of the Bankruptcy Code as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). The Supreme Court has held that the parameters of a debtor's interest are determined by state and federal non-bankruptcy law. *See Butner v. United States*, 440 U.S. 48, 55 (1979). This includes intangible and transitory property, such as intellectual property, and in this case, the applicable non-bankruptcy law that must be considered to determine ownership of the Photographs is federal copyright law.

10. Federal copyright law is codified at title 17 of the United States Code (the "Copyright Act"). A photograph is subject to copyright protection pursuant to § 102(a) so long as it has sufficient idicia of originality. 17 U.S.C. § 102(a). *See also Kaplan v. Stock Mkt. Photo Agency, Inc.*, 133 F. Supp. 2d 317, 323 (S.D.N.Y. 2001) (noting that such elements as lighting,

shading, positioning, and timing contribute to the originality of a photograph). Section 201 of the Copyright Act states that ownership vests initially in the creator of the work, subject to certain exceptions and conditions subsequent inapplicable to the instant case. *See generally, Cmty. For Creative Non-Violence v. Reid*, 490 U.S. 730 (1989).

11. Moreover, subsection (d) of 17 U.S.C. § 201 provides that the ownership of a copyright may be transferred by the owner. Not only did Movant not transfer ownership here, but transfer of ownership was never contemplated. Rather, there was an express procedure for licensing the reproduction of the Photographs directly in each of the invoices issued by Movant:

12. "Copyright owners possess certain exclusive rights, including the right to distribute or authorize the distribution of copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership." *In re Valley Media, Inc.,* 279 B.R. 105, 134 (Bankr. D.Del. 2002) (citing 17 U.S.C. § 106(3)). As noted above, Movant has neither transferred these rights nor licensed them to the Debtors.

13. Under the circumstances it is appropriate for the Debtors to use Movant's Photographs. The Debtors have no interest in the Photographs and their bankruptcy estates should not be permitted to use them. The fact that Movant was induced to create the Photographs before the Petition Date rather than after the Petition Date is immaterial. To the extent that the Debtors violate Movant's copyrights and use them, Movant is entitled to legal and equitable relief. And to the extent that the Photographs are not property of the estate, the automatic stay does not bar Movant from enforcing those rights.

14. Finally, to the extent Article IV section E of the Debtor's Joint Plan of Reorganization (the "Plan"), "Vesting of Assets in the Reorganized Debtors" seeks to transfer

the Photographs to the Reorganized Debtors (as defined in the Plan), Movant reserves its rights to object to the Plan on that basis.

15. The Debtors' only interest in the Photographs is a possessory interest. Because of the potentially severe consequences of inadvertent violations of the automatic stay, Movant is requesting that the Court determine that the automatic stay does not impair Movant's exercise of its rights and remedies in connection with postpetition use, reproduction, and publication of the Photographs. To the extent that the Court finds, for whatever reason, that the automatic stay does apply to such exercise, Movant requests that the Court terminate the automatic stay to the extent necessary or appropriate.

## NOTICE

16. Copies of this Motion and notice hereof have been served upon counsel for the Debtors, the Official Committee of Unsecured Creditors, the United States Trustee, and any other parties entitled to notice in accordance with Del. Bankr.LR 2002-1. Movant believes that this notice is appropriate and requests that the Court consider the merits of this Motion accordingly.

WHEREFORE, for the foregoing reasons, Movant respectfully requests that this Court enter an Order:

(A) Determining that the Photographs are not property of the Debtors or their estates and that the automatic stay does not apply to Movant's exercise of its rights and remedies under applicable non-bankruptcy law to prohibit the Debtors' postpetition use, reproduction, and publication of the Photographs and/or to recover damages on account of same;

(B) Compelling the Debtors to return all of the Photographs and all copies thereof; and

(C) Granting Movant such other and further relief as this Court deems just and proper.

Dated: March 28, 2011  
       Wilmington, Delaware

Respectfully submitted,

PINCKNEY, HARRIS & WEIDINGER, LLC

 /s/ **Adam Hiller**
Adam Hiller (DE No. 4105)
Kevin M. Capuzzi (DE No. 5462)
1220 North Market Street, Suite 950
Wilmington, Delaware 19801
(302) 504-1497 telephone
(302) 442-7046 facsimile

*Attorneys for Movant*