**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>APPLESEED'S INTERMEDIATE<br>HOLDINGS LLC, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 11-10160 (KG)<br><br>(Jointly Administered)<br><br>Hearing Date: April 14, 2011 at 2:30 PM<br>Objection Date: April 7, 2011<br>Docket Nos. 356, 529, 532 & 533 |

**ORACLE'S RESERVATION OF RIGHT TO DEBTORS' PLAN SUPPLEMENT FILED IN CONNECTION WITH THE JOINT PLAN OF REORGANIZATION OF APPLESEED'S INTERMEDIATE HOLDINGS LLC AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE
("RESERVATION OF RIGHTS")**

Oracle America, Inc., successor in interest to Art Technology, Inc., Oracle USA, Inc. and Oracle Corporation ("Oracle"), a creditor and contract counter-party in the above-captioned jointly administered Chapter 11 cases, submits this Reservation of Rights to Appleseed's Intermediate Holdings, LLC, *et al.*'s ("Debtors") Plan Supplement ("Plan Supplement") filed in connection with the Joint Plan of Reorganization of Appleseed's Intermediate Holdings LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code ("Plan"), stating:

**I.  INTRODUCTION**

1.  On April 1, 2011, the Debtors filed their Plan Supplement. Exhibit A to the Plan Supplement identifies those executory contracts the Debtors intend to assume pursuant to the Plan ("Assumption Schedule").

2.  The Assumption Schedule identifies one Art Technology, Inc. ("ATG") contract with a corresponding cure amount of $11,020.00 and three Oracle USA, Inc. contracts with a corresponding cure amount of $1,171.04 (collectively the "Oracle Agreements").

3.  Based on the information provided, and given the short time frame in which to respond to the Plan Supplement (essentially three business days), Oracle is unable to determine at this time the

accuracy of the stated cure, especially with respect to the ATG contract. Oracle has been attempting to reconcile the cure amount identified in the Plan Supplement, since receipt.

4. However, given the imminent deadline, Oracle files this Reservation of Rights to preserve its right to be heard on the cure and proposed assumption, pending the conclusion of its investigation.

5. Therefore, Oracle requests that the Court deny, at this time, the Debtors' request for assumption of the Oracle Agreements, in the absence of first obtaining Oracle's consent, and paying the total cure amount owed, once determined.

## II. ARGUMENT

### A. With Respect to the Oracle Agreements, the Assumption Schedule May Fail to Provide for Payment to Oracle of All Cure Amounts Owed Prior to the Proposed Assumption.

6. The Debtors cannot assume the Oracle Agreements until all arrearages thereunder are tendered, which payment is a precondition to Oracle's consent to the proposed assignments.

7. As noted above, Oracle is in the process of reconciling the cure amounts identified. Until the appropriate cure amount is paid, Oracle withholds its consent to assumption of the Oracle Agreements. *See* 11 U.S.C. § 365(b) (1) (A).

### B. The Proposed Oracle Contract Assumption Reflected in the Assumption Schedule Should Be Denied Because Debtors Fail to Provide Adequate Assurance of a Prompt Payment of All Sums Owed and of Future Performance Under the Contract.

8. Section 365(b) of the Bankruptcy Code sets forth specific prerequisites that must be met before a trustee/debtor can assume an executory contract, including (1) curing (or providing adequate assurance of a prompt cure of) any defaults under the subject contracts, and (2) providing adequate assurance of future performance under the contract. Absent the foregoing, the executory contract may not be assumed.

9. At this time, Oracle is unable to determine whether Debtors have complied, or will comply, with the protections of section 365(b)(1) since, among other things, there may be discrepancy in

2

the Debtors' and Oracle's records regarding the appropriate cure owed to Oracle, payment of which is a precondition to assumption of the Oracle Agreements.

### III. CONCLUSION

10. Oracle requests that prior to allowing the proposed contract assumptions: (a) all sums owed in cure under the Oracle Agreements be paid; and (b) Debtors provide adequate assurance of future performance, as required under the Bankruptcy Code.

Dated: April 7, 2011
      Wilmington, Delaware

Respectfully Submitted,
**MARGOLIS EDELSTEIN**

/s/ James E. Huggett
James E. Huggett (DE3956)
750 Shipyard Drive, Suite 102
Wilmington, Delaware 19801
Telephone: (302) 888-1112
Facsimile: (302) 888-1119
E-mail: jhuggett@margolisedelstein.com

Amish R. Doshi, Esq.
**MAGNOZZI & KYE, LLP**
One Expressway Plaza
Roslyn Heights, New York 11577
Telephone: (516) 299-5556
Facsimile: (516) 299-5598
E-Mail: adoshi@magnozzikye.com

Shawn M. Christianson, Esq. (CSB #114707)
**BUCHALTER NEMER P.C.**
333 Market Street, 25th Floor
San Francisco, California 94105-2126
Telephone: (415) 227-0900
Facsimile: (415) 227-0770

Deborah Miller, Esq. (CSB #95527)
Jim Maroulis, Esq. (CSB #208316)
**ORACLE AMERICA, INC.**
500 Oracle Parkway
Redwood City, California 94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114

Attorneys for Oracle America, Inc.