IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In RE: Appleseed's Intermediate Holdings LLC, et al**.**, Debtors. | : | Chapter 11 |
| | : | Case No. 11-10160 (KG) |
| | : | (jointly administered) |
| | : | |
| | : | Related to Docket No. 965 |
| | : | **Objection Deadline: December 28, 2011** |
| | : | **Hearing Date: pending** |
| | : | |

**THE STATE OF OHIO, DEPARTMENT OF TAXATION'S MOTION TO STAY PROCEEDING ON THE REORGANIZED DEBTORS' TWELFTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN NO LIABILITY CLAIMS PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007**

Pursuant to the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."),

Rule 5011 and LBR 5011-1, the State of Ohio, Department of Taxation ("ODT") hereby

moves this Court, to stay *Reorganized Debtors' Twelfth Omnibus Objection (Substantive)*

*to Certain, No Liability Claims* (Doc 965) (the "Objection") *,* as follows:

*BACKGROUND*

1.      On July 18, 2011 ODT filed twenty-eight (28) claims ("Claims") for Ohio's

        commercial activity tax ("CAT").

2.      On  October 13, 2011 the Reorganized Debtors (the "Debtors") its Objection

        (Doc. 965) to ODT's Commercial Activity Tax ("CAT") claims but more

        specifically, Debtors challenged the Constitutionality of CAT.

3.      On December 5, 2011, ODT filed its *Response* (Doc 1019)[1] to the Objection.

4.      On December 7, 2011, because the Objection has mounted federal constitutional

        challenges to CAT, ODT is simultaneously (with this motion) filing a *Motion for*

---

[1] This document is incorporated, herein, as if fully rewritten.

*Mandatory Withdrawal of the Reference Pursuant to 11 U.S.C. § 157(d)*

*Regarding All Issues Relating to Debtors' Objection to the Ohio Commercial*

*Activity Tax Claims* ("Withdrawal Motion")(Doc 1022) and, a *Motion to*

*Determine Whether Debtors' Objection to the Ohio Commercial Activity Tax*

*Claims is a Core or Non-Core Proceeding* ("Determination Motion")(Doc 1024).
[2]

### *RELIEF SOUGHT: STAY OBJECTION PROCEEDING PENDING REMOVAL OF THE REFERENCE*

5.      ODT seeks a stay on any disposition of the Objection while the aforementioned

Withdrawal Motion and Determination Motion are pending and, until such time as

they can be adjudicated and, resolved.

### *AUTHORITY FOR RELIEF*

6.      First, in pertinent part, Fed. R. Bankr. P. 5011 provides that  "[T]he filing of a

motion for withdrawal of a case . . . shall not stay the administration of the case or

any proceeding therein before the bankruptcy judge *except* that the bankruptcy

judge may stay, on such terms and conditions as are proper, proceedings pending

disposition of the motion."  (Emphasis added).

7.      Since ODT has substantially eliminated all of the "Title 11" issues within the

Objection, through the withdrawal of those claims, the books and records

---

[2] These documents are incorporated, herein, as if fully rewritten.

objection is moot[3]. Therefore, the constitutional challenge(s) to CAT is(are) the sole issue(s) which were raised by the Objection, and which remain.

8.  Pursuant to Fed. R. Bankr. P. 5011, the moving party bears the burden of proof in demonstrating to this Court that a stay of these proceedings pending a determination of the Removal Motion would be proper.

9.  In determining whether to grant a stay, pending removal of the reference, the Court must consider the following four factors:  (1) the likelihood that the party seeking the stay will prevail on the merits of the removal motion; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.  *Miller v. Vigilant Ins. Co.*, (In re Eagle Enters.) 259 B.R. 83, 86-87 (Bankr. E.D. Pa, 2001).

10.  In this instance, ODT's Withdrawal Motion  is mandatory since the only substantive issue remaining in the Objection is the constitutional challenge to CAT.

11.  The reference must be removed pursuant to 28 U.S.C. § 157(d), as this challenge most certainly involves ". . . *laws of the United States regulating organizations or activities affecting interstate commerce*";  ODT submits that it will likely prevail on its Withdrawal Motion and has met its burden with respect to the first factor.

12.  ODT would be irrevocably prejudiced by a premature disallowance of its Claims by this Court pending resolution of the constitutional challenge to Ohio's tax statutes related to Tax. Moreover, the challenge may impact other debtor cases in

---

[3] The Debtors and ODT continue to negotiate a stipulation of the facts and issues to be resolved; it is likely to be that the sole issue will be the constitutional challenges to CAT.  Additionally, many of the involved claims have been with drawn. (See, Response (Doc 1019).)

which ODT has filed CAT claims. ODT submits it has satisfied the second factor of the test.

13.    The Debtors will not be substantially harmed by staying the Objection[4]  In this case the plan of reorganization was confirmed on April 14, 2011 (Doc. 649). Pursuant to 11 U.S.C. § 1123, the plan must provide for allowed claims whether or not those claims are impaired. It is therefore logical that a stay of proceedings related to the Objection will have no negative impact on the Debtors or the administration of this case.  ODT submits the third factor is satisfied.

14.    Moreover, the public interest will be served by staying the Objection pending the litigation of the instant constitutional challenge because a determination of the constitutional issue may impact other debtor cases involving CAT claims pending in the U.S. Bankruptcy Court for the District of Delaware as well as other courts across the country.

15.    It would seem impractical, if not impossible, to proceed on the Objection until the constitutionality issue is resolved.[5]  Other commercial persons and entities against which the commercial activities tax has been levied will be guided by any decision regarding the constitutionality of the statute.  An adverse ruling could lead to refund requests, amendment or withdrawal of claims in numerous bankruptcy cases, and bankruptcy debtors seeking refunds after taxes have been paid, some pursuant to agreed orders.

---

[5] Interstate taxes such as CAT are "rooted in the commerce clause" and, precisely of the sort that "Congress had in mind when it enacted the statutory withdrawal provision" in 28 USC § 157(d).  *Hatzel & Buehler, Inc. v. Orange & Rockland Utils.*, 107 B.R. 34, 38 (D. Del. 1989)

*CONCLUSION*

16.    ODT submits that it has met its burden with respect to the four factors necessary

to stay the Objection proceedings pending the withdrawal of the reference

pursuant to Fed. R. Bankr. P. 5011 and resolution of the constitutional challenges

related to the CAT Claims as outlined herein.


WHEREFORE, ODT respectfully requests that the Court enter an Order staying

further litigation of the Objection until such time as the Withdrawal Motion (Doc 1022),

the Determination Motion (Doc 1024) and the constitutional challenges lodged against

CAT are resolved.


Date: December 7, 2011

Respectfully submitted,


/s/ Robert L. Doty                              /s/ Donn D. Rosenblum
Robert L. Doty (OH#0047216)          Donn D. Rosenblum (OH#0016552)
Assistant Attorney General                 Principal Assistant Attorney General
Collections Enforcement Section         Collections Enforcement Section
One Government Center, Suite 1240    150 East Gay Street, 21st Floor
Toledo, Ohio  43604-2261                  Columbus, OH 43215
Telephone:  (419) 245-2550               Telephone (614) 728-5754
Facsimile:  (877) 626-9294                 Facsimile (877) 591-5768
Robert.Doty@ohioattorneygeneral.gov   Donn.Rosenblum@ohioattorneygeneral.gov

Counsel for Ohio Department of Taxation    Counsel for Ohio Department of Taxation

### *Certificate of Service*

I hereby certify that on December 7, 2011, copies of the foregoing *Motion to Stay Reorganized Debtors' Twelfth Omnibus Objection (Substantive) to Certain, No Liability Claims* was served via email or ECF upon the following:

**US Mail**

Domenic E. Pacitti
Michael W. Yurkewicz
Margaret M. Manning
Klehr Harrison Harvey Branzburg LLP
919 Market Street, Suite 1000
Wilmington, DE 19801-3062

Martin I. Eisenstein
Matthew P. Schaefer
Brann & Isaacson, LLP
184 Main Street
PO Box 3070
Lewiston, ME 04243-3070

United States Trustee
844 King Street, Room 2207
Lockbox #35
Wilmington, DE 19899-0035

Brent Ian
Weisenberg, Cooley LLP
1114 Avenue of the Americas
New York, NY 10036
Representative of the Official
Committee of Unsecured Creditors

**ECF**
*All parties eligible to so receive notice.

/s/Robert L. Doty
Robert L. Doty (0047216)
Assistant Attorney General