**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | : | |
| | : | Chapter 11 |
| APPLESEED'S INTERMEDIATE | : | |
| HOLDINGS LLC, et al., | : | Case No. 11-10160(KG) |
| | : | (Jointly Administered) |
| Reorganized Debtors. | : | |
| _____ | : | |

**REVISED[1] MEMORANDUM OPINION GRANTING WITH
PREJUDICE THE MOTION TO WITHDRAW PROOFS
OF CLAIM FILED BY THE OHIO DEPARTMENT OF TAX**

The parties to the present dispute are locked in an interesting, maneuvering and procedural struggle. It is best to go directly to the background and facts before the Court comments further.

**BACKGROUND**

On January 19, 2011, Appleseed's Intermediate Holdings LLC, *et al*. (the "Debtors") filed Petitions for relief under Chapter 11 of the Bankruptcy Code. The Court thereafter confirmed a plan of reorganization on April 1, 2011. On July 18, 2011, the claimant, the State of Ohio Department of Taxation ("ODT") timely filed a priority tax claim seeking $290,969 and a general unsecured claim of $156,863 (the "ODT Claim") for commercial activities taxes ("CAT"), penalties, and interest, allegedly imposed pursuant to an Ohio statute. The Reorganized Debtors thereafter objected to the ODT Claim and asked the Court to disallow or expunge it (the "Objection") (D.I. 965). The Debtors based their Objection on arguments that the tax violated the Commerce Clause of the United States Constitution for reasons not germane here.

---

[1] The revision deletes the last two sentences of the original Memorandum Opinion at D.I. 1247.

When the Debtors sought a prompt disposition of the ODT Claim, ODT began motion practice before the District Court, delaying a determination of the validity of the ODT Claim. ODT filed a Motion to Dismiss or Abstain in the District Court. The Debtors moved for judgment on the pleadings. By Order dated April 6, 2012, the District Court referred the case back to this Court to manage discovery and ascertain the genuine issues of material fact before scheduling the matter for trial in the District Court. The District Court denied ODT's Motion to Reconsider the Order.

ODT now seeks to withdraw the ODT Claim with prejudice on the principal grounds that the Department has cancelled the tax assessment, rendering the claim unenforceable under 11 U.S.C. § 502(b) (the "Motion to Withdraw") (D.I. 1200). The Debtors promptly filed their response opposing withdrawal unless they "will not have to incur in the future the expense and the burden they have already incurred to litigate" the legal issues implicated by the ODT Claim and providing a proposed form of order permitting ODT to withdraw the ODT Claim (the "Proposed Order") (D.I. 1203). At the October 11, 2012 status conference, the parties disagreed as to the appropriate language and scope of the Proposed Order. At the Court's request, the parties submitted letter memoranda briefing three provisions of the Proposed Order, of which only two remain in dispute (D. I. 1214, 1218, 1219, 1220).[2]

The parties focus their arguments on paragraph 8 of the Debtors' Proposed Order:

The Department shall not issue any CAT assessments against any of the Reorganized Debtors, and shall withdraw any CAT assessments against any of the Reorganized Debtors, either individually or in any combination as a "Combined Group," for any period prior to or after the filing of the petition, based on the

---

[2] The Debtors' letter memorandum dated October 19, 2012, indicates that, under the circumstances, the Debtors have no objection to removal of the third provision finding that "the legal and factual bases set forth in the Objection and Motion establish just cause for the relief granted herein; and any objections to the requested relief [have] been withdrawn or overruled on the merits." Proposed Order 2. In any event, the Court will omit the language in question from the Proposed Order for the reasons discussed below.

> argument, advanced as a basis for the assessments and Proofs of Claim in this matter, that the Reorganized Debtor has "bright line presence" pursuant to Ohio Rev. Code 5751.01(I)(3).

Proposed Order ¶ 8. The Debtors argue that this language is consistent with the relief sought in the Objection and resolves the sole legal issue presented. In response, ODT denies that the matter is ripe for decision and raises a host of constitutional, jurisdictional, and procedural concerns with what it describes as an injunction on prospective post-petition assessment liability. In short, the parties disagree as to the appropriate scope and preclusive effect of an order permitting the voluntary withdrawal of the ODT claim.

The second dispute concerns proposed language in the recitals describing "the relief requested" in the Debtors' Objection as a "core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B)." Proposed Order 1-2. The Debtors argue that this proceeding is properly characterized as core under that provision because it concerns the allowance or disallowance of claims against the estate, and their Objection to the ODT claim triggered the Court's obligation to allow or disallow it under 11 U.S.C. § 502(b)(1). ODT asserts that the proceeding is non-core to the extent it requires the Court to decide the constitutionality of the CAT. According to ODT, the proposed language of paragraph 8 improperly precludes prospective CAT assessment on the Debtors, operates as a substantive ruling on the constitutional question, and renders this proceeding non-core.

For the reasons that follow, the Court will grant ODT's Motion to Withdraw. The order will not provide for issue preclusion pursuant to the proposed paragraph 8 or the alternative language submitted in the Debtors' letter memorandum, dated October 19, 2012. The Court cannot condition withdrawal of the ODT Claim on language directly or indirectly precluding ODT from assessing future CAT taxes on the Debtors. Absent full litigation of the Debtors'

constitutional challenge, the Court is not prepared to issue a procedural order that operates as a substantive ruling. Future assessments of CAT liability must stand or fall on their own merits.

Further, while the Court agrees that this proceeding is core under § 157, the order will not include language characterizing it as a substantive ruling that grants the relief requested in the Objection. The Court does not reach the question of the constitutionality of the Ohio CAT and makes no comment on that issue. The order operates as a procedural grant of ODT's Motion to Withdraw with prejudice. Accordingly, the order does not address, and need not refer to, the relief requested in the Objection.

## JURISDICTION

The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b). As discussed in greater detail below, this is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409. The predicate for the relief requested herein is Federal Rule of Bankruptcy 3006.

## DISCUSSION

### *Voluntary Withdrawal of a Proof of Claim under Bankruptcy Rule 3006*

Voluntary withdrawal of a proof of claim is governed by Federal Rule of Bankruptcy Procedure 3006. The rule provides in relevant part:

> A creditor may withdraw a claim as of right by filing a notice of withdrawal, except as provided in this rule. If after a creditor has filed a proof of claim an objection is filed thereto or a complaint is filed against that creditor in an adversary proceeding, or the creditor has accepted or rejected the plan or otherwise has participated significantly in the case, the creditor may not withdraw the claim except on order of the court after a hearing....The order of the court shall contain such terms and conditions as the court deems proper.

Fed. R. Bankr. P. 3006. Bankruptcy courts look to Federal Rule of Civil Procedure 41 for guidance in deciding whether to permit withdrawal. *See In re Kaiser Group Intern., Inc.*, 272

B.R. 852, 855 (Bankr. D. Del. 2002) ("[T]he same considerations used by courts analyzing voluntary dismissal under Federal Rule 41 should be used in determining the question of withdrawal under Bankruptcy Rule 3006."). Courts have "broad equitable discretion" in this analysis under Rule 41. *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255-56 (11th Cir. 2001).

The chief inquiry is whether the debtor will suffer some legal prejudice if the claim is withdrawn. *See In re Lowenschuss*, 67 F.3d 1394, 1399 (9th Cir. 1995) (upholding reversal of Nevada Bankruptcy Court's denial of request for conditional withdrawal due to the Bankruptcy Court's failure to properly consider prejudice to the parties resulting from such withdrawal); *see also Kaiser,* 272 B.R. at 855-56. Legal prejudice implicates the "rights and defenses available to the defendant in future litigation." *Id.* at 855 (citing *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 97 (9th Cir. 1996) (defining legal prejudice as "prejudice to some legal interest, legal claim or legal argument")). "Legal prejudice is not satisfied by the inconvenience of facing a second lawsuit, loss of choice of forum, loss of a tactical advantage, and dismissal at an early stage of the proceeding." *In re County of Orange*, 203 B.R. 977, 982 (Bankr. C. D. Cal. 1996) (citing *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982); T*empleton v. Nedlloyd Lines*, 901 F.2d 1273, 1275–76 (5th Cir. 1990); *Westlands Water Dist. v. Patterson*, 900 F. Supp. 1304, 1311 (E.D. Cal. 1995)); *see also Lowenschuss*, 67 F.3d at 1399-1400 (noting that mere prospect of a second lawsuit does not constitute "plain prejudice" sufficient to deny dismissal of a claim). The burden is on the party opposing withdrawal of the claim to show actual prejudice that would result from permitting withdrawal. *See Kaiser*, 272 B.R. at 856; *In re County of Orange*, 203 B.R. at 982.

In deciding a motion to withdraw a proof of claim, courts may also consider factors such as "diligence in pursuing withdrawal of the claim, undue vexatiousness, the extent the [claim] has 'progressed,' duplication of litigation expense, explanation of the need to withdraw, delay in prosecution of the [claim], prejudice to others and the importance of the claim to the reorganization effort." 9 Collier on Bankruptcy ¶ 3006.01 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2011); *see also in re Varona*, 388 B. R. 705, 727 (Bankr. E. D. Va. 2008) (reciting non-exhaustive list of Rule 41 factors relevant in deciding motion to withdraw a proof of claim, including "the defendant's effort and expense in preparing for trial" and "whether a dispositive motion is pending"). The analysis is necessarily unique in each case. *Id.*

### Conditions to Voluntary Withdrawal of a Claim under Bankruptcy Rule 3006

An order granting withdrawal may include "such terms and conditions as the court deems proper." Fed. R. Bankr. P. 3006. "[C]ourts have generally limited the conditions as necessary to alleviate actual prejudice or harm to the opposing party." *Kaiser*, 272 B.R. at 856 (citing *Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991); *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1274 (5th Cir. 1990)). Such conditions to withdrawal may include providing for res judicata effect[3] based on the parties' intent in withdrawing the claim. *See Quincy Mall, Inc. v. Parisian, Inc.*, 117 F. Supp. 2d 784, 787-88 (C.D. Ill. 2000) (finding that parties' intent in withdrawing fully litigated bankruptcy claim

---

[3] Res judicata, also known as claim preclusion, applies in bankruptcy where a contested matter or adversary proceeding "provided the opportunity to litigate a given claim." *In re Nat'l Indus. Chem. Co.*, 237 B.R. 437, 441 (Bankr. N.D. Ill. 1999). The elements of claim preclusion are (1) identity of the causes of action, (2) identify of the parties, and (3) a final judgment on merits. *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 172 (3d Cir. 2004). Disposition short of trial may be "on the merits" for claim preclusion purposes even though the validity of some theories of liability, claims for relief, and defenses of the parties remain undetermined. 8 Moore's Federal Practice § 131.30(3)(a) (Matthew Bender 3d ed.). The elements of collateral estoppel, also known as issue preclusion, are (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the determination was necessary to the decision; and (4) adequate representation of the precluded party. *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006).

collaterally estopped claimant from raising identical issues in new claims); *see also Klingman v. Levinson*, 831 F.2d 1292, 1296 (7th Cir. 1987) (finding issue preclusion applicable based on the parties' intent in entering a consent decree).

***Permitting Withdrawal of the ODT Claim Will Not Legally Prejudice the Debtors***

The first issue is whether the Court should permit withdrawal of the ODT claim under Rule 3006.  The touchstone is legal prejudice.  ODT, seeking to withdraw *with prejudice*, argues that withdrawal will not prejudice the Debtors because ODT cannot reassert the CAT assessments at issue: the claim bar date has passed, the Reorganization Plan enjoins future collection of such claims, and the claims are unenforceable (and would presumptively be disallowed) under 11 U.S.C. § 502(b)(1)) because ODT cancelled the assessments.  The Debtors do not dispute that withdrawal with prejudice will remove any prospect of liability for the ODT Claim or future claims asserting the same underlying tax liability.  As an initial matter, the Court finds that withdrawal of ODT Claim will not legally prejudice the Debtors.

***The Court Will Not Condition Withdrawal of the Claim on Issue Preclusion of the Constitutional Question Raised in the Debtors' Objection***

The Debtors ask the Court to condition withdrawal on language providing for issue preclusion.  Paragraph 8 of the Proposed Order would prohibit ODT from issuing "any CAT assessments against any of the Reorganized Debtors…for any period prior to or after the filing of the petition, based on the argument, advanced as a basis for the assessments and Proofs of Claim in this matter, that the Reorganized Debtor has "bright line presence" pursuant to Ohio Rev. Code 5751.01(I)(3)."  This exercise of the Court's discretion under Rule 3006 is warranted, the Debtors argue, because withdrawal of the ODT Claim with prejudice is consistent with issue preclusion concerning their constitutional claims.  In support, the Debtors cite to claim

7

withdrawal cases providing for or recognizing issue preclusion.  The Debtors also point to the significant legal costs and delay caused by ODT's protracted motion practice challenging federal jurisdiction and its last-minute Motion to Withdraw just prior to a hearing on the substantive issue raised in the Debtors' Objection.

For the reasons discussed below, the Court finds these arguments unpersuasive.  First, at least one requirement of issue preclusion is absent.  The Court has not found any cases demonstrating that issue preclusion is appropriate here.  Second, providing for issue preclusion raises serious constitutional and jurisdictional concerns.  ODT's delay in withdrawing the claim cannot overcome these concerns or justify ignoring them.

### *The Court is Not Satisfied that the Issue has been Actually Litigated for Preclusion Purposes*

Inclusion of paragraph 8 in the Proposed Order would inappropriately condition withdrawal of the ODT Claim on preclusion of the constitutional issue raised in the Debtors' Objection.  At least one element of issue preclusion is absent: actual litigation of the issue.[4] After over a year spent litigating jurisdictional matters, the parties have not commenced discovery on the substantive merits of the Debtors' "as applied" challenge to the constitutionality of the Ohio tax.  Absent discovery on, *inter alia*, the Debtors' activities and contacts in Ohio, ODT has not had the opportunity to color the prospective legal arguments available to defend against the Debtors' as-applied challenge.  The Court has not heard oral argument on the merits

---

[4] The Court acknowledges that discussion of res judicata and collateral estoppel is generally the function of a later court considering some earlier disposition of claims or issues.  Nevertheless, consideration of the appropriate scope of the Proposed Order is aided by application of these doctrines.  The Court's discussion here reaches only the "fully litigated" element of collateral estoppel.

or issued findings, preliminary or otherwise. Thus, the Court finds that the issue has not been actually litigated.[5]

Moreover, the relevant claim withdrawal cases reviewed by the Court do not show that issue preclusion is appropriate here. The Debtors' argument relies on a materially distinguishable case. In *Quincy Mall*, the district court considered the preclusive effect of a consent judgment to dismissal of a proof of claim with prejudice. *See Quincy Mall, Inc. v. Parisian, Inc.*, 117 F. Supp. 2d 784, 787-88 (C.D. Ill. 2000). The bankruptcy court had conditioned withdrawal based on the claimant's statement that withdrawal was "the same resolution as if the claim had been litigated and found in [the debtor's] favor." *Id*. at 788. The district court found that issue preclusion applied because the parties "could have reasonably foreseen that the Bankruptcy Court's order would have conclusive effect" and "all triable issues, including damages, were fully litigated before the Bankruptcy Court for collateral estoppel purposes." *Id*. Here, ODT has similarly represented that withdrawal with prejudice "will accomplish the very same result sought through the Objection," but no discovery has taken place and the parties dispute the appropriate preclusive effect of withdrawing the ODT Claim. *Quincy Mall* recognized issue preclusion under materially different circumstances.

By comparison, under more analogous circumstances, the bankruptcy court in *In re Einstein/Noah Bagel* declined to condition withdrawal on issue preclusion. *See In re Einstein/Noah Bagel Corp.* 257 B.R. 499, 510-11 (Bankr. D. Ariz. 2000). The court rejected a request for an order precluding the claimant from asserting claims arising out of the same legal

---

[5] The Debtors assert that the actual litigation prong of issue preclusion is met because the Objection raised a sole issue of constitutional law, the Debtors conceded the facts as alleged by ODT, and dispositive motions on the issue are pending. But ODT vigorously disputes that the matter is ripe for decision absent discovery. The parties' arguments and defenses may evolve as facts are ascertained. Moreover, ODT's litigation efforts have focused almost entirely on issues of federal jurisdiction, not the substantive merits of the ODT Claim.

issues against non-debtor parties. *Id.* The court explained that the "issue was never actually litigated….No discovery has occurred and no findings, preliminary or otherwise, have been made." Thus, the court concluded, "[a]ny future ramifications of any future claims against non-debtors are better dealt with in a concrete rather than hypothetical context." *Id.* at 511. As here, the court faced the question of issue preclusion, absent actual litigation of the issue, of hypothetical future claims likely to raise different operative facts. *Quincy Mall* and *Einstein* are consistent with the basic requirement that an issue must be actually litigated to establish issue preclusion.

### *Constitutional Concerns Counsel Against Conditioning Withdrawal on Issue Preclusion*

Second, the proposed paragraph 8 triggers serious constitutional concerns. It contemplates resolution of the constitutional issue raised in the Debtors' Objection with respect to "any CAT assessments…for any period prior to or after the filing of the petition." That language raises the spectre of an unconstitutional advisory opinion on prospective tax liability for which there is no case or controversy before the Court. *See In re KMART Corp.*, 359 B.R. 189, 198-200 (Bankr. N. D. Ill. 2005) (explaining bankruptcy court's concern with "being put in the position of rendering advice to a future court on how to view the relative strengths of the positions of the parties before that court"). Absent actual litigation, an order expressly or impliedly enjoining prospective taxes assessed on the constitutional basis challenged by the Debtors is an inappropriate advisory opinion.[6]

---

[6] The Debtors propose an alternative paragraph 8 reading in relevant part: "[T]his dismissal with prejudice conclusively resolves the issue raised in the Objection that the Reorganized Debtor companies are not subject to the CAT solely on the ground that any of that any of them…has 'bright line presence' pursuant to Ohio Rev. Code 57751.01(I)(3)." Letter Mem. 5 (D.I. 1214). On the surface, the alternative language alleviates some concern about court-ordered injunctive relief, but it contemplates essentially the same preclusive effect. Thus, for the reasons discussed herein, the Court declines to condition withdrawal on the alternative proposal.

ODT also asserts various constitutional and jurisdictional concerns based on the doctrine of constitutional avoidance, the Tax Injunction Act, underlying principles of comity and federalism, and mandatory and permissive abstention principles codified in 28 U.S.C. § 1334(c)(1) and (2).   At the October 11, 2012 hearing, ODT indicated that the underlying constitutional issue raised in the Debtors' Objection is currently before the Ohio Board of Tax Appeals and predicted that the Supreme Court of Ohio or the United States Supreme Court would ultimately rule on the issue.  Tr. 9, 12, 20.  The Court agrees that adjudication of the issue in Ohio is preferable to a Delaware bankruptcy court issuing the substantive relief sought by Debtors in an order permitting withdrawal of the ODT Claim.   Accordingly, without venturing into a detailed analysis of the arguments made in ODT's Motion to Dismiss or Abstain and the Debtors' Response, the Court finds that the asserted constitutional and jurisdictional concerns counsel against conditioning withdrawal on an understanding that issue preclusion would apply to future, prospective tax liability.

***The Court Will Not Condition Withdrawal of the Claim Based on ODT's Admitted Delay***

ODT's delay in withdrawing the claim cannot justify conditioning withdrawal of the ODT Claim on issue preclusion.  But the Court agrees that the delay imposed a substantial and unnecessary burden on the Debtors and the courts[7] and is sympathetic to the Debtors' wish to leverage the returns from over a year of motion practice and the expenditure of considerable

---

[7] The record reflects that the Department spent over a year in motion practice since filing the ODT Claim and led the parties into District Court and back again before seeking withdrawal.  The Department concedes that the Motion to Withdraw – filed just days before this Court would have held the first substantive hearing on this matter – "could have been filed earlier." Mot. ¶ 18.  The Motion relies on the assertion that cancellation of the CAT assessments renders the claim unenforceable.  But ODT could have cancelled the claim months ago.  In short, the Department said "never mind" only after causing the Debtors and the courts to expend significant time and resources on the claim.

money, time and energy.[8]   Indeed, in their Response to the Motion to Withdraw, the Debtors

indicate that they do not consent to withdrawal unless they "will not have to incur in the future

the same expense and burden to litigate CAT issues."   The Court notes that ODT has stipulated

that the ODT Claim and the underlying pre-petition tax assessments spanning several years are

cancelled.   There is no danger of renewed assessments or claims for the period in question in

another forum and exceptional circumstances do not exist.

### This is a Core Proceeding under § 157, but the Order Does Not Reach the Substantive Issue Raised in the Objection

The parties dispute whether the order properly characterizes this proceeding, including

"the relief requested" in the Objection, as a core proceeding under 11 U.S.C. § 157.  The Court

agrees that the ODT Claim and the Debtors' Objection would comprise a core proceeding under

§ 157(b)(2)(B) because they concern the allowance or disallowance of a claim against the estate.

However, only the Motion to Withdraw is presently before the Court, and it is not a core matter.

The Court does not reach the question of the constitutionality of the Ohio CAT tax

challenged by the Debtors and will not provide for issue preclusion on this question.[9]  The order

---

[8] Although the Court would entertain a request by the Debtors for attorneys' fees, it appears that fees are not available under the circumstances.  Under the applicable Rule 41(a)(2), attorneys' fees are generally not awarded to a plaintiff who obtains dismissal with prejudice because the "defendant cannot be made to defend again." *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985); *see also Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965); 9 Wright & Miller, Federal Practice and Procedure § 2366, at 180 (3d ed. 2010).  The purpose of attorneys' fees is generally to reimburse the defendants for litigation costs in view of the risk of duplicative litigation expenses.  *Id.*  Thus, attorneys' fees are "almost never" awarded when the plaintiff will not face the claims again, although some courts have indicated that "exceptional circumstances" or independent statutory authority could justify fees.  *Colombrito v. Kelly*, 764 F.2d 122, 133-34 (2d Cir. 1985); *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) (declining to award attorneys' fees absent exceptional circumstances such as "when a litigant makes a repeated practice of bringing claims and then dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system").

[9] The Debtors argue that the requested relief is a core proceeding because, upon an objection to a claim, 11 U.S.C. § 502(b) requires a court to determine whether the claim is "unenforceable…under applicable law."  But the proceeding currently concerns withdrawal of a claim and conditions thereto, not the "requested relief" of a ruling on the enforceability of the tax under applicable law.  As explained above, the Court cannot volunteer a substantive ruling on that issue as a condition to withdrawal.

operates as a procedural ruling granting ODT's Motion to Withdraw with prejudice, not a grant of the substantive relief sought in the Objection.

## **CONCLUSION**

The Court will issue an Order granting the Motion to Withdraw the ODT Claim under Rule 3006 in accordance with the above.

Dated:  December 20, 2012

KEVIN GROSS, U.S.B.J.